# EXHIBIT B

Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>Defendants. | Case No. 24-449<br><br>**DEFENDANT GANNETT CO., INC.'S NOTICE OF REMOVAL** |

Defendant Gannett Co., Inc. ("Gannett") hereby removes the above-captioned civil action from the Iowa District Court in and for Polk County, Case No. CVCV068364 ("State Court Action"), to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; Fed. R. Civ. P. 81; and L.R. 81.

As grounds for removal, Gannett states:

1. Plaintiff President Donald J. Trump, an individual ("President Trump") filed his Petition on December 16, 2024, in the Iowa District Court for Polk County. In the State Court Action, President Trump generally alleges that Gannett and co-defendants J. Ann Selzer ("Selzer"), Selzer & Company ("S&C"), and Des Moines Register and Tribune Company ("The Register") violated the Iowa Consumer Protection Act and the Iowa Private Right of Action for Consumer Frauds Act *as codified* Iowa Code § 714H, *et seq.* (Petition, ¶¶ 53–71.)

2. Defendant Gannett has reviewed the docket in the State Court Action and determined that the following pleadings have been filed: (a) a Petition; (b) an Original Notice; and (c) a second, substantially identical copy of the Petition. Pursuant to L.R. 81(a), copies of all

filings in the State Court Action are attached to this Notice of Removal as Exhibit A and by this reference are incorporated herein.

3. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action may be removed under 28 U.S.C. § 1441. As required by Local Rule 81(a)(4), Gannett states that for purposes of removal of this action from state court and as more fully set forth below, this is an action where the amount in controversy for Plaintiff's claims exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. There is complete diversity of citizenship between the parties.

5. The Petition alleges that President Trump is a citizen of Florida. (Petition ¶ 15.) President Trump is therefore a citizen of Florida for the purposes of diversity jurisdiction.

6. The Petition alleges that Selzer is a natural person and a citizen of Iowa. (*Id.* ¶ 16.) Selzer is therefore a citizen of Iowa for the purposes of diversity jurisdiction.

7. The Petition alleges that S&C is a domestic corporation that does business in Iowa. (*Id.* ¶ 17.) Upon information and belief, S&C is an Iowa corporation with a principal place of business in West Des Moines, Iowa. S&C is therefore a citizen of Iowa for the purposes of diversity jurisdiction.

8. The Register is an Iowa corporation with a principal place of business in New York. (*Id.* ¶ 18.) The Register is therefore a citizen of Iowa and New York for the purposes of diversity jurisdiction.

9. Gannett is a Delaware corporation with a principal place of business in New York. (*Id.* ¶ 19.) Gannett is therefore a citizen of Delaware and New York for the purposes of diversity jurisdiction.

Case 4:24-cv-00449-RGE-WPK Document 1 Filed 12/02/24 Page 3 of 6

10. President Trump seeks a wide array of damages, including actual damages, statutory treble damages, and injunctive relief that would have a significant impact on Gannett and The Register's operations. The combined value of the claimed damages in this case would exceed $75,000, exclusive of costs and interest.

11. In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule, which provides that:

> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2) (emphasis added).

12. The forum-defendant rule, however, does not prohibit a defendant from removing a case where the forum defendants have not yet been served. *Id.*; *see also Tex. Brine Co., LLC*, 955 F.3d 482 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, No. 21-3817, 2023 WL 3163326, at *3 (8th Cir. May 1, 2023) (noting that Eighth Circuit has "yet to weigh in on the question," but recognizing that "many courts have held that the forum-defendant rule does not apply" if the action is removed prior to service). Removal in this manner is typically referred to as "snap removal."

13. This Court has not directly addressed snap removal; however, consistent with the cases cited above, this Notice of Removal is proper under the § 1441. Further, this case is distinguishable from other cases within the Eighth Circuit and in the Northern District of Iowa. *Cf. M & B Oil*, 2023 WL 3163326, at *2 (recognizing that "[s]nap removal has nothing to do with the complete-diversity requirement."); *Spreitzer Properties, LLC v. Travelers Corp.*, No.

Case 4:24-cv-00449-RGE-WPK Document 1 Filed 12/17/24 Page 4 of 6

21-CV-00106, 2022 WL 1137091 (N.D. Iowa Apr. 18, 2022) (remanding a snap removal case because the parties lacked complete diversity). Here, there is complete diversity between the parties as set forth above.

14. On information and belief, as of the time of this filing, none of Selzer, S&C, and/or The Register have been served.

15. Thus, because complete diversity of the parties exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) diversity jurisdiction. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). This action is properly removable to this Court pursuant to § 1441(a).

16. Based upon the allegations in Plaintiff's Petition, the proper venue for removal of this action is to the United States District Court for the Southern District of Iowa, Central Division, because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

17. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Iowa District Court for Polk County and is being served on all adverse parties.

18. Pursuant to L.R. 81(a), there are currently no motions pending in the state court that will require resolution by this Court.

19. Pursuant to L.R. 81(c), Defendants will file a disclosure statement in compliance with L.R. 7.1(d) within 21 days of filing this Notice of Removal, or at any other such time the Court orders.

20. Undersigned counsel further certifies that in accordance with 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, notice is being served upon counsel for President Trump, by electronic mail.

12. By removing this action from the Iowa District Court for Polk County, Iowa, to this Court, Defendants do not waive and specifically reserve any and all defenses available to them.

13. By removing this action from the Iowa District Court for Polk County, Iowa, to this Court, Defendants do not admit any of the allegations in the Petition.

WHEREFORE, Defendant Gannett Co., Inc. hereby gives notice that the above-entitled action is removed from the Iowa District Court in and for Polk County.

Dated: December 17, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nicholas Klinefeldt*
Nicholas Klinefeldt
*nick.klinefeldt@faegredrinker.com*
Jacob Bylund
*jacob.bylund@faegredrinker.com*
Andrew Anderson
*andrew.anderson@faegredrinker.com*
David Yoshimura
*david.yoshimura@faegredrinker.com*
Joseph Quinn
*joe.quinn@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**ATTORNEYS FOR DEFENDANT GANNETT CO., INC.**

**Certificate of Service**

The undersigned certifies that a true copy of **Defendant Gannett Co., Inc.'s Notice of Removal** was served upon all parties of record through the court's CM/ECF electronic filing system with copies to the below named individuals by electronic mail on December 17, 2024.

/s/ Paulette Ohnemus

Copy to:

EDWARD ANDREW PALTZIK
Bochner PLLC
1040 Avenue of the Americas 15th Floor
New York, NY 10018
(516) 526-0341
*edward@bochner.law*

ALAN R. OSTERGREN
Attorney at Law
Alan R. Ostergren, PC 500 East Court Avenue Suite 420
Des Moines, Iowa 50309
(515) 297-0134
*alan.ostergren@ostergrenlaw.com*

*Attorneys for Plaintiff*