**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and FOMRER STATE SENATOR BRADLEY ZAUN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br><br> J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC., <br><br><br> Defendants. | Case 4:24-cv-00449-RGE-WPK |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
REMAND TO STATE COURT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

COMBINED FACTUAL & PROCEDURAL BACKGROUND ............................................ 1

    a.    The Petition ................................................................................................. 1

    b.    Improper Removal ....................................................................................... 1

    c.    The Amended Complaint ............................................................................. 2

ARGUMENT ...................................................................................................... 2

I.   LEGAL STANDARD: THE REMOVING PARTY BEARS THE BURDEN OF
ESTABLISHING JURISDICTION AND ALL DOUBTS MUST BE RESOLVED IN
FAVOR OF REMAND ........................................................................................... 2

II.  THIS CASE MUST BE REMANDED BECAUSE THERE IS NOT COMPLETE
DIVERSITY OF CITIZENSHIP AMONG THE PARTIES ................................................ 5

III. THIS CASE MUST BE REMANDED BECAUSE GANNETT'S USE OF "SNAP"
REMOVAL VIOLATED THE FORUM-DEFENDANT RULE ............................................. 8

    a.    The Forum-Defendant Rule ......................................................................... 8

    b.    The Notice of Removal ................................................................................. 9

    c.    Snap Removal is Disfavored in the District Courts of the Eighth Circuit .............. 10

    d.    Snap Removal is Disfavored in the District Courts of the Ninth and Tenth
Circuits ............................................................................................................ 15

        i.   Ninth Circuit .................................................................................. 15

       ii.  Tenth Circuit ................................................................................. 16

    e.    Summary ..................................................................................................... 18

IV. THE COURT SHOULD AWARD PLAINTIFFS ATTORNEYS' FEES ..................... 19

CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Aghamalian v. Ourpet's Company,*
  2019 WL 13444177 (D. Col. Sept. 12, 2019)..........................................................18

*Allison v. Shelton,*
  2022 WL 4245535 (W.D. Ark. Sept. 15, 2022) .......................................................13

*Bailey v. Monsanto Co.,*
  176 F. Supp. 3d 853 (E.D. Mo. 2016) .....................................................................13

*Bank of Am., N.A. v. Fidelity Nat'l Title Grp, Inc.,*
  594 F. Supp. 3d 1234 (D. Nev. 2022)......................................................................16

*Bernstein. In re Jean B. Mcgill Revocable Living Trust,*
  2017 WL 75762 (N.D. Okla. Jan. 6, 2017) ..............................................................17

*Bernstein v. State Farm Fire and Casualty Company,*
  711 F. Supp. 3d 1282 (W.D. Okla. 2024).................................................................17

*Brake v. Reser's Fine Foods, Inc.,*
  2009 WL 213013 (E.D. Mo. Jan. 28, 2009) .............................................................14

*Cagle v. NHC HealthCare-Maryland Heights, LLC,*
  2022 WL 2833986 (E.D. Mo. July 20, 2022)...........................................................13

*Carrington Mortg. Services, LLC v. Ticor Title of Nevada, Inc.,*
  2020 WL 3892786 (D. Nev. July 20, 2020) .............................................................15

*Convent Corp. v. City of North Little Rock, Ark.,*
  784 F. 3d 479 (8th Cir. 2015) ..................................................................................19

*Czapla v. Republic Services, Inc.,*
  372 F. Supp. 3d 878 (E.D. Mo. 2019) .....................................................................13

*Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc.,*
  2020 WL 7360680 (D. Nev Dec. 14, 2020) .............................................................15

*Deutsche Bank Nat't Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v.*
*Old Republic Title Ins. Grp, Inc.,*
  532 F. Supp. 3d 1004 (D. Nev. 2021).......................................................................15

*Dresser Indus., Inc. v. Underwriters at Lloyd's of London,*
  106 F. 3d 494 (3d Cir. 1997) ................................................................................8, 9

*Filla v. Norfolk Southern Ry. Co.*,
   336 F.3d 806 (2003) ...................................................................................................... 7

*Flandro v. Chevron Pipe Line Company*,
   2019 WL 1574811 (D. Utah Apr. 11, 2019) ............................................................... 17

*Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.*,
   92 F. Supp. 2d 891 (N.D. Iowa 2000) .......................................................................... 7

*Freeman v. Hoft*,
   2022 WL 1978682 (E.D. Mo. June 6, 2022) ................................................. 11, 12, 13

*FTS Intern. Services, LLC v. Caldwell-Baker Co.*,
   2013 WL 1305330 (D. Kan Mar. 27, 2013) ............................................................... 17

*Gaarder v. Webster University*,
   2023 WL 3496133 (E.D. Mo. May 17, 2023) ............................................................ 15

*Generali v. D'Amico*,
   766 F. 2d 485 (11th Cir. 1985) ..................................................................................... 9

*Gray v. Monsanto*,
   2018 WL 488935 (E.D. Mo. Jan. 19, 2018). ....................................................... 10, 11

*Heinzen v. Monsanto Co.*,
   2018 WL 1397533 (E.D. Mo. Mar. 20, 2018) ........................................................... 13

*Hensley v. Forest Pharm.*, Inc.,
   21 F. Supp. 3d 1030 (E.D. Mo. May 14, 2014) ................................................ 11, 12, 13, 14

*Holbein v. TAW Enterprises, Inc.*,
   983 F. 3d 1049 (8th Cir. 2020) ..................................................................................... 8

*Howard v. Crossland Constr. Co., Inc.*,
   2018 WL 2463099 (N.D. Okla. June 1, 2018) ........................................................... 17

*HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Secs. Corp. Home Equity
   Loan Tr., Series 2007 MW1, Asset-Backed Pass-Through Certificates v. Fidelity Nat'l Title
   Grp, Inc.*,
   508 F. Supp. 3d 781 (D. Nev. 2020) ........................................................................... 16

*Hubbard v. Federated Mut. Ins.*,
   799 F. 3d 1224 (8th Cir. 2015) ..................................................................................... 5

*In re Bus. Men's Assurance Co. of Am.*,
992 F. 2d 181 (8th Cir. 1993) ...................................................................................... 5

*In re Prempro Products Liability Litigation*,
591 F. 3d 613 (8th Cir. 2010) ...................................................................................... 5

*Int'l Ass'n of Entrepreneurs of Am. v. Angoff*,
58 F.3d 1266 (8th Cir. 1995) ...................................................................................... 4

*Johnson v. Emerson Electric Co*.,
2013 WL 5442752 (E.D. Mo. Sept. 30, 2013) .......................................................... 15

*Johnson v. Precision Airmotive, LLC*,
2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) .............................................................. 14

*Kidwell v. DAS Acquisition Company, LLC*,
2021 WL 5564500 (E.D. Mo. Nov. 29, 2021).......................................................... 13

*Knudsen v. Systems Painters, Inc*.,
634 F. 3d 968 (8th Cir. 2011) ................................................................................. 4, 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) .................................................................................................. 4

*Laster v. Monsanto Company*,
2018 WL 1566846 (E.D. Mo. Mar. 30, 2018).......................................................... 13

*Lively v. Wild Oats Mkts., Inc.*,
456 F. 3d 933 (9th Cir. 2006) .................................................................................... 8

*Loew v. Saydel Community School District*,
2022 WL 20689730 (S.D. Iowa Nov. 16, 2022) ...................................................... 14

*Lumbermen's Mut. Cas. Co. v. Elbert*,
348 U.S. 48 (1954) .................................................................................................... 8

*M&B Oil, Inc. v. Federated Mutual Insurance Company*,
2023 WL 3163326 (8th Cir. May 1, 2023)...................................................... 6, 9, 10

*Magallan v. Zurich American Insurance Company*,
228 F. Supp. 3d 1257 (N.D. Okla. 2017)................................................................ 17

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005) ................................................................................................ 19

*McCray v. McCray Lumber Company*,
2023 WL 4684684 (D. Kan. July 21, 2023) ........................................................... 18

*McNutt v. General Motors Acceptance Corp.*,
298 U.S. 178 (1936) ..................................................................................... 4, 5

*Mikelson v. Allstate Fire and Cas. Ins. Co.*,
2017 WL 634515 (W.D. Mo. Feb. 16, 2017) .................................................... 12, 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) ................................................................................... 16, 17

*Nichols v. Harbor Venture, Inc.*,
284 F. 3d 857 (8th Cir. 2002) ............................................................................. 4

*OnePoint Solutions, LLC v. Borchert*,
486 F. 3d 342 (8th Cir. 2007) ............................................................................. 6

*Owen Equipment & Erection Co. v. Kroger*,
437 U.S. 365 (1978) ...................................................................................... 3, 7

*Perez v. Forest Labs, Inc.*,
902 F. Supp. 2d 1238 (E.D. Mo. 2012) .......................................................... 11, 12, 14

*Perfect Output of Kansas City, LLC v. Ricoh Americas Corp.*, No.,
2012 WL 2921852 (W.D. Mo. July 17, 2012) .................................................... 11, 12

*Prather v. Kindred Hosp.*,
2014 WL 7238089 (W.D. Mo. Dec. 17, 2014) ......................................................... 12

*Rhoads v. Webster University*,
2023 WL 3496134 (E.D. Mo. May 17, 2023) ......................................................... 15

*Rogers v. Boeing Aerospace Operations, Inc.*,
13 F. Supp. 3d 972 (E.D. Mo. 2014) .................................................................. 14

*Sheehan v. Gustafson*,
967 F. 2d 1214 (8th Cir. 1992) ........................................................................... 4

*Smith v. Christmas*,
2024 WL 4252961 (D.N.M. Sept. 20, 2024) ........................................................ 17

*Sparks v. Mamer*,
2020 WL 682079 (D. Nev. Nov. 20, 2020) .......................................................... 15

*Spreitzer Properties, LLC v. Travelers Corp.*,
    539 F. Supp. 3d 774 (N.D. Iowa 2022) .......................................................... 4, 7, 14

*Taylor v. Cottrell, Inc.*, 2009 WL 165427 (E.D. Mo. June 10, 2009) ......................................... 14

*Terry v. J.D. Streett & Company, Inc.*,
    2010 WL 3829201 (E.D. Mo. Sept. 23, 2010) ...................................................... 15

*Thomas v. Basham*,
    931 F. 2d 521 (8th Cir. 1991) ......................................................................... 4

*Tillman v. BNSF Railway Co.*,
    2021 WL 842600 (E.D. Mo March 5, 2021) ......................................................... 15

*Tortella v. RAKS Building Supply*,
    2024 WL 4999432 (D.N.M. Dec. 6, 2024)...................................................... 16, 17

*Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*,
    119 F. 3d 619 (8th Cir. 1997) ......................................................................... 5

*U.S. Bank, N.A., as Tr. to Wachovia Bank Nat'l Ass'n v. Fidelity Nat'l Title Grp.*,
    2024 WL5566538 (D. Nev. Nov. 29, 2021) ......................................................... 15

*U.S. Bank Tr. Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc.*,
    2021 WL 223384 (D. Nev. Jan. 22, 2021) .......................................................... 16

*U.S. v. Diamond*,
    430 F. 2d 688 (1970) ................................................................................. 9

*Wells Fargo Bank, N.A. as Tr. of Holders of Harborview Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2006-12 v. Fidelity Nat'l Title Grp., Inc.*,
    2020 WL 7388621 (D. Nev. Dec. 15, 2020) ........................................................ 16

*Wilkinson v. Shackelford*,
    478 F. 3d 957 (8th Cir. 2007) ......................................................................... 5

*Woods v. Dr Pepper Snapple Group, Inc.*,
    2020 WL 917284 (W.D. Okla. Feb. 26, 2020) ...................................................... 18

**Statutes**

Iowa Code § 714H.3 ....................................................................................... 1

Iowa R. Civ. P. § 1.302(3) ................................................................................ 9

28 U.S.C. §§ 1331 ......................................................................................... 3

28 U.S.C. § 1332 ................................................................................................................ 1, 3, 6, 7, 8

28 U.S.C. § 1441 .......................................................................................................... *passim*

28 U.S.C. § 1446 ................................................................................................................... 1, 3

28 U.S.C. § 1447 .......................................................................................................... *passim*

### *Rules*

Fed. R. Civ. P. 12 ................................................................................................................... 6

Fed. R. Civ. P. 41 ................................................................................................................. 18

### *Constitutional Provisions*

U.S. CONST., art. III, § 2 ................................................................................................... 3, 4

## **PRELIMINARY STATEMENT**

Plaintiffs, President Donald J. Trump ("President Trump"), Representative Mariannette Miller-Meeks ("Representative Miller-Meeks"), and Former State Senator Bradley Zaun ("Zaun") (collectively, "Plaintiffs") bring this Motion to Remand to State Court pursuant to 28 U.S.C. § 1447(c) (the "Motion"). The Motion must be granted for the following reasons, each of which is a sufficient basis for remand: (1) This Court lacks subject matter jurisdiction over the action because the parties are no longer completely diverse; and (2) The "snap removal" by Defendant Gannett Co., Inc. ("Gannett") violated the forum-defendant rule (28 U.S.C. § 1441(b)(2)). Accordingly, Plaintiffs respectfully request that the Court grant the Motion in its entirety, and award Plaintiffs their attorneys' fees incurred as a result of the improper removal.

## **COMBINED FACTUAL & PROCEDURAL BACKGROUND**

### a.    **The Petition**

On December 16, 2024, President Trump commenced this action again Defendants J. Ann Selzer ("Selzer"), Selzer & Company ("S&C"), Des Moines Register and Tribune Company ("DMR"), and Gannett in the Iowa District Court for Polk County. (*See* Petition and Original Notice, together **Exhibit A** to Declaration of Alan Ostergren ("Ostergren Decl."). The Petition contained one claim: a count under the Iowa Consumer Fraud Act, Iowa Code Chapter 714H, including § 714H.3(1) and related provisions.

### b.    **Improper Removal**

On December 17, 2024,[1] before any Defendants had been served, Gannett filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*See* Notice of Removal and associated documents, **Exhibit B** to Ostergren Decl.). Gannett, cherry-picking out-of-Circuit authority and

---

[1] The Notice of Removal was incorrectly dated December 17, *2023*.

1

ignoring unfavorable authority from district courts in this Circuit, and others, incorrectly claimed that pre-service removal—typically referred to as "snap removal"—was a proper exception to the forum-defendant rule.

### c.    The Amended Complaint

On January 31, 2025, President Trump, Representative Miller-Meeks, and Zaun filed their Amended Complaint in this Court against the same Defendants, with each and all of their claims and damages arising out of the same operative nucleus of facts, the same dates, and the same legal issues. (*See* Dkt. 23; **Exhibit C** to Ostergren Decl.). The Amended Complaint, like the Petition, contains only counts arising under Iowa law: the original count under the Iowa Consumer Fraud Act, together with additional counts for fraudulent misrepresentation and negligent misrepresentation. As stated in the Amended Complaint, Representative Miller-Meeks and Zaun are citizens of Iowa (Am. Compl. at ¶¶ 21-22); thus, there is no longer complete diversity in this action. On February 4, 2025, seeking to avoid waste of time, money, and judicial resources, undersigned counsel sent an email to Defendants' counsel inquiring as to whether Defendants would stipulate to remand, given the addition of Iowa citizens as Plaintiffs and the resultant loss of diversity. However, on February 7, Gannett's counsel, Nicholas A. Klinefeldt, replied: "We have no plans to stipulate to remand at this time." (*See* Motion). Mr. Klinefeldt did not cite any basis for Defendants' apparent hope to remain in federal court without subject matter jurisdiction, or otherwise elaborate. Such lack of elaboration is unsurprising because, as set forth below, there is no valid basis for this case to remain in federal court, and continued litigation in federal court without subject matter jurisdiction would be unlawful.

### ARGUMENT

**I.    LEGAL STANDARD: THE REMOVING PARTY BEARS THE BURDEN OF ESTABLISHING JURISDICTION AND ALL DOUBTS MUST BE RESOLVED IN FAVOR OF REMAND**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446, the removing party must file a notice "containing a short and plain statement of the grounds for removal" within thirty days after receiving a copy of the complaint. In turn, unless, as occurred in the case at bar, the parties agree to an extension with court approval, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

But removal is limited by the strict requirements for original jurisdiction to exist. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts have original jurisdiction only if (1) the case arises under federal law (federal question jurisdiction), or (2) more than $75,000 is in controversy and the parties are diverse (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The United States Constitution provides for federal courts to hear "Controversies . . . between Citizens of different States . . . ." U.S. CONST., art. III, § 2. Congress determined the scope of diversity jurisdiction, and accordingly, under 28 U.S.C. § 1332, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co.*, 437 U.S. at 373 (emphasis in original). Even as Congress has amended the statute conferring diversity jurisdiction, it has always left "intact this rule of complete diversity." *Id*. Thus, "[w]hatever may have been the original purposes of diversity-of-citizenship jurisdiction, the subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Id*.

In context applicable here, based on the key principle of federalism in our constitutional structure, on a motion to remand, the scales weigh heavily for remand and against removal, because the proponent of removal bears the burden of proof, and all doubts must be resolved in favor of remand. There is always a presumption in favor of remand. Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

This presumption in favor of remand and against removal derives from the command that statutes conferring diversity jurisdiction are to be strictly construed, *Sheehan v. Gustafson*, 967 F. 2d 1214, 1215 (8th Cir. 1992), as are removal statutes. *Nichols v. Harbor Venture, Inc*., 284 F. 3d 857, 861 (8th Cir. 2002); *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995). This strict construction accords with the principle that "[f]ederal courts are, by design, courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the United States Constitution and Congress." *Id*. (citing U.S. CONST., art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (stating that federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree") (cleaned up)). "[F]ederal courts are courts of limited, not general, jurisdiction." *Thomas v. Basham*, 931 F. 2d 521, 522 (8th Cir. 1991). Federal courts should therefore "presume[] that a cause lies outside this limited jurisdiction[.]" *Kokkonen*, 511 U.S. at 377.

Consistent with this limited jurisdiction, the removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Knudsen v. Systems Painters, Inc*., 634 F. 3d 968, 975 (8th Cir. 2011). "It follows the burden to establish diversity jurisdiction generally, and proper removal specifically, falls upon the party asserting jurisdiction." *Spreitzer Properties, LLC v. Travelers Corp*., 539 F. Supp. 3d 774, 780 (N.D. Iowa 2022) (citing *McNutt v.*

*General Motors Acceptance Corp.,* 298 U.S. 178, 182-183 (1936) (stating that party asserting diversity of citizenship bears the burden)); *In re Bus. Men's Assurance Co. of Am*., 992 F. 2d 181, 183 (8th Cir. 1993) ("As the party seeking removal and opposing remand, [defendant] had the burden of establishing federal subject matter jurisdiction.").

Not only does the party seeking removal or opposing remand have the burden of establishing federal jurisdiction, but also "a district court is required to resolve all doubts about federal jurisdiction *in favor of remand*." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F. 3d 619, 625 (8th Cir. 1997) (emphasis added). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Cop.,* 799 F. 3d 1224, 1227 (8th Cir. 2015) (quoting *Knudsen*, 634 F. 3d at 980); *see also In re Prempro Products Liability Litigation*, 591 F. 3d 613, 620 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F. 3d 957, 963 (8th Cir. 2007)) (same).

## II.     THIS CASE MUST BE REMANDED BECAUSE THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PARTIES

This case presents an extremely straightforward, black-and-white configuration of non-diverse party citizenship that unequivocally requires remand as a matter of law. The parties agree that, for diversity purposes, Defendants Selzer, S&C, and DMR are citizens of Iowa, Plaintiff President Trump is a citizen of Florida, and Defendant Gannett is citizen of Delaware and New York. Notice of Removal at ¶¶ 5-9. Plaintiffs Representative Miller-Meeks and Zaun are citizens of Iowa. Am. Compl. at ¶¶ 20-21. Therefore, this case has citizens of Iowa on both the Plaintiff and Defendant sides. Since there is not complete diversity of citizenship between and among the parties, this Court does not have subject matter jurisdiction, and the action must be remanded to the Iowa District Court for Polk County. There is no discretion available to the Court; with subject matter jurisdiction lacking, remand is required—full stop. As much as Defendants will try to

muddy the waters when they oppose this Motion, nothing they argue can or will alter the immutable reality that this case *cannot* remain in federal court, and in fact, continued litigation in this Court would be unlawful. This Court may not adjudicate *any* dispute in the absence of subject matter jurisdiction, let alone *this* dispute between non-diverse parties on matters of state law.

The requirement of remand is crystal clear, regardless of Defendants' refusal to concede remand when faced with non-diverse Plaintiffs. "Complete diversity of citizenship exists where no defendant holds citizenship in the state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F. 3d 342, 346 (8th Cir. 2007). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 *and* complete diversity among the litigants. Regardless of how a case got to federal court, the case *must* be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction, which means that both the amount in controversy and complete diversity requirements must be met for a case to be removed to, and remain in, federal court. 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3). Indeed, *M&B Oil, Inc. v. Federated Mutual Insurance Company*, 2023 WL 3163326 (8th Cir. May 1, 2023), cited by Gannett in the Notice of Removal, stands for this exact proposition: "Snap removal or not, an absence of complete diversity makes a federal forum unavailable." *Id*. at *3.

Since subject matter jurisdiction is a non-negotiable element for *any* case to be able to proceed in federal court, no argument that Defendants might raise can change the fact that this federal forum is categorically closed to them. As they well know, remand under 28 U.S.C. § 1447(c) is not discretionary, but rather, is mandatory: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Id*.

(emphasis added). As Section 1447(c) makes plain, [this] matter [lack of diversity] can be brought to the court at any time before final judgment is entered." *Spreitzer,* 539 F. Supp. 3d at 778.

Given Defendants' refusal to concede remand, it bears repeating that Plaintiffs, Representative Miller-Meeks and Zaun are citizens of Iowa, and Defendants, Selzer, S&C, and DMR, are also citizens of Iowa. Diversity no longer exists. It matters not whether diversity existed in the first instance. *Owen Equipment & Erection Co.*, 437 U.S. at 374 ("Thus it is clear that the respondent could not originally have brought suit in federal court . . . since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued [an Iowa defendant] initially."). In other words, loss of diversity upon amendment of a lawsuit deprives a federal district court of subject matter jurisdiction just the same as if diversity had not existed at the time the suit was commenced, because "in the plain language of the statute, the 'matter in controversy' could not be 'between . . . citizens of different States." *Id.* (quoting 28 U.S.C. § 1332(a)(1)).

Therefore, even *arguendo*, if this Court found that Gannett properly removed the case in the first instance, this Court no longer has subject matter jurisdiction. As the Eighth Circuit has observed, "[t]he language of section 1447(c) *mandates* a remand of the case (to the state court from which it was removed) whenever the district court concludes that subject-matter jurisdiction is nonexistent." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (2003) (emphasis added). This non-discretionary mandate is based on the immutable principle that "[w]hen there is a lack of complete diversity of citizenship among the parties, the Court *cannot exercise jurisdiction* over the case, and it *must be remanded* to state court where plaintiffs chose to sue defendants and where it belongs." *Spreitzer*, 539 F. Supp. 3d at 784 (granting remand for lack of diversity) (emphasis added); *see also Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.*, 92 F. Supp. 2d 891, 909

(N.D. Iowa 2000) (granting remand for lack of diversity). Accordingly, this case must be remanded to the Iowa District Court for Polk County.

## III.    THIS CASE MUST BE REMANDED BECAUSE GANNETT'S USE OF "SNAP" REMOVAL VIOLATED THE FORUM-DEFENDANT RULE

### a.    The Forum-Defendant Rule

In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule, which provides that: [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

Congress granted defendants sued in state court the right to remove the suit to federal district court if the district courts would have original jurisdiction over the action. *Holbein v. TAW Enterprises, Inc.,* 983 F. 3d 1049, 1053 (8th Cir. 2020) (citing 28 U.S.C. § 1441(b)(2)). But, when the action is "removable solely on the basis of [diversity] jurisdiction under [§] 1332(a)," the forum-defendant rule provides that the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*.

The forum-defendant rule is based on the sensible public policy "to avoid possible prejudice to an out-of-state defendant." *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) (Frankfurter, J., concurring). But "[t]he need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts., Inc*., 456 F. 3d 933, 940 (9th Cir. 2006). This rationale applies even in multi-defendant cases, where, as here, at least one defendant is a citizen of the forum state (three of the Defendants here are citizens of Iowa). *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*,

8

106 F. 3d 494, 499 (3d Cir. 1997) (noting that while "diversity jurisdiction exists because of a fear that the state tribunal would be prejudiced toward the out-of-state plaintiff or defendant, that concern is understandably allayed when that party is joined with a citizen from the forum-state").

### b.    The Notice of Removal

At the time Gannett filed to remove this action, none of the Defendants were served; nor could President Trump have been reasonably expected to effectuate service in the short window of time between filing and removal. President Trump filed the Petition at 9:03 p.m. Central Time on December 16 (*see* **Exhibit A**), the Clerk of the Polk County District Court issued the Original Notice (the equivalent of a Summons) at 8:24 a.m. Central Time on December 17 (*see* **Exhibit A**), and Gannett removed the action at 5:42 p.m. Central Time later that day (*see* ECF notification of Notice of Removal, **Exhibit D** attached to the Ostergren Decl.). Gannett acknowledged the obvious impediment of the forum-defendant, rule but incorrectly asserted that removal was proper because no defendant had been served—a practice commonly referred to as "snap removal." Notice of Removal ¶ 12. Gannett's removal was so fast that service would have been essentially impossible under Iowa procedure. *See* Iowa R. Civ. P. § 1.302(3) (requiring original notice with copy of petition to be served on defendants).

In support of its assertion, Gannett cited out-of-Circuit precedent from other Circuits that purports to support snap removal. *Id*. However, authority from one Circuit is not binding upon another Circuit or the other Circuit's district courts. *See, e.g., Generali v. D'Amico*, 766 F. 2d 485 (11th Cir. 1985) (citing *U.S. v. Diamond*, 430 F. 2d 688 (1970)). Gannett also stated that the Eighth Circuit has "yet to weigh in on the question" and that this District Court "has not directly addressed snap removal." Notice of Removal ¶¶ 12-13. The closest the Eighth Circuit has come to directly addressing snap removal was in *M&B Oil, Inc., supra.* However, in *M&B Oil*, the Eighth Circuit

decided only that a snap removed case could not stay in federal court because there was not complete diversity; the Court did not reach the merits of snap removal. *Id*. at *3. Lacking an on-point holding from the Eighth Circuit, Gannett neglected to disclose that the current majority trend in the district courts of the Eighth Circuit is against snap removal. This is also true in the district courts of the Ninth, Tenth, and Eleventh Circuits. Gannett erroneously presented a highly unsettled issue—one that has yet to be resolved in the Eighth Circuit[2] and which in fact has been trending *against* Gannett's position in this Circuit's district courts—as a settled issue. Notice of Removal ¶ 13.

Gannet's failure to disclose the prevailing trend in the sister districts of this Circuit attempted to portray to this Court  a less than full picture of the state of play on the issue. The fact that in recent years district courts in the Eighth Circuit have by and large turned away from snap removal—knowing that certain other Circuits have reached the opposite conclusion—is ample evidence that many district courts in this region have carefully considered the issue and simply do not agree with the non-binding holdings from the other Circuits. As much as Gannett prefers the interpretation of the other Circuits, Gannett's preferred interpretation of snap removal is not the prevailing view in this Circuit, with the interpretation favoring remand prevailing in this jurisdiction.

### c. Snap Removal is Disfavored in the District Courts of the Eighth Circuit

Over the last decade, a majority of the district courts in the Eighth Circuit have held against snap removal. These Courts have focused on two related issues: congressional intent to protect the forum-defendant rule and concerns about snap removal as a form of improper gamesmanship that frustrates this legislative intent. In accordance with this premise, district courts have "carved out

---

[2] "[B]ecause remand orders are generally unappealable, the Eighth Circuit has not resolved the discord." *Gray v. Monsanto*, No. 4:17-cv-2882, 2018 WL 488935 at *2 (E.D. Mo. Jan. 19, 2018).

exceptions to the 'joined and served' language of 28 U.S.C. § 1441(b)(2). *Freeman v. Hoft*, No. 4:21-CV-1424-HEA, 2022 WL 1978682, at *2 (E.D. Mo. June 6, 2022).

Courts that have focused on legislative intent have held "that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants." *Gray*, 2018 WL 488935 at *2. The leading case from this line is *Hensley v. Forest Pharm.*, Inc., 21 F. Supp. 3d 1030, 1035 (E.D. Mo. May 14, 2014) (granting remand after snap removal by non-forum defendant and noting that the "behavior here likewise seems egregious, as it appears [defendant] gained knowledge of the action, and filed its removal notice, before service could be effectuated."). Given the ability of defendants to circumvent the forum defendant rule by racing to the courthouse, "strict adherence to the language of the statute would be inconsistent with the fundamental purpose of removal and in contravention of the legislative intent behind the forum-defendant rule." *Id*. at 1036.

But opposition to snap removal in this Circuit even predates *Hensley*.

> [I]f Defendants were allowed to remove any suit based on diversity before service, lawyers or their agents could camp out at the courthouse and monitor state court filings so that they could remove state actions before service could ever be effectuated on the defendants. This is surely not what Congress intended. Moreover, the Court believes the forum defendant rule evinces Congress' intent that not all cases in which diversity of citizenship exists belongs in federal court.
>
> *Perfect Output of Kansas City, LLC v. Ricoh Americas Corp*., No. 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 n.3 (W.D. Mo. July 17, 2012) (internal citations omitted) (granting remand after snap removal by non-forum defendant).

Echoing *Perfect Output*, the Court in *Perez v. Forest Labs, Inc*. granted remand after snap removal by a non-forum defendant. 902 F. Supp. 2d 1238, 1246 (E.D. Mo. 2012). There, the Court agreed with plaintiffs' argument that "hawking the docket to effect pre-service removal of an action with

a forum defendant" was "gamesmanship" and "contrary to legislative intent relating to removal jurisdiction." *Id*. at 1243. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Id*. Reaching the same conclusion as *Perfect Output* and *Perez*, the Court in *Prather v. Kindred Hosp*., decided shortly after *Hensley*, granted remand after snap removal by a non-forum defendant. No. 14-0828-CV-W-FJG, 2014 WL 7238089, at *3 (W.D. Mo. Dec. 17, 2014) ("The Court agrees that such close monitoring of dockets so that removal is done before plaintiff has an opportunity to serve a forum defendant is counter to the intent of Congress.").

The *Hensley* approach, adopted also in *Perfect Output*, *Perez*, and *Prather*, is referred to by some courts as the "congressional intent" approach, whereby the forum-defendant rule must always be applied regardless of whether a forum defendant has been served. Almost all the cases in this line, just like *Hensley*, *Perfect Output*, *Perez*, and *Prather*, and just like the case at bar, involved remand after *snap removal by non-forum defendants*. *See, e.g., Mikelson v. Allstate Fire and Cas. Ins. Co*., No. 16-01237-CV-W-RK, 2017 WL 634515, at *4 (W.D. Mo. Feb. 16, 2017) (following *Hensley* and approving of the "congressional intent approach"); *Freeman*, 2022 WL 1978682 at *2 (referring to the "analysis [as] the 'congressional intent' approach when Defendant is engaging in procedural gamesmanship to keep the case out of state court."). This approach looks to prevent gamesmanship that frustrates congressional intent:

> The Court therefore finds that adherence to the plain language rule in this situation would be inconsistent with the purpose of, and congressional intent behind, the removal statute. Therefore, the Court applies the congressional intent approach and concludes that the forum-defendant rule applies to preclude removal based on diversity jurisdiction where there is an unserved forum defendant.

> *Mikelson*, 2017 WL 634515 at *5.

12

Within the last decade, a majority of district courts in this Circuit have followed *Hensley* and adhered to the congressional intent approach in instances of pre-service removal, with all such "snap" cases resulting in remand. *Bailey v. Monsanto Co*., 176 F. Supp. 3d 853, 866 (E.D. Mo. 2016) ("The Court believes that the *Hensley* line of cases presents the better approach, especially today, in light of state court electronic filing systems, and will follow that line of authority."); *Mikelson*, 2017 WL 634515 at *5; *Laster v. Monsanto Company*, No. 4:18-CV-397-CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018) following *Hensley* and noting "the ability of defendants to learn of lawsuits filed long before any formal service of process can occur"); *Heinzen v. Monsanto Co.*, No. 4:17-CV-2881-CAS, 2018 WL 1397533, at *3-4 (E.D. Mo. Mar. 20, 2018), ("This Court concurs with the reasoning of *Hensley* and *Bailey* . . . [g]iven the ability of defendants to learn of lawsuits filed long before any formal service of process can occur . . . ."); *Czapla v. Republic Services, Inc*., 372 F. Supp. 3d 878, 881 (E.D. Mo. 2019) ("[T]his Court has more recently narrowed its application of § 1441(b) by requiring service on at least one defendant before the case may be removed."); *Kidwell v. DAS Acquisition Company, LLC*, No. 4:21-CV-969-RLW, 2021 WL 5564500, at *2 (E.D. Mo. Nov. 29, 2021) ("This Court adopts the *Hensley* approach"); *Freeman*, 2022 WL 1978682 at *2 (forum-defendant rule "requires at least one party to have been joined and served before a defendant can snap remove."); *Cagle v. NHC HealthCare-Maryland Heights, LLC*, No. 4:21-CV-1431-RLW, 2022 WL 2833986, at *4 (E.D. Mo. July 20, 2022) ("This Court adopts the *Hensley* approach."); *Allison v. Shelton*, No. 1:22-cv-1032, 2022 WL 4245535, at *3 (W.D. Ark. Sept. 15, 2022) (following *Hensley* because "[s]trict adherence to the language of § 1441(b) would be inconsistent with the fundamental purposes of removal and would contravene the legislative intent behind the forum defendant rule.").

One court has taken a somewhat more nuanced approach, permitting snap removal *only* if at least one non-forum defendant has been served. *Rogers v. Boeing Aerospace Operations, Inc*., 13 F. Supp. 3d 972 (E.D. Mo. 2014). In *Rogers*, the Court denied remand but held that "[u]nder the plain, unambiguous language of Section 1441(b)(2), an out-of-state defendant may remove a diversity case if at least one defendant—an no forum defendant— has been served." *Id*. at 978. *Rogers* is distinguishable, since here, no defendant had been served at the time of removal. The Court even acknowledged that snap removal should not be permitted in "[i]n more egregious cases [where] an out-of-state defendant—or even a forum defendant—has 'hawked' the state court docket and removed before service to any defendant has occurred." Id. at 977 (quoting *Perez*, 902 F.Supp.2d at 1246).

Cases involving snap removal have come before the district courts of Iowa twice, but on both occasions, courts did not reach the issue. *Loew v. Saydel Community School District*, No. 4:22-CV-00250-SHL-SBJ, 2022 WL 20689730, at *2 (S.D. Iowa Nov. 16, 2022) ("The Court will save this debate for another day. Whatever the merits of snap removal, it is not the controlling issue in this case because Plaintiff waited too long to file her Motion to Remand."); *Spreitzer Properties, LLC*., 539 F. Supp. 3d at 778, 782 n. 3 (remanding case to state court after snap removal because there was no diversity to begin with, and acknowledging an "ongoing debate on whether there is a trend in favor or against snap removals."). In summary, opposition to snap removal is the majority approach in the district courts of the Eighth Circuit; tolerance of snap removal is the minority viewpoint.[3]

---

[3] A minority of district courts in the Eighth Circuit have held in favor of snap removal and denied remand, with most prior to *Hensley*, and generally involving longer periods between commencement of the action and removal than the case at bar. *See, e.g., Johnson v. Precision Airmotive, LLC*, No. 4:07-CV-1695-CDP, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) (twenty-two days after filing); *Brake v. Reser's Fine Foods, Inc*., No. 4:08-CV-1879-JCH, 2009 WL 213013 (E.D. Mo. Jan. 28, 2009) (forty-one days after filing); *Taylor v. Cottrell, Inc*., No. 4:09-CV-536-HEA, 2009

### d.   Snap Removal is Disfavored in the District Courts of the Ninth and Tenth Circuits

#### i.   *Ninth Circuit*

District courts in the Ninth Circuit tend to focus on the unfairness of snap removal. "Snap removal threatens to severely limit the plaintiff's right to choose their forum." *Deutsche Bank Nat't Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp, Inc.*, 532 F. Supp. 3d 1004, 1017 (D. Nev. 2021) (denying remand after snap removal by non-forum defendants). Congress wrote § 1441(b)(2) to protect non-forum defendants against plaintiff gamesmanship posed by fraudulent joinder of forum defendants and permitting snap removal only "encourage[s] [more] gamesmanship" from defendants. *Id*. at 1014-1018.

With limited exceptions,[4] *Deutsche Bank* is representative of the prevailing trend in the Ninth Circuit, with the issue having been primarily litigated in the District of Nevada. *Carrington Mortg. Services, LLC v. Ticor Title of Nevada, Inc*., No. 2:20-CV-699-JCM-NJK, 2020 WL 3892786 (D. Nev. July 20, 2020) (granting remand after snap removal by non-forum defendant one day after suit was filed); *Sparks v. Mamer*, No. 2:20-CV-0661-KJD-VCF, 2020 WL 682079 (D. Nev. Nov. 20,  2020) (granting remand after snap removal by forum defendant and noting that "the removal statute does not permit defendants to avoid the forum defendant rule by initiating removal prior to acceptance of service."); *Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc*., No. 2:20-CV-01606, 2020 WL 7360680 (D. Nev Dec. 14, 2020) (granting remand after snap

---

WL 165427 (E.D. Mo. June 10, 2009) (four days after filing); *Terry v. J.D. Streett & Company, Inc*., No. 4:09-CV-01471-FRB, 2010 WL 3829201 (E.D. Mo. Sept. 23, 2010) (five days after filing); *Johnson v. Emerson Electric Co*., No. 4:13-CV-1240-JAR, 2013 WL 5442752 (E.D. Mo. Sept. 30, 2013) (seven days after filing); *Tillman v. BNSF Railway Co*., No. 1:20-CV-00178-SNLJ, 2021 WL 842600 (E.D. Mo March 5, 2021) (two days after filing); *Gaarder v. Webster University*, No. 4:23-cv-00191-SEP, 2023 WL 3496133, at *2 (E.D. Mo. May 17, 2023) (six days after filing); *Rhoads v. Webster University*, No. 4:22-CV-01196-SEP, 2023 WL 3496134, at *2 (E.D. Mo. May 17, 2023) (six days after filing).

[4] *See, e.g., U.S. Bank, N.A., as Tr. to Wachovia Bank Nat'l Ass'n v. Fidelity Nat'l Title Grp, Inc*., No. 2:21-CV-00339-GMN-VCF, 2024 WL 5566538 (D. Nev. Nov. 29, 2021) (denying remand and approving of snap removal).

removal by forum defendant two days after suit filed); *Wells Fargo Bank, N.A. as Tr. of Holders of Harborview Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2006-12 v. Fidelity Nat'l Title Grp., Inc*., No. 2:20-CV-01849-APG-NJK, 2020 WL 7388621, at *3 (D. Nev. Dec. 15, 2020) (granting remand after snap removal by forum defendant two days after suit filed and disapproving of "gamesmanship" by defendants who have "suspicion of impending litigation"); *HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Secs. Corp. Home Equity Loan Tr., Series 2007 MW1, Asset-Backed Pass-Through Certificates v. Fidelity Nat'l Title Grp, Inc*., 508 F. Supp. 3d 781 (D. Nev. 2020) (granting remand after snap removal by non-forum defendant); *U.S. Bank Tr. Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc.*, No. 2:20-CV-2068-JCM-VCF, 2021 WL 223384, at *3 (D. Nev. Jan. 22, 2021) (granting remand after snap removal by non-forum defendant as it "contravenes the removal statute's purpose"); *Bank of Am., N.A. v. Fidelity Nat'l Title Grp, Inc*., 594 F. Supp. 3d 1234 (D. Nev. 2022) (granting remand after snap removal by non-forum defendant).

### ii.    Tenth Circuit

The two most recent district courts in the Tenth Circuit to consider snap removal strongly disapproved of the practice, finding it inconsistent with the Supreme Court's holding in *Murphy Bros., Inc. v. Michetti Pipe Stringing*, *Inc*., 526 U.S. 344, 350-351 (1999). As noted in the District of New Mexico, "pre-service removal here . . . is bizarre because '[i]n the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as [a] defendant.'" *Tortella v. RAKS Building Supply*, No. 24-CV-1026-WJ-JFR, 2024 WL 4999432, at *3 (D.N.M. Dec. 6, 2024) (granting remand after snap removal by forum defendant) (citing *Murphy Bros.* 526 U.S. at 350-351). This is in accord with almost every other district court in the

Tenth Circuit[5] that has weighed in on the issue of snap removal except in cases "when plaintiff makes no effort to serve the forum defendant in multi-defendant cases." *Id.* at *3. This includes the Western District of Oklahoma, which recently held that "[u]pon review of the relevant statutes and the state of the law, this Court joins with those who have concluded that service is a prerequisite for removal." *Bernstein v. State Farm Fire and Casualty Company,* 711 F. Supp. 3d 1282, 1286 (W.D. Okla. 2024) (granting remand after snap removal by non-forum defendant) (citing *Murphy Bros.,* 526 U.S. at 350-351). This has been the prevailing logic in the Tenth Circuit for over a decade, because "the language of § 1441(b) assumes at least one party has been served prior to removal." *FTS Intern. Services, LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 WL 1305330, at *2 (D. Kan Mar. 27, 2013) (granting remand after snap removal by non-forum defendant). Court in the Tenth Circuit placed considerable emphasis on service of process*,* even before *Tortella* and *Bernstein. In re Jean B. Mcgill Revocable Living Trust*, No. 16-cv-707-GKF-TLW, 2017 WL 75762, at *2 (N.D. Okla. Jan. 6, 2017) (quoting *Murphy Bros.*, 526 U.S. at 353) ("Indeed, court have long recognized the 'historic function of service of process as the official trigger for responsive action.'").

Still other courts granting remand have emphasized concern about "absurd results" flowing from snap removal, with only a small number denying remand.[6] *Flandro v. Chevron Pipe Line Company*, No. 2:18-CV-697, 2019 WL 1574811 (D. Utah Apr. 11, 2019) (granting remand and

---

[5] Plaintiffs are aware of outlier decisions in the Tenth Circuit approving snap removal and denying remand. *See, e.g., Smith v. Christmas*, No. 1:24-CV-00625-KWR-JMR, 2024 WL 4252961 (D.N.M. Sept. 20, 2024).

[6] Plaintiffs are aware of a small number of district courts in the Tenth Circuit that have countenanced snap removal, but only in the narrow circumstances where plaintiffs made no effort to timely serve a forum defendant. *See, e.g., Magallan v. Zurich American Insurance Company*, 228 F. Supp. 3d 1257, 1261 (N.D. Okla. 2017) (where a plaintiff made no attempt to serve a forum defendant for 52 days after filing suit, removal was proper); *Howard v. Crossland Constr. Co., Inc*., No. 17-CV-00480-TCK-FHM, 2018 WL 2463099, at *3 (N.D. Okla. June 1, 2018) (where "almost nine months after th[e] case was removed, the Court still ha[d] no indication that Plaintiffs ha[d] successfully served [the forum defendant]."). In the case at bar, in contrast, President Trump was not given an opportunity to serve the Defendants.

disapproving of snap removal because "courts do not countenance the absurd results flowing therefrom."). *Id.* at *6. As another court observed, "the gamesmanship will only multiply if snap removal is permitted, as after a defendant outruns the process server and arrives at federal court, that court may properly turn around and grant a plaintiff's motion for dismissal under Fed. R. Civ. P. 41, thereby permitting the plaintiff to refile in his preferred state forum." *McCray v. McCray Lumber Company*, No. 23-CV-2175-JWB, 2023 WL 4684684, at *2 (D. Kan. July 21, 2023) (granting remand after snap removal); *Aghamalian v. Ourpet's Company*, No. 19-CV-01011-RBJ, 2019 WL 13444177 (D. Col. Sept. 12, 2019) (granting remand after snap removal because removal is "absurd and bizarre" where it occurs "before the plaintiff has served any defendant, or before the plaintiff has had a reasonable opportunity to serve the forum defendant"); *Woods v. Dr Pepper Snapple Group, Inc*., No. 19-CV-1162-F, 2020 WL 917284, at *5 (W.D. Okla. Feb. 26, 2020) (granting remand after snap removal by non-forum defendant where "plaintiffs did not have a reasonable opportunity to serve [the forum defendant] prior to removal").

### e.    Summary

This case is only before the Court because Gannett "hawked" the electronic docket of the Iowa District Court for Polk County—the modern equivalent of setting up "camp" at the courthouse. Gannett removed this case to federal court in less than twenty-four hours, clearly not reasonable amount of time in which service could have been effectuated. The result—the case now comes before this Court with three forum defendants and one claim under a state consumer fraud law—is absurd and contrary to congressional intent. Snap removal is not the law in the Eighth Circuit, and, indeed, is disfavored in this Circuit. Since all doubts must be resolved in favor of remand, this Court should join with the in-Circuit majority and not countenance snap removal in the absence of binding authority authorizing the practice.

## IV.    THE COURT SHOULD AWARD PLAINTIFFS ATTORNEYS' FEES

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred [because] of the removal." 28 U.S.C. § 1447(c). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 140 (2005). An award of fees under § 1447(c) depends on the reasonableness of the removal. *Martin*, 546 U.S. at 140-141; *Convent Corp. v. City of North Little Rock, Ark*. 784 F. 3d 479, 483 (8th Cir. 2015). Here, the Court should award Plaintiffs their attorneys' fees incurred because of removal for the reasons set forth in Section III(e), *supra*, and because Defendants refused to concede remand even after there was clearly no longer diversity, and Plaintiffs' counsel requested that Defendants agree to remand in order to save time, money, and judicial resources.

### CONCLUSION

For the foregoing reasons, the Court should grant the Motion in its entirety.

Dated: February 21, 2025

Respectfully submitted,

/s/Edward Andrew Paltzik
EDWARD ANDREW PALTZIK
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law
*(admitted **pro hac vice**)*

/s/ Alan R. Ostergren
ALAN R. OSTERGREN
Attorney at Law
Alan R. Ostergren, PC
500 East Court Avenue

Suite 420
Des Moines, Iowa 50309
(515) 297-0134
alan.ostergren@ostergrenlaw.com

*Attorneys for Plaintiffs President Donald J.*
*Trump, Representative Mariannette Miller-*
*Meeks, and Former State Senator Bradley*
*Zaun*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system, with copies sent to the below-named individuals by electronic mail on February 21, 2025.

/s/ Edward Andrew Paltzik

Copy to:

Robert Corn-Revere*†
Conor T. Fitzpatrick*
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, D.C. 20003
(215) 717-3473
bob.corn-revere@thefire.org
conor.fitzpatrick@thefire.org

Greg Greubel
Adam Steinbaugh*
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
510 Walnut St., Suite 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org
adam@thefire.org

Matthew A. McGuire
(Iowa Bar No. AT0011932)
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Defendants J. Ann Selzer and
Selzer & Company*

Nicholas A. Klinefeldt
David Yoshimura
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: Nick.Klinefeldt@Faegredrinker.com
David.Yoshimura@Faegredrinker.com

*Attorneys for Defendants Des Moines
Register and Tribune company and
Gannett co., Inc.*