IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD J. TRUMP, BRADLEY ZAUN, MARIANNETTE MILLER-MEEKS,<br><br>Plaintiffs,<br><br>vs.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, GANNETT CO., INC.,<br><br>Defendants. | 4:24-cv-00449-RGE-WPK<br><br><br>RULING ON MOTION TO FILE AMICUS BRIEF |

On March 21, 2025, the Center for American Rights (the Center) moved this Court for leave to file an amicus brief. ECF 38. According to the Motion, the Center is a non-profit, non-partisan, public-interest law firm based in Chicago. *Id*. The instant case concerns the Iowa Poll that was conducted by Iowa pollster, J. Ann Selzer, and published on November 2 and 3, 2024, by the Des Moines Register. The Center has filed a state court action in the Iowa District Court on behalf of a putative class of subscribers to the Des Moines Register with the same nucleus of operative facts of this case regarding the Selzer poll. ECF 38-1. Plaintiffs in this present federal court action have alleged consumer fraud, fraudulent misrepresentation, and negligent misrepresentation claims. ECF 23. The Center states, "though the plaintiffs will also address the First Amendment question, and may cite some of the same authorities, counsel feels this separate brief will add substantively on an important question in the case." ECF 38, ¶ 7.

It is within the Court's board discretion to permit an amicus curiae to participate in a pending action. *Hodge v. United States*, No. 08-CV-4072-DEO, 2009 WL 10697630, at *4 (N.D.

Iowa Mar. 17, 2009), *aff'd*, 602 F.3d 935 (8th Cir. 2010); *COR Clearing, LLC v. Calissio Res. Grp., Inc.*, No. 8:15CV317, 2015 WL 6604010, at *1 (D. Neb. Oct. 29, 2015) (collecting cases); *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2012 WL 3065517, at *6 (E.D. Mo. July 27, 2012). "[N]o statute, rule, or controlling case . . . defines a federal district court's power to grant leave to file an amicus brief." *Hodge,* 2009 WL 10697630, at *4. Rather, "[a] determination on a request to participate as amicus curiae is discretionary, and 'the court . . . may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise.'" *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. 2018) (quoting *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014)).

The Center cites three reasons why it should be allowed to file an amicus curiae brief. First, a decision by this Court in this case could set an important persuasive precedent for the consideration of their state case. Thus, the Center states it is acting to protect its interest. ECF 38. Second, it believes its separate brief will add substantively on an important question in the case. *Id*. Third, it challenges "the use and abuse of powerful and entrenched media institutions to distort our national debate." ECF 38-1 at 3.

In analyzing the brief at issue, the Court notes it is timely filed. The question is whether it is useful. While the Center clearly has an interest because of its state case and its expressed purpose to be a "media watchdog," the Court does not believe that its amicus brief presents arguments that are not already found in the parties' briefs. The Center admits that the Plaintiffs here will also address the First Amendment question and may cite some of the same authorities, so the core arguments have been adequately addressed in the parties' briefs. Therefore, the Court does not find that this amicus would offer a unique perspective beyond that already provided by the parties and

their lawyers. Moreover, it does not believe the Center's proposed involvement would be useful or necessary to the District Judge's ultimate determinations in this matter. Accordingly, the Court denies the Center's request to file an amicus curiae brief.

DATED this 18th day of April 2025.

IT IS SO ORDERED.

_____
William P. Kelly
U.S. Magistrate Judge