UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

*President Donald J. Trump, et al.*

*v.*                                                   Civil Case No. 4:24-cv-449-RGE-WPK

*J. Ann Selzer, et al.*

### APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR LEAVE TO FILE AN AMICUS BRIEF OF THE CENTER FOR AMERICAN RIGHTS

Pursuant to Local Rule 72A, the Center for American Rights respectfully appeals to this Court to reverse the magistrate judge's order (ECF 62) and grant the Center leave to file its amicus brief (ECF 38) and states in support as follows:

As the Magistrate Judge correctly notes, "It is within the Court's broad discretion to permit an amicus curiae to participate in a pending action." Order at 1 (citing cases). "[G]enerally courts have exercised great liberality in permitting amicus briefs." *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (cleaned up).

The Magistrate Judge acknowledges that the Center acted in a timely way with its filing. Order at 2. Moreover, the Center followed the correct procedure for filing by making a motion for leave to do so. *Swinton v. Squaretrade, Inc.*, 2018 U.S. Dist. LEXIS 238935, *26 (S.D. Iowa Sept. 21, 2018). The Center also sought the position of the parties to the case; none objected to the motion.

1

The Magistrate Judge denied the motion because the Center's amicus brief "does not . . . present[] arguments that are not already found in the parties' briefs." Order at 2. But that is necessarily the case for any amicus brief: "[w]hile amicus briefs are helpful in assessing litigants' positions, an amicus cannot introduce a new argument into a case." *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 6 (1st Cir. 1996). In other words, amici must limit themselves to adding additional information to the arguments already found in the parties' briefs. An amicus brief should be rejected when it goes outside the arguments presented by the parties to introduce a wholly new argument, claim, or issue; it should be accepted when it provides complementary information that enhances the court's consideration of the "core arguments" presented by the parties. Order at 2.

Put differently, the Center's brief performed precisely the correct role of an amicus: "to assist a court in a case of public interest by supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *California v. United States DOI*, 381 F. Supp. 3d 1153, 1163-1164 (N.D.Cal. 2019) (cleaned up). That describes the Center's brief: it addresses the crucial First Amendment issues with additional authorities presented within a modified "analytical approach," *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers), but addressing the same "core arguments" of the parties. This is not a "show of hands" or "copycat brief," *id*. but a sincere effort to add value to the Court's consideration of these important and novel First Amendment questions.

The Magistrate Judge's ruling also failed to take account of the Center's direct interest in the *Trump* case due to its representation of the plaintiff in the *Donnelly* case, which presents the same First Amendment questions. Amicus briefs are especially appropriate "when the would-be amicus has a direct interest in another case that may be affected by a decision in the current case." *Rawson v. ALDI, Inc.*, 2022 U.S. Dist. LEXIS 88511, *19 (N.D.Ill. May 17, 2022). If this Court

reaches the merits of these motions rather than remanding, it could set a precedent that could significantly shape Donnelly's case without ever hearing his perspective on these questions.

Wherefore, given the Center's expertise in these issues and its interest in this specific case, the Center moves the Court to grant its appeal and file the brief.

Respectfully submitted,

/s/ Robert R. Anderson
Robert R. Anderson
Iowa State Bar No. AT9021
P.O. Box 4
Atlantic, IA 50022
Phone (515) 382-1278
Email: Bobandersoniowan@gmail.com

/s/ Daniel R. Suhr
Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
Email: dsuhr@americanrights.org
*Pro hac vice*