# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE SENATOR BRADLEY ZAUN, an individual,

Plaintiff,

v.

J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,

Defendants.

Case No. 4:24-cv-00449-RGE-WPK

**PLAINTIFFS' MOTION FOR STAY OF ALL REMAINING DEADLINES**

Pursuant to Local Rule 7(d), Plaintiffs President Donald J. Trump ("President Trump"), Representative Mariannette Miller-Meeks ("Representative Miller-Meeks"), and Former State Senator Bradley Zaun ("Zaun") (collectively, "Plaintiffs"), hereby respectfully request that this Court enter a stay of the instant action pending the outcome of Plaintiffs' anticipated petition to appeal the May 23, 2025 Order Denying Remand to State Court and for Attorney Fees [ECF 65] to the Eighth Circuit Court of Appeals. In support thereof, Plaintiffs state as follows:

1. On February 21, 2025, Plaintiffs filed their Motion to Remand to State Court Polk County, Iowa, and Motion for Attorney Fees [ECF 30].

2. On April 1, 2025, Defendants J. Ann Selzer and Selzer & Company filed their Opposition to Plaintiffs' Motion to Remand and Motion for Attorney Fees [ECF 45].

3. On April 2, 2025, Defendant Gannett Co., Inc. filed its Opposition to Plaintiffs' Motion to Remand and Motion for Attorney Fees [ECF 48].

4. On April 16, 2025, Plaintiffs filed their Reply in Support of their Motion to Remand

and Motion for Attorney Fees [ECF 60].

5. On May 23, 2025, the Honorable Rebecca Goodgame Ebinger issued an Order Denying Plaintiffs' Motion to Remand to State Court and for Attorney Fees ("the Order") [ECF 65].

6. Pursuant to 28 U.S.C. § 1292(b), Plaintiffs' deadline to appeal the Order to the Eighth Circuit Court of Appeals is June 2, 2025. Plaintiffs intend to file their petition for appeal by the deadline.

7. Additionally, the Order stated "…Plaintiff Donald J. Trump has seven days from the date of this order to file a revised version of the Amended Complaint…" accordingly, by May 30, 2025. Plaintiff respectfully requests this deadline be extended until 14 days after the decision on the appeal before the Eighth Circuit Court of Appeals has been entered, including any en banc proceedings, if necessary, of the appeal.

8. Plaintiffs respectfully request that this Court exercise its well-established authority to stay proceedings in order to preserve the effectiveness of appellate review and avoid rendering the pending appeal moot. In *Nken v. Holder* the court explained the general rule:

> It takes time to decide a case on appeal. Sometimes a little; sometimes a lot. "No court can make time stand still" while it considers an appeal, and if a court takes the time it needs, the court's decision may in some cases come too late for the party seeking review. That is why it "has always been held, ... that as part of its traditional equipment for the administration of justice, **a federal court can stay the enforcement of a judgment pending the outcome of an appeal**. **A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it.**

556 U.S. 418, 421 (2009) (emphasis added) (cleaned up). Here, as in *Nken*, if Plaintiff President

Trump were to amend his Complaint to remove the co-Plaintiffs—even if doing so to comply with an order of the Court—it could be argued that Plaintiff President Trump has agreed to move forward with his claims without co-plaintiffs Representative Miller-Meeks and Zaun. This could moot the relief sought on appeal, i.e., to remand the case with all three Plaintiffs to be prosecuted in Iowa state court. *Id.*

Proceeding in the district court while the appeal on subject matter jurisdiction is pending risks precisely the kind of wasteful, duplicative litigation federal courts aim to avoid. If subject matter jurisdiction by the federal courts is ultimately found lacking, as it should be, all proceedings below will be rendered a nullity. *See Hickey's Lessee v. Stewart*, 44 U.S. 750, 763 (1845) (recognizing that "the court had no jurisdiction of the subject-matter, and that the whole proceeding is a nullity"); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 541–42 (7th Cir. 2003) ("This substantial consumption of federal resources makes it all the more regrettable that we must now order the dismissal of the case for lack of subject matter jurisdiction rendering everything that has occurred in those eight years a nullity."). A stay avoids not just the risk of mooting appellate relief but also the needless expenditure of party and judicial resources on proceedings that may later be, and in this case should be, invalidated for lack of jurisdiction.

The U.S. Supreme Court came to this conclusion in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). There the district court denied a stay while the defendant pursued an appeal of the denial of its motion to compel arbitration. Because the appeal was over the very question of whether litigation could continue in the district court, the refusal of the stay "largely defeats the point of the appeal." *Id.* at 743 (citing *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3rd 504, 506 (7th Cir. 1997) (Easterbrook, J.)) The same logic applies here.

9. Accordingly, Plaintiffs respectfully request that the Court enter an order setting the following revised deadlines:

3

  a. The instant action is hereby STAYED pending the final outcome, including any and all en banc proceedings, if necessary, of the petition to appeal before the Eighth Circuit Court of Appeals;

  b. The deadline for Plaintiffs to file a revised version of the amended complaint is hereby extended until 14 days after the final decision, including any en banc proceedings, if necessary, on the appeal before the Eighth Circuit Court of Appeals has been entered.

  c. Any remaining deadlines in this action are moot and will be rescheduled pending the final outcome, including any en banc proceedings, if necessary, of the appeal.

10.  Counsel for Defendants were contacted regarding their clients' position on this motion and responded that all Defendants take no position.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court issue a stay of the instant action.

Dated: May 30, 2025

**BOCHNER PLLC**

*/s/ Edward Andrew Paltzik*
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law

**ALAN R. OSTERGREN PC**
Alan R. Ostergren
500 East Court Avenue
Suite 420
Des Moines, Iowa 50309
(515) 297-0134
alan.ostergren@ostergrenlaw.com

*Counsel to Plaintiffs President Donald J. Trump, Representative Mariannette Miller-Meeks, and Former State Senator Bradley Zaun*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the **PLAINTIFFS' MOTION FOR STAY OF ALL REMAINING DEADLINES** was served upon all parties of record through the court's CM/ECF electronic filing system with copies to the below named individuals by electronic mail on May 30, 2025.

/s/ Edward Andrew Paltzik