# Addendum

**RECEIVED**
**JUNE 02, 2025**
**U.S. Court of Appeals**
**Eighth Circuit – St. Paul, MN**

**FILED**
**JUNE 02, 2025**
**U.S. Court of Appeals**
**Eighth Circuit – St. Paul, MN**

Case 4:24-cv-00449-RGE-WPK Document 6-2 Filed 06/24/25 Page 2 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD J. TRUMP, BRADLEY ZAUN, and MARIANNETTE MILLER-MEEKS,<br><br>Plaintiffs,<br>v.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>Defendants. | **No. 4:24-cv-00449-RGE-WPK**<br><br>**ORDER RE: MOTIONS TO REMAND AND FOR ATTORNEYS' FEES** |

## I. INTRODUCTION

Defendant Gannett Co., Inc. removed this case from the Iowa District Court for Polk County. Originally, Donald J. Trump was the only Plaintiff in the case. After removal, Trump filed an amended complaint which added additional counts and Plaintiffs Bradley Zaun and Mariannette Miller-Meeks. Plaintiffs sue Defendants J. Ann Selzer, Selzer & Company, Des Moines Register and Tribune Company, and Gannett.

Plaintiffs move to remand the case to state court. Plaintiffs argue Defendants improperly removed the case and the Court lacks subject-matter jurisdiction after Zaun and Miller-Meeks were joined. Plaintiffs also seek attorneys' fees incurred based on the allegedly improper removal.

In response, Defendants assert the case was properly removed to federal court. Defendants also argue Trump needed to seek leave of the Court before filing an amended complaint that adds parties destroying the Court's jurisdiction. Defendants further contend Trump fraudulently joined Zaun and Miller-Meeks and thus their participation in the lawsuit should be disregarded when determining the Court's jurisdiction.

For the reasons set forth below, the Court denies Plaintiffs' motions to remand and for attorneys' fees.

## II. PROCEDURAL BACKGROUND

Trump initially filed suit in the Iowa District Court for Polk County on December 16, 2024, and alleged a single claim of violation of the Iowa Consumer Fraud Act. Pet., ECF No. 1-1. Prior to being served, Gannett removed the case on the basis of diversity jurisdiction. ECF No. 1 ¶¶ 14–15.

The parties jointly moved for the Court to set deadlines regarding anticipated filings. Joint Mot. Deadlines Initial Mot. Prac., ECF No. 19. The Court granted the motion. Order Grant. Joint Mot. Deadlines Initial Mot. Prac., ECF No. 20. Trump subsequently moved the Court to extend the deadlines by a week. Pl.'s Mot. Exten. Deadlines Initial Mot. Prac., ECF No. 21. The Court granted this motion as well. Order Grant. Pl.'s Mot. Exten. Deadlines Initial Mot. Prac., ECF No. 22.

On January 31, 2025, Trump filed an amended complaint, adding Zaun and Miller-Meeks as plaintiffs, as well as claims for fraudulent misrepresentation (Count Two) and negligent misrepresentation (Count Three). Am. Compl., ECF No. 23. Shortly thereafter, Plaintiffs filed a motion to remand, which is now before the Court. Pls.' Mot. Remand, ECF No. 30; *see* Pls.' Br. Supp. Mot. Remand, ECF No. 32. Defendants resist, and Plaintiffs reply to Defendants' resistance. Defs. Selzer and Selzer & Co.'s Resist. Mot. Remand, ECF No. 45; Def. Gannett's Resist. Mot. Remand, ECF No. 48; Pls.' Reply Supp. Mot. Remand, ECF No. 60.[1] Though not addressed in this order, Defendants also move to dismiss the Amended Complaint and Plaintiffs resist the

---

[1] Selzer, Selzer & Company, and the Des Moines Register join Gannett's resistance to Plaintiffs' motion to remand. ECF No. 45; ECF No. 48 at 5 n.3. For ease of reading, the Court generally refers to Gannett's arguments as Defendants' arguments.

Case 4:24-cv-00449-RGE-WPK Document 65 Filed 05/23/25 Page 3 of 11

dismissal. Defs. Selzer and Selzer & Co.'s Mot. Dismiss, ECF No. 24; Defs. Des Moines Register and Gannett's Mot. Dismiss, ECF No. 28; Pls.' Resist. Defs. Des Moines Register and Gannett's Mot. Dismiss, ECF No. 51; Pls.' Resist. Defs. Selzer and Selzer & Co.'s Mot. Dismiss, ECF No. 52.

## III. LEGAL STANDARD

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removable cases include those falling within the Court's diversity jurisdiction. *Id.* Diversity jurisdiction requires complete diversity of parties, which exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (citation omitted); 28 U.S.C. § 1332(a). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, . . . ." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Subject-matter jurisdiction based on the parties' diversity is determined "by the facts that existed at the time of filing" of the complaint. *Wagstaff*, 40 F.4th at 839 (internal quotation marks and citation omitted). "[A]n amendment can either destroy or create jurisdiction in an original diversity case. The addition of a nondiverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025).

An individual is a citizen of the state where they are physically present and have the intent to make the state their home indefinitely. *Wagstaff*, 40 F.4th at 839 (citation omitted). For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.” 28 U.S.C. § 1332(c)(1).

## IV. DISCUSSION

Plaintiffs argue Defendants improperly removed the case due to the forum-defendant rule, and the Court must remand the case as a result. ECF No. 32 at 8–18. Plaintiffs further assert even if Defendants properly removed the case, the Court still must remand the case because complete diversity does not exist. *Id.* at 5–8. Plaintiffs also argue the Court should award them attorneys’ fees incurred because of the allegedly improper removal. *Id.* at 19.

Defendants first argue removal was proper. ECF No. 48 at 8–17. Next, Defendants argue Trump was required to seek the Court’s leave to add nondiverse parties. *Id.* at 17–23. Because Trump did not seek leave of the Court, Defendants argue the Amended Complaint is “a nullity,” and the Court should thus deny the addition of Zaun and Miller-Meeks as plaintiffs. *Id.* If the Court considers the Amended Complaint, Defendants argue the Court should disregard the citizenship of Zaun and Miller-Meeks for purposes of diversity jurisdiction because they were fraudulently joined. *Id.* at 23–28.

The parties do not dispute the citizenship of Plaintiffs or Defendants. For purposes of diversity jurisdiction, Trump is a citizen of Florida; Zaun is a citizen of Iowa; Miller-Meeks is a citizen of Iowa; Selzer is a citizen of Iowa; Selzer & Company is a citizen of Iowa; the Des Moines Register is a citizen of Iowa and New York; and Gannett is a citizen of Delaware and New York. *See* Defs.’ Rule 7.1 Disclosures, ECF Nos. 8–9, 16–17; ECF No. 23 ¶¶ 20–22; *see also* ECF No. 32 at 5.

The Court first considers Plaintiffs’ arguments concerning whether removal was proper. Next, the Court turns to Defendants’ arguments. The Court then turns to Plaintiffs’ request for

Case 4:24-cv-00449-RGE-WPK Document 65 Filed 05/02/25 Page 5 of 11

attorneys' fees.

### A. The Forum-Defendant Rule and Snap Removal

When a defendant removes a case on the basis of diversity jurisdiction, the defendant must satisfy the normal requirements for diversity jurisdiction and also abide by what is commonly known as the "forum-defendant rule." The forum-defendant rule is codified at 28 U.S.C. § 1441(b)(2) and provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Related to the forum-defendant rule is the procedure known as "snap removal." Snap removal occurs when a defendant removes a case before a forum defendant has been served. The Eighth Circuit has "yet to weigh in on the" propriety of snap removal, though it has stated snap removal "cannot cure a lack of complete diversity." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023).

When interpreting a statute, courts within the Eighth Circuit "begin with the statute's plain language, . . . ." *United States v. Lester*, 92 F.4th 740, 742 (8th Cir. 2024) (quoting *United States v. Moreira-Bravo*, 56 F.4th 568, 571 (8th Cir. 2022)). "[I]f the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *Id.* (quoting *United States v. Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013)). In addition, the Eighth Circuit "strives to maintain uniformity in the law among the circuits, wherever reasoned analysis will allow." *In re Mierkowski*, 580 F.3d 740, 743 (8th Cir. 2009) (citation and internal quotation marks removed).

Plaintiffs argue snap removal is invalid because it goes against Congress's intent and encourages defendants to "hawk" state-court dockets. ECF No. 32 at 11–12. In response,

Case 4:24-cv-00449-RGE-WPK Document 65 Filed 05/14/25 Page 6 of 11

Defendants argue the plain language of § 1441(b)(2) permits snap removal and concerns over docket hawking "are irrelevant." ECF No. 48 at 9–12, 16–17. Both parties assert the weight of authority supports their respective sides. *See* ECF No. 32 at 10–18; ECF No. 48 at 12–15; ECF No. 60 at 2.

The Court finds snap removal is a valid and appropriate procedure under § 1441(b)(2). First, the plain language of the statute permits removal in diversity cases so long as a forum defendant has not been "properly joined and served." 28 U.S.C. § 1441(b)(2). To disallow snap removal would go against the clear language in § 1441(b)(2) and would render the phrase "and served" mere surplusage. *See United States v. Zam Lian Mung*, 989 F.3d 639, 642 (8th Cir. 2021) ("[C]ourts must give effect, if possible, to every clause and word of a statute." (quotation marks omitted)).

Second, it appears all Circuit Courts of Appeals to have considered snap removal have found proper interpretation of the statute allows snap removal. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) ("In short, [the defendant] has availed itself of the plain meaning of the statute, for which there is precedential support."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) ("Put simply, the result here—that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship—is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved*

Case 4:24-cv-00449-RGE-WPK Document 65 Filed 05/03/25 Page 7 of 11

resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).”).

Third, Congress implicitly endorsed snap removal because “Congress did not revise [the properly joined and served language] when it amended Section 1441(b)(2) in 2011 even after some snap removals had occurred.” *Texas Brine*, 955 F.3d at 486.

The Court does not opine as to Plaintiffs’ concerns about defendants “hawking” state-court dockets. If this is an issue, it is for Congress to address—not this Court.

Joining with the Circuit Courts to have considered this issue, the Court concludes snap removal is consistent with § 1441(b)(2). Gannett’s removal of the case before Trump served any forum defendant was proper.

### B. Whether Trump Needed to Seek Leave to Add Nondiverse Plaintiffs When Amending the Complaint

Typically, a plaintiff may amend their complaint “once as a matter of course” under certain circumstances. Fed. R. Civ. P. 15(a). But where the amendment adds a party, the plaintiff must first seek leave of the Court pursuant to Federal Rule of Civil Procedure 21. *See* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1688 (3d ed.) (“Most courts have held that the specific provision relating to joinder in Rule 21 governs over the more general text of Rule 15, and that an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course.”). This is especially true if the amendment adds a nondiverse party to a removed case—the district court “should scrutinize that amendment more closely than an ordinary amendment.” *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009). Where a federal court has jurisdiction over a case, the court has a “‘virtually unflagging’ obligation to exercise it.” *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) (quoting *Sprint Commc’ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

In *Bailey*, the Eighth Circuit weighed whether a district court abused its discretion in

Case 4:24-cv-00449-RGE-WPK Document 65 Filed 05/23/25 Page 8 of 11

denying the plaintiff's motion to amend and join nondiverse parties. 563 F.3d at 307–09. First, the Eighth Circuit considered whether the joined parties were indispensable pursuant to Federal Rule of Civil Procedure 19. *Id.* at 308. After determining the parties were dispensable, the Eighth Circuit held "the district court had full discretionary authority to deny joinder and retain jurisdiction over the action." *Id.* The Eighth Circuit reiterated that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Id.* (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

Lastly, the *Bailey* Court considered whether justice required the joinder of the dispensable nondiverse parties. *Id.* at 309. During this determination, the Eighth Circuit analyzed the following three factors: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Id.* at 309 (citation omitted). Although not procedurally identical, the Court finds the analytical structure utilized in *Bailey* applicable to the present case. Trump did not seek leave of the Court to join Zaun and Miller-Meeks—who undoubtedly defeat jurisdiction. The Court applies the *Bailey* analysis and considers the Amended Complaint a nullity. The Court therefore treats the Amended Complaint, ECF No. 23, as if it were a request for leave to amend. For the reasons set forth below, the Court denies this request.

As an initial matter, Plaintiffs do not contend Zaun and Miller-Meeks are indispensable parties under Rule 19. *See* ECF Nos. 32, 60. Instead, Plaintiffs argue Zaun and Miller-Meeks are permissively joined under Rule 20. *See* ECF No. 60 at 7–9. The Court determines Zaun and Miller-Meeks are dispensable parties. As such, the question is whether justice requires the Court to allow Trump to amend his complaint and join Zaun and Miller-Meeks. *Cf. Bailey*, 563 F.3d at 308–09.

Under the first *Bailey* factor, the addition of Zaun and Miller-Meeks appears intended to defeat diversity jurisdiction. The Amended Complaint itself—in perhaps what is most telling of Trump's intent—argues Defendants violated the forum-defendant rule, ECF No. 23 ¶ 28, and the Court lacks subject-matter jurisdiction because the case is not between citizens of different states, *id.* ¶¶ 31–32, 35. Next, Plaintiffs' counsel sent an email to Defendants' counsel four days after Trump filed the Amended Complaint "inquiring as to whether Defendants would stipulate to remand, given the addition of Iowa citizens as Plaintiffs and the resultant loss of diversity." ECF No. 30 at 1–2. The timing of this email and its contents suggest the addition of Zaun and Miller-Meeks was intended to defeat the Court's jurisdiction over the case. Lastly, Plaintiffs provide no legitimate rationale for Zaun and Miller-Meeks to join a federal lawsuit only to immediately move to remand. Zaun and Miller-Meeks could have sued Defendants in state court without fear of removal. Thus, the only apparent reason to have joined Trump's lawsuit is to destroy diversity jurisdiction. Given the above, the first *Bailey* factor weighs heavily in favor of denying the amendment to add Zaun and Miller-Meeks.

The second factor under *Bailey*—whether the plaintiff was dilatory in seeking to amend—does not weigh in favor of Trump or Defendants. Trump almost certainly knew of Zaun and Miller-Meeks prior to filing suit. Though Trump added the two as co-plaintiffs in the Amended Complaint less than two months after initially filing the underlying petition, Trump fails to provide a reason why the three did not initially file a petition together. As such, there was a short delay in adding the two as co-plaintiffs, but not to the extent seen in *Bailey* where the plaintiff waited over a year to join nondiverse parties to the lawsuit. *Bailey*, 563 F.3d at 309. Given the lack of reason provided by Trump, but the relatively short timeframe in joining Zaun and Miller-Meeks, the second factor is neutral.

Under the third factor, Trump will not be significantly injured if the Court denies leave to amend. Though there is a risk of parallel lawsuits between state and federal court, it seems unlikely any relief for Trump would be precluded by the absence of Zaun and Miller-Meeks. That is, Trump is capable of receiving full compensation for the injuries he alleges without the presence of Zaun and Miller-Meeks. This factor weighs in favor of denying the amendment.

Accordingly, the Court denies leave for amendment to join Zaun and Miller-Meeks. *Cf.* Wright & Miller, *supra*, § 1685 ("Courts frequently employ Federal Rule of Civil Procedure 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Federal Rule of Civil Procedure 19."). The Court thus retains diversity jurisdiction, denies Plaintiffs' motion to remand, and declines to address Defendants' arguments concerning fraudulent joinder.

### C. Attorneys' Fees

When a defendant has a "reasonable basis for removal," district courts are within their discretion to deny requests for attorneys' fees. *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 484 (8th Cir. 2015). Based on the above analysis, Defendants had a reasonable basis for removal and in resisting remand. The Court denies Plaintiffs' request for attorneys' fees.

## V. CONCLUSION

An opinion that is interlocutory in nature and is not a final judgment typically is not immediately appealable. *See* 28 U.S.C. § 1292. However, because the "order involves a controlling question of law as to which there is substantial ground for difference of opinion"—concerning snap removal and the addition of a jurisdiction-defeating plaintiff after removal without leave of court—the Court determines "an immediate appeal . . . may materially advance the ultimate termination of the ligation . . . ." *Id.* § 1292(b). As such, the Court certifies this order as

immediately appealable under 28 U.S.C. § 1292(b).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs Donald J. Trump, Bradley Zaun, and Mariannette Miller-Meeks's Motion to Remand, ECF No. 30, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Donald J. Trump, Bradley Zaun, and Mariannette Miller-Meeks's Motion for Attorneys' Fees, ECF No. 30, is **DENIED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, ECF No. 23, is **VACATED** as a nullity. Bradley Zaun and Mariannette Miller-Meeks are terminated as plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump has seven days from the date of this order to file a revised version of the Amended Complaint, ECF No. 23, omitting Bradley Zaun and Miller-Meeks as plaintiffs, and deleting any allegations included solely to support their claims. No other alterations to the Amended Complaint filed on January 31, 2025, are permitted. Trump may not add new parties, allegations, or claims in the refiled amended complaint. Trump must also file a redline version of the refiled amended complaint showing the changes made from the now-null Amended Complaint, ECF No. 23, reflecting compliance with this order.

**IT IS FURTHER ORDERED** that this opinion is immediately appealable pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE