IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE SENATOR BRADLEY ZAUN, an individual,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>J. ANN SELZER, and individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>　　　Defendants. | Case No. 4:24-cv-00449-RGE-WPK<br><br>**DES MOINES REGISTER & TRIBUNE CO. AND GANNETT CO., INC.'S MOTION TO STRIKE**<br><br>**Expedited Relief Requested** |

　　　Defendants Des Moines Register & Tribune Co. and Gannett Co., Inc. (collectively "Press Defendants"), by and through their undersigned counsel, move to strike President Trump's procedurally improper Notice of Voluntary Dismissal. For the reasons stated herein, the Court should strike the improper notice and decline to terminate the above captioned case. In support of this Motion, Press Defendants state as follows:

　　　1.　　On May 23, 2025, this Court entered an order affirming the removal of this case to federal court, denying President Trump's motion for remand, exercising its discretion to deem President Trump's proposed Amended Complaint a nullity because of his improper addition of two non-diverse plaintiffs, denying President Trump's request for attorneys' fees, and ordering President Trump to file a revised Amended Complaint. (ECF No. 65.) This Court certified its order for interlocutory appeal under 28 U.S.C. § 1292. (*Id*.)

2. Following that order, President Trump indicated to this Court his intent to pursue interlocutory appeal of the Court's order and requested that this Court stay the action, including his deadline to file a revised Amended Complaint. (ECF No. 66.)

3. On June 2, 2025, President Trump filed a petition for permission to appeal in the United States Court of Appeals for the Eighth Circuit. (*See* Ex. A: Petition for Permission to Appeal.)

4. In his petition, President Trump requested interlocutory review of this Court's order on the propriety of snap removal and this Court's exercise of discretion in deeming his proposed Amended Complaint a nullity. *Id.*

5. The appeal was docketed on June 2, 2025, as confirmed by the Eighth Circuit Clerk. (*See* Ex. B: General Docket for Court of Appeals Docket #25-8003 (indicating "case docketed").)

6. On June 6, 2025, this Court denied President Trump's request to stay the case but granted him additional time, until July 18, 2025, to file his revised Amended Complaint. (ECF No. 70.)

7. Despite the pending docketed appeal, and despite having requested and received relief from his deadlines in this Court, Plaintiff then filed a Notice of Voluntary Dismissal on June 30, 2025. (ECF No. 71.)

8. However, the case cannot be dismissed at the district court while appellate proceedings are ongoing. This is because "the district court is divested of jurisdiction over matters on appeal" upon the initiation of that appeal. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999); *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (finding that orders pertaining to matters pending on appeal have "no effect").

9. This principle applies to interlocutory appeals such as the one at issue in this case. "[I]f an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue." *Coeur D'Alene*, 164 F.3d at 1106–07. This is precisely the situation with respect to the appeal in the current case.

10. As President Trump's appeal purports to attack wholesale the district court's jurisdiction over the case, there is no part of this action that does not relate to the matters on appeal. Therefore, jurisdiction over this matter sits with the Eighth Circuit, and President Trump cannot voluntarily dismiss the action simply by filing a unilateral Notice of Voluntary Dismissal with this Court.

11. Furthermore, because the interlocutory appeal has been docketed, the appeal itself may be dismissed only according to the Federal Rules of Appellate Procedure and with the Eighth Circuit's approval; such dismissal requires either a stipulation by all parties or a motion in that court requesting dismissal. *See* Fed. R. App. P. 42(b)(1), (2); *see also* Wright & Miller, 9 *Federal Practice and Procedure* § 2364 (4th ed.) ("An action may be dismissed voluntarily while an appeal is pending only with the appellate court's approval.").[1] The Parties have made no such stipulation, and President Trump has filed no such motion with the Eighth Circuit. Therefore, the appellate proceedings are ongoing in this case,[2] and President Trump is prohibited from attempting to dismiss this case by filing his Notice with this Court.

---

[1] Even if this Court determines that President Trump's pending interlocutory appeal has not been docketed because the Circuit Court has not formally accepted it, this Court may only "dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." Fed. R. App. P. 42(a). President Trump has filed no such stipulation or motion.

[2] Contemporaneously with this Motion, Press Defendants are filing before the Eighth Circuit motions papers to identify President Trump's deficiencies in purporting to dismiss the pending appellate proceedings.

12. Lastly, President Trump's Notice must be evaluated in the light of long-standing Eighth Circuit law holding that "[a] party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) (citing *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

13. Before this Court, President Trump has lost his motion for remand, (ECF No. 65), lost his motion to stay the case, (ECF No. 70), and has a pending deadline to file a revised Amended Complaint. (*Id.*) And fulsome Motions to Dismiss warranting dismissal of the case in full and with prejudice are currently pending before this Court with substantial briefing. (ECF Nos. 24, 28, 33, 35, 51, 52, 57, 61.)

14. Furthermore, in conjunction with his improper Notice of Voluntary Dismissal, President Trump newly filed a lawsuit in the Iowa District Court for Polk County today; however, the new Petition is substantively unchanged from the President Trump's First Amended Complaint in the present case. (*See* Ex. C: Petition (June 30, 2025).) The timing of this filing is significant: it is one day before Iowa's Uniform Public Expression Protection Act (commonly known as an "anti-SLAPP law") goes into effect. *See* House File 472, *available at* https://www.legis.iowa.gov/legislation/BillBook?ga=91&ba=HF472 (Governor's approval of House File 472, Uniform Public Expression Protection Act on May 19, 2025), codified at Iowa Code § 652.1, *et seq.*; *see also* Iowa Code § 3.7(1) (stating that all acts "passed at regular sessions of the general assembly shall take effect on the first day of July following their passage). This new legislation would apply to President Trump's lawsuit; therefore, President Trump's present Notice of Voluntary Removal would effectively escape the jurisdiction of the federal courts in time to restate his claims in Iowa's state court without being subject to Iowa's anti-SLAPP law.

15. In these circumstances, this Court should rightly find that President Trump's Notice of Voluntary Dismissal improperly seeks "to avoid [the] adverse decision[s]" of this Court—both past and future—and "a more favorable forum" in Iowa's pre-anti-SLAPP courts. *Cahalan*, 423 F.3d at 818.

16. In sum, President Trump's Notice of Voluntary Dismissal is both procedurally and substantively improper. This case cannot be dismissed until the Eighth Circuit disposes of the pending appellate proceedings, nor should it be dismissed thereafter.

17. Therefore, Press Defendants respectfully request that this Court strike Plaintiff's improper Notice of Voluntary Dismissal.

18. Press Defendants respectfully request pursuant to Local Rule 7(i) that this Motion be considered on an expedited basis.

**WHEREFORE**, Defendants Des Moines Register & Tribune Co. and Gannett Co., Inc. respectfully request that this Court grant this Motion and enter an order striking Plaintiffs' Notice of Voluntary Dismissal.

Dated June 30, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
           *david.yoshimura@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS DES MOINES REGISTER AND TRIBUNE COMPANY AND GANNETT CO., INC.**

**CERTIFICATE OF SERVICE**

I certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all parties participating in the Court's electronic filing system.

*/s/ Elizabeth Collins*