# Exhibit A

**United States Court of Appeals**
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 02, 2025

Alan R. Ostergren
Suite 420
500 E. Court Avenue
Des Moines, IA  50309

RE:  25-8003  Donald J. Trump, et al v. J. Selzer, et al

Dear Counsel:

A petition for permission to appeal has been filed under the caption and miscellaneous case number shown above.

Counsel for the respondent is directed to file a response to this application within 10 days from service of the petition.

Upon receipt of the response, the matter will be submitted to the court for a ruling. All counsel will be advised of the court's decision. No briefing schedule will be established unless the court grants the petition.

The Clerk of the United States District Court is being notified of the filing of the petition. If the petition is granted, petitioner must pay the district court all required fees. Please refer to Federal Rule of Appellate Procedure 5 and the applicable statutory sections for further guidance and information.

On June 1, 2007, the Eighth Circuit implemented the appellate version of CM/ECF. Electronic filing is now mandatory for attorneys and voluntary for pro se litigants proceeding without an attorney. Information about electronic filing can be found at the court's web site

www.ca8.uscourts.gov. In order to become an authorized Eighth Circuit filer, you must register with the PACER Service Center at https://www.pacer.gov/psco/cgi-bin/cmecf/ea-regform.pl. Questions about CM/ECF may be addressed to the Clerk's office.

Susan E. Bindler
Clerk of Court

MMH

Enclosure(s)

cc:    Andrew R. Anderson
        Jacob Bylund
        Robert Corn-Revere
        Conor T. Fitzpatrick
        Greg H. Greubel
        Nicholas A. Klinefeldt
        Matthew A. McGuire
        Edward A. Paltzik
        Adam Steinbaugh
        David Yoshimura
        Clerk, U.S. District Court, Southern Iowa

    District Court/Agency Case Number(s):   4:24-cv-00449-RGE

**Caption For Case Number:   25-8003**

Donald J. Trump; Bradley Zaun; Mariannette Miller-Meeks

      Petitioners

v.

J. Ann Selzer; Selzer & Company; Des Moines Register and Tribune Company; Gannett Co., Inc.

      Respondents

**Addresses For Case Participants:   25-8003**

Alan R. Ostergren
Suite 420
500 E. Court Avenue
Des Moines, IA  50309

Andrew R. Anderson
FAEGRE & DRINKER
33rd Floor
801 Grand Avenue
Des Moines, IA  50309-8011

Jacob Bylund
FAEGRE & DRINKER
33rd Floor
801 Grand Avenue
Des Moines, IA  50309-8011

Clerk, U.S. District Court, Southern Iowa
U.S. DISTRICT COURT
Southern District of Iowa
P.O. Box 9344
Des Moines, IA  50306

Robert Corn-Revere
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
Suite 340
700 Pennsylvania Avenue S.E.
Washington, DC  20003

Conor T. Fitzpatrick
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
Suite 900
510 Walnut Street
Philadelphia, PA  19106

Greg H. Greubel
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
Suite 900
510 Walnut Street
Philadelphia, PA  19106

Nicholas A. Klinefeldt
FAEGRE & DRINKER
33rd Floor
801 Grand Avenue
Des Moines, IA  50309-8011

Matthew A. McGuire
NYEMASTER & GOODE
Suite 1300
700 Walnut Street
Des Moines, IA  50309-3899

Edward A. Paltzik
BOCHNER, PLLC
15th Floor
1040 Avenue of the Americas
New York, NY  10018

Adam Steinbaugh
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
Suite 900
510 Walnut Street
Philadelphia, PA  19106

David Yoshimura
FAEGRE & DRINKER
33rd Floor
801 Grand Avenue
Des Moines, IA  50309-8011

FILED
JUNE 2, 2025
U.S. Court of Appeals
Eighth Circuit – St. Paul, MN

RECEIVED
JUNE 2, 2025
U.S. Court of Appeals
Eighth Circuit – St. Paul, MN

No. **25-8003**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE
MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE
SENATOR BRADLEY ZAUN, an individual,
Plaintiffs-Appellants,

v.

J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES
REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,
Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Iowa, Case No. 4:24-cv-00449,
The Hon. Rebecca Goodgame Ebinger, District Judge

---

PETITION FOR PERMISSION TO APPEAL BY
PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE
MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE
SENATOR BRADLEY ZAUN, an individual

**Alan R. Ostergren**
ALAN R. OSTERGREN PC
500 East Court Avenue
Suite 420
Des Moines, Iowa 50309
alan.ostergren@ostergrenlaw.com
(515) 207-0134

**Edward Andrew Paltzik**
BOCHNER PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 100018
(516) 526-0341
*Admission to U.S. Court of Appeals for
the Eighth Circuit pending*

## SUMMARY OF THE CASE

President Donald J. Trump, a Florida citizen, brought this action in Iowa state court under the Iowa Consumer Fraud Act. All but one defendant is an Iowa citizen. The defendants filed a "snap removal" eleven hours after the case became live in the Iowa state court electronic system, and well before service on any defendant could be accomplished. After removal, and before any defendant had filed an answer, President Trump filed an amended complaint as a matter of right. That document added two Iowa citizens as plaintiffs. With Iowa citizens on both sides of the lawsuit and correctly asserting that snap removal was contrary to the purposes of the forum-defendant rule, President Trump moved for remand to state court. The district court, applying the forum-defendant rule too literally, denied the motion and struck the new Iowa plaintiffs. But recognizing the complexity of the procedural question, it certified its order as worthy of an interlocutory appeal. It is for two reasons.

*First*, the district courts of this Circuit have been mostly against snap removal, but there has been some division on the issue. While the forum-defendant rule requires service on an in-state defendant, most district courts have recognized that a literal, limited reading of the service requirement, combined with the prevalence of electronic court filing, means a defendant can evade Congress' intent to limit diversity jurisdiction in forum-defendant cases. *Second*, the district court misapplied joinder rules to refuse the new Iowa plaintiffs because joinder would destroy diversity jurisdiction. But it misapplied a statute about adding nondiverse defendants to the different context of adding nondiverse plaintiffs, where those plaintiffs have claims that can and should be joined in one lawsuit. Interlocutory review of these issues is particularly needed as they otherwise evade review by this Court.

2

# TABLE OF CONTENTS

SUMMARY OF THE CASE................................................................. 2

TABLE OF AUTHORITIES............................................................... 4

I.  JURISDICTIONAL STATEMENT................................................5

II.  FACTS NECESSARY TO UNDERSTAND THE QUESTIONS
     PRESENTED ......................................................................................6

    a.  The State Court Petition ............................................................6

    b.  Snap Removal ...............................................................................6

    c.  The Amended Complaint .........................................................7

III. QUESTIONS PRESENTED .............................................................. 8

IV. RELIEF SOUGHT .............................................................................. 8

V.  REASONS THE APPEAL SHOULD BE ALLOWED...................9

VI. CONCLUSION ...................................................................................14

CERTIFICATE OF COMPLIANCE ...................................................... 15

CERTIFICATE OF SERVICE .................................................................16

Appellate Case: 25-8003    Page: 3    Date Filed: 06/02/2025 Entry ID: 5523698

# TABLE OF AUTHORITIES

## CASES

*Allison* v. *Shelton*, No. 1:22-cv-1032, 2022 WL 4245535, at \*3 (W.D. Ark. Sept. 15, 2022)............................................................................................10

*Bailey* v. *Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009) ..........................11, 12

*Bailey* v. *Monsanto Co.*, 176 F. Supp. 3d 853, 866 (E.D. Mo. 2016) ...........................9

*Freeman* v. *Hoft*, No. 4:21-CV-1424-HEA, 2022 WL 1978682, at \*2 (E.D. Mo. June 6, 2022) ..............................................................................................9

*Great River Ent., LLC* v. *Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023) ........................................................................................................... 11

*Hensley* v. *Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014)...............9

*In re Prempro Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) .................... 13

*Iowa 80 Group, Inc.* v. *I.R.S.*, 406 F.3d 950, 952 (8th Cir. 2005)............................... 8

*Jackson* v. *Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) ........................................... 8

*Mikelson* v. *Allstate Fire and Cas. Ins. Co.*, No. 16-01237-CV-W-RK, 2017 WL 634515, at \*4 (W.D. Mo. Feb. 16, 2017) ..................................................9

*Mosley* v. *General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)...................... 13

*Rogers* v. *Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, 978 (E.D. Mo. 2014)................................................................................................9

*United Mine Workers of America* v. *Gibbs*, 383 U.S. 715, 724 (1966) ....................... 13

## STATUTES

§ 714H.3(1) ...................................................................................................6

28 U.S.C. § 1292(b)..................................................................................5, 8

28 U.S.C. § 1332....................................................................................5, 6, 11

28 U.S.C. § 1441.....................................................................................5, 6

28 U.S.C. § 1441(b)(2)............................................................................5, 9

28 U.S.C. § 1446 .........................................................................................6

28 U.S.C. § 1447(c)......................................................................................5

28 U.S.C. § 1447(e) ................................................................................... 11

## RULES

Fed. R. Civ. P. 15(a)(1)(B) ......................................................................... 11

Fed. R. Civ. P. 20(a)(1)............................................................................... 13

Iowa R. Civ. P. 1.403(1) ...............................................................................6

## I.    JURISDICTIONAL STATEMENT

The defendants below incorrectly claimed the district court had subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441. They claimed that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), did not apply because defendants accomplished removal before any Iowa defendant had been served. But after the filing of the amended complaint, R. Doc. 23, which added Representative Mariannette Miller-Meeks and former State Senator Bradley Zaun—both citizens of Iowa—as plaintiffs against Iowa citizen defendants Ann Selzer, Selzer & Company, and the Des Moines Register and Tribune Company, complete diversity no longer exists. Accordingly, the district court lacks subject matter jurisdiction, and the case must be remanded to Iowa state court pursuant to 28 U.S.C. § 1447(c).

The district court, recognizing the important jurisdictional question presented here, certified that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion," and determined "an immediate appeal…may materially advance the ultimate termination of the litigation…" R. Doc. 65 at 10-11 (citing 28 U.S.C. § 1292(b)). The district court certified its order as immediately appealable. *Id.*

This Petition is timely filed on June 2, 2025, under 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5 after the district court's denial of the motion to remand. The Court of Appeals has jurisdiction to review this interlocutory appeal under 28 U.S.C. § 1292(b).

## II.   FACTS NECESSARY TO UNDERSTAND THE QUESTIONS PRESENTED

### a.   The State Court Petition

On December 16, 2024, President Trump commenced this action against Defendants Ann Selzer, Selzer & Company, The Des Moines Register and Tribune Company, and Gannett Co., Inc., in the Iowa District Court for Polk County. R. Doc. 1-1. The state court petition contained a single claim: a sole count under the Iowa Consumer Fraud Act, Iowa Code Chapter 714H, including § 714H.3(1) and related provisions. Consistent with Iowa law, the Petition did not specify an amount in controversy, but seeks actual, statutory and punitive damages, and injunctive relief. *See* Iowa R. Civ. P. 1.403(1).

### b.   Snap Removal

On December 17, 2024, before any Defendant had been served in the literal sense, (but were clearly aware of the lawsuit), Gannett filed its Notice of Removal and associated documents pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. R. Doc. 1. Gannett invoked the district court's diversity jurisdiction, asserting that "[t]here is complete diversity of citizenship between the parties" R. Doc. 1 at ¶ 4, and "President Trump seeks a wide array of damages, including actual damages, statutory damages, and injunctive relief that would have a significant impact on Gannett and The Register's operations. The combined value of the claimed damages in this case would exceed $75,000, exclusive of costs and interest." *Id*. ¶ 10. Gannett acknowledged

6

the forum-defendant rule but asserted that pre-service removal—typically referred to as "snap removal"—was a proper exception to the rule. *Id.*

### c.   The Amended Complaint

On January 31, 2025, President Trump, Representative Miller-Meeks, and Zaun filed their amended complaint against all defendants. R. Doc. 23. President Trump first obtained leave of the district court and consent of the defendants to file and serve an amended complaint with joined plaintiffs. R. Doc. 20 at ¶¶ 1–2, R. Doc. 22 at ¶¶ 1–2. These orders allowed plaintiffs to file and serve the amended complaint: "1. President Trump and any other parties joined as plaintiffs may file an Amended Complaint on or before January 31, 2025; 2. If President Trump and any other parties joined as plaintiffs file an Amended Complaint, all Defendants will accept service of the Amended Complaint in accordance with the Federal Rules of Civil Procedure and waive any defenses or objections relating to service of process…" *Id.*

The amended complaint, like the state court petition, contained one count under the Iowa Consumer Fraud Act, while also adding two claims under Iowa common law for fraudulent misrepresentation and negligent misrepresentation. As explained in the amended complaint, Representative Miller-Meeks and Zaun are citizens of Iowa. R. Doc. 23 at ¶¶ 21-22. Because Selzer, Selzer & Company, and the Des Moines Register are also citizens of Iowa, there is no longer complete diversity of citizenship in this lawsuit.

### III.   QUESTIONS PRESENTED

1.   Should the forum-defendant rule be interpreted to prevent a "snap removal," where a forum defendant cannot reasonably have been served between the state court case's filing and the notice of removal? This Court reviews questions of statutory interpretation de novo. *Iowa 80 Group, Inc.* v. *I.R.S.*, 406 F.3d 950, 952 (8th Cir. 2005).

2.   May a district court properly refuse an amended complaint as a matter of right or with leave of the court, to prevent the addition of a plaintiff that would destroy subject matter jurisdiction based on diversity of citizenship? Generally, this Court reviews a motion for leave to file an amended complaint for an abuse of discretion, but legal conclusions underlying the decision are reviewed de novo. *Jackson* v. *Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016).

### IV.   RELIEF SOUGHT

On petition, Plaintiffs seek an order granting permission to appeal the district court's denial of the motion to remand under 28 U.S.C. § 1292(b).

On appeal, Plaintiffs request that this Court reverse the district court's order and find that snap removal is not permitted in this Circuit, and, even if it is permitted, that the district court abused its discretion in denying an amended complaint that would have added diversity-destroying plaintiffs.

## V.    REASONS THE APPEAL SHOULD BE ALLOWED

This Petition should be allowed for at least two reasons.

*First*, the propriety of snap removal, particularly where a plaintiff had no meaningful opportunity to effectuate service, has divided the district courts of this Circuit, with most coming down against it. The district court below held the plain language of 28 U.S.C. § 1441(b)(2), meant the lack of service on Gannett left the forum-defendant rule inapplicable. Yet, in *Hensley* v. *Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014), the district court held that "[r]igid adherence to the plain language rule when applying § 1441(b)(2) in the circumstances here would yield a result 'demonstrably at odds with the intentions of its drafters, and those intentions must be controlling." The *Hensley* court recognized that the propriety of snap removal "reveal[s] splits among circuits, and within districts, including the Eastern District of Missouri." *Id.* But courts that have generally upheld a literal reading of the forum-defendant statute, recognized an exception for "the egregious case where an out-of-state defendant has hawked the state court docket and removed before service to any defendant has occurred." *Id.* at 1036 (citing *Rogers* v. *Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, 978 (E.D. Mo. 2014) (cleaned up.))

Other district courts in this Circuit have followed *Hensley*'s rationale. *See Mikelson* v. *Allstate Fire and Cas. Ins. Co.*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *4 (W.D. Mo. Feb. 16, 2017); *Freeman* v. *Hoft*, No. 4:21-CV-1424-HEA, 2022 WL 1978682, at *2 (E.D. Mo. June 6, 2022); *Bailey* v. *Monsanto Co.*, 176 F. Supp. 3d 853, 866 (E.D. Mo. 2016) ("The Court believes that the *Hensley* line of cases presents the better approach, especially today, in light of state court electronic filing systems, and

9

will follow that line of authority."); *Allison* v. *Shelton*, No. 1:22-cv-1032, 2022 WL 4245535, at *3 (W.D. Ark. Sept. 15, 2022) (following *Hensley* because "[s]trict adherence to the language of § 1441(b) would be inconsistent with the fundamental purposes of removal and would contravene the legislative intent behind the forum defendant rule.").

Only this Court can resolve this persistent split in the district courts of the Circuit, a split that weighs heavily against snap removal. This case is an excellent vehicle to resolve the split because of the state-court docket "hawking" that occurred. In an era of electronic court filing, a forum defendant can defeat Congress' intended limitation on diversity jurisdiction to wrongfully remove a lawsuit that is only hours old. Congress carefully created the jurisdiction of federal courts to balance the interests of out-of-state defendants against the important role of state courts to adjudicate disputes. The forum-defendant rule is part of that balance. Hawking of electronic dockets, combined with a too-literal reading of the service requirement on the forum defendant, permits cases to be in federal court that Congress never intended.

In addition, this issue consistently evades appellate review—because further proceedings and final judgment will often moot out the snap-removal question. If the Court does not take up the question in an interlocutory posture, it is not clear the Court will ever be squarely presented with a vehicle through which to end the confusion and lack of uniformity among district courts in this Circuit.

*Second*, the district court compounded its error with the forum-defendant rule by striking the new plaintiffs from the amended complaint. The snap removal issue should be moot because there are Iowa citizens on both sides of this lawsuit. The

10

amended complaint defeated diversity jurisdiction. 28 U.S.C. § 1332(a), *Great River Ent., LLC* v. *Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023) ("If any plaintiff is a citizen of the same state as any defendant, there is not "complete diversity and federal courts lack jurisdiction.")

President Trump had the right to file an amended complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). No defendant had filed a responsive pleading, and the amended complaint was filed less than 21 days after service of the defendants' Fed. R. Civ. P. 12(b)(6) motion. *Id.* The district court had no basis to review the contents of the amended complaint and refuse to allow new parties. But even if the district court's permission was needed to amend the complaint, which was not the case, President Trump had it. The district court, with the consent of the defendants, had already granted leave to file and serve an amended complaint. R. Doc. 22. That consent order expressly contemplated that an amended complaint would add parties. *Id.* at ¶¶ 1-2.

Yet the district court held otherwise.  Citing *Bailey* v. *Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009), it said it should "scrutinize" the amended complaint because it added a nondiverse party to a removed case. The district court found the Iowa plaintiffs were added with the intent to destroy diversity jurisdiction and held it was within its discretion to not allow them into the case. But *Bailey* is readily distinguishable.

Congress anticipated that plaintiffs wishing remand might ask to add nondiverse *defendants*. Thus, 28 U.S.C. § 1447(e) gives the district court authority to deny joinder of a defendant that would destroy subject matter jurisdiction. In *Bailey*, a plaintiff

11

sued his former employer for intentional infliction of emotional distress. A year after removal, he sought to add two of his former managers as defendants. The former managers were, at best, "tortfeasors with joint and several liability" with the former employer. *Id*. Because the managers were not indispensable parties under Fed. R. Civ. P. 19(a), nothing would "impair the court's ability to accord complete relief" between the plaintiff and his former employer. *Bailey*, 563 F.3d at 308.

But *Bailey* and section 1447(e) say nothing about *plaintiffs*. Defendants and the district court did not cite—and Plaintiffs are unaware of—any case where any federal court has held that the prohibition about adding nondiverse defendants in section 1447(e) applies to a nondiverse plaintiff. Again, the considered choices of Congress in framing federal court jurisdiction must be respected.

*Bailey* is not a snap removal case. The case was originally filed in Missouri state court against an out-of-state defendant. *Bailey*, 563 F.3d at 305. Regardless of when that defendant was served, the case was removable the moment it was filed in state court—there was no Missouri citizen defendant involved. The plaintiff did not attempt to add the former managers until the case had been on file for a year, and he said nothing about diversity jurisdiction when he did so. *Id.* at 306-07. This Court properly affirmed the refusal to add Missouri citizens so late in the game when it would prevent the out-of-state defendant's access to a federal forum that Congress intended it should enjoy.

But President Trump sued Iowa citizens from the beginning. He filed his amended complaint as a matter of right and with leave of the district court. He made no secret about the impact on diversity jurisdiction when he did so. In our context,

12

it is the defendants, not President Trump, who have engaged in gamesmanship. President Trump added plaintiffs with a common complaint against these defendants to a case, that but for obtaining service in an impractical and unreasonable time of less than eleven hours, would have been in state court all along.

To that end, the district court's joinder analysis was incorrect here. Plaintiffs were injured by the same defendants, under the same facts, and on the same day. Fed. R. Civ. P. 20(a)(1) permits multiple plaintiffs to join in a single action "if they assert claims with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" or when "any question of law or fact common to all plaintiffs will arise in the action." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). This Court explained that its understanding of "transaction" under this rule is "very broad." *Id.* The word is one "of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* If events are "logically related" they "generally are regarded as comprising a transaction or occurrence." *Id.*

"[J]oinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America* v. *Gibbs*, 383 U.S. 715, 724 (1966). "Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Mosley* v. *General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Even so, the district court refused to join additional plaintiffs because their presence would defeat diversity—even though the case was filed in state court and removed only through procedural machinations. That was reversible error.

13

The ordinary standards for interlocutory review are met here. Resolution of these legal issues on interlocutory appeal will materially advance the ultimate resolution of the litigation by avoiding the waste of judicial and party resources on further proceedings in federal court when jurisdiction is lacking. This case should not proceed to final judgment in federal court with a substantial and unresolved subject-matter jurisdiction question lingering. Appellate resolution will also clarify important procedural and jurisdictional questions in this Circuit.

## VI. CONCLUSION

For the foregoing reasons, this Court should grant the petition for permission to appeal.

Dated: June 2, 2025                    Respectfully submitted,

/s/ Alan R. Ostergren
**Alan R. Ostergren**
ALAN R. OSTERGREN PC
500 East Court
Avenue Suite 420
Des Moines, Iowa 50309
(515) 207-0134
alan.ostergren@ostergrenlaw.com

**Edward Andrew Paltzik**
Bochner PLLC
1040 Avenue of the Americas, 15th Fl.
New York, NY 10018
(516) 526-0341
edward@bochner.law
*Admission pending to U.S. Court of Appeals for the*
*Eighth Circuit*

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32 (a)(6). This document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac ver. 16.97.2 in 14-point Equity B type style. According to that word processing system, this document contains **2,782** words, excluding parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this petition and the addendum have been scanned for computer viruses and been found to be virus-free.


Dated: June 2, 2025        /s/ Alan R. Ostergren
                           **Alan R. Ostergren**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 2, 2025          /s/ Alan R. Ostergren
                             **Alan R. Ostergren**