IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
Central Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE SENATOR BRADLEY ZAUN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>Defendants. | Case No. 4:24-cv-00449-RGE-WPK<br><br>**PLAINTIFFS' RESISTANCE TO MOTION TO STRIKE NOTICE OF DISMISSAL** |

Plaintiffs President Donald J. Trump, Representative Mariannette Miller-Meeks, and Former State Senator Bradley Zaun (collectively "Plaintiffs"), resist Defendants Des Moines Register & Tribune Co. and Gannett Co., Inc. (collectively "Defendants") motion to strike the notice of dismissal (ECF 72). The motion rests on multiple faulty premises, misunderstands the jurisdiction of the district court when the notice of dismissal (ECF 71) was filed, and cites case law addressing fundamentally different procedural questions.

1

I.  **Dismissal under Rule 41(a)(1)(i) is not discretionary**

   a. **The text of the rule leaves no room for the Court to review a notice of dismissal**

A plaintiff may dismiss an action "Without a Court Order" by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…" Fed. R. Civ. P. 41(a)(1)(i). "Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). This disposition is final. "There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Id.* "This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Id.* The rule is "clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975). See also *Universidad Cent. Del Caribe, Inc. v. Liaison Committee on Medical Educ.*, 760 F.2d 14, (1st Cir. 1985) (holding "notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur" but reserving issue for where parties have extensively litigated a TRO and received a preliminary merits ruling.)

   b. **Precedent rejects the Defendants' position**

Defendants wrongly argue that "a party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." (ECF 72 at 4). Defendants incorrectly claim the rule about dismissals is "long-standing Eighth Circuit law," yet are unable to provide a case involving a Rule 41(a)(1)(i) dismissal. They cite two cases,

*Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) and *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). Neither help the Defendants as both involve dismissals under Rule 41(a)(2). This rule allows dismissals without prejudice "only by court order, on terms that the court considers proper."

In *Cahalan*, an injured worker brought claims against a co-worker and another motorist following an accident. *Cahalan*, 423 F.3d at 816. Because the co-worker was driving, he claimed that Cahalan's only remedy was an administrative proceeding under state workers' compensation law. *Id.* at 818. The district granted summary judgment to the other motorist but dismissed the claim against the co-worker without prejudice to permit the state claim to proceed. *Id.* In the co-worker's cross-appeal, the Eighth Circuit affirmed the dismissal without prejudice. *Id.*

*Cahalan* is not on point. The dismissal of the claim against the co-worker was under Fed. R. Civ. P. 41(a)(2). The plaintiff could not have dismissed under Rule 41(a)(1) because a motion for summary judgment had been filed. He needed the court's permission to dismiss the claim. Moreover, *Cahalan* did not overturn the dismissal. Instead, it affirmed the district court's decision to grant dismissal without prejudice to allow the plaintiff to most strategically prosecute his claims in an appropriate forum. Likewise, the dismissal here would permit Plaintiffs the benefit of coordinated litigation.

*Hamm* is also not on point. The plaintiffs sought voluntary dismissal under Rule 41(a)(1) after the district court had converted a Rule 12(b)(6) motion into a motion for summary judgment. *Hamm*, 187 F.3d at 950. "Here, appellants filed their motion for voluntary dismissal after [defendant's] motion for summary judgment had been filed, served, and ruled upon by the district court." *Id.* "In addition, this case was a putative class action…Rule 41(a)(1)(i) provides in part that voluntary dismissals are 'subject to the provisions of Rule 23(c).'" *Id.* at 951. "[T]he status of the

3

present case as a putative class action is another reason why appellants could not voluntarily dismiss without approval of the district court." *Id.*

This precise language—what does and does not end the right of the plaintiff to dismiss his lawsuit—was a deliberate choice of the drafters of Rule 41(a)(1). "Prior to the adoption of the Federal Rules, the plaintiff's right to voluntary dismissal in actions at law in the federal forum was, by virtue of the Conformity Act of 1872, controlled by state statutes." *Id.* at 296. In some states the dismissal could happen "until the trial began," or "the case was submitted to the jury, and in some until the verdict was returned." *Id.* (citing 9 Wright & Miller, Federal Practice and Procedure, Civil § 2363, at 151 (1971)). The Federal Rules "brought needed standardization to federal practice." *Id.* Rule 41(a)(1) grants plaintiffs the right to do exactly what they did here: give notice of a dismissal without prejudice. The rule "sanctions no…case-by-case analysis of the amount of effort expended by defendants…[it] means what it says." *Carter v. United States*, 547 F.3d 258, 259 (5th Cir. 1977).

Moreover, Defendants' implicit accusation of gamesmanship rings hollow when the removal of this case to federal court was effectuated by snap removal—a tactic recognized, both by courts which allow it and those which do not, as a form of gamesmanship. *See, e.g., Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 74 (W.D. Va. 2024) ("Plaintiff voices legitimate concerns about the potential weaponization of snap removal."); *Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1018 (D. Nev. 2021) ("Permitting snap removal would encourage gamesmanship, albeit from defendants rather than plaintiffs."). Defendants' protestations ring hollow when they seek to leverage quirks in civil procedure for their own benefit and cry foul at Plaintiffs following the explicit text of the Rules and the case law interpreting them.

Defendants also make an undeveloped argument about changes in Iowa law effective July 1, 2025. (ECF 72 at 4). The petition which commenced this action was

4

filed in state court in December 2024. This was before the Iowa Legislature convened for the 91st General Assembly and passed House File 472. The rules applicable to Plaintiffs' new state court lawsuit are the same as those applicable to the one that was removed to federal court. Defendants cite no authority that an inapplicable change in state law has any bearing on the plaintiffs right to dismiss their case under Rule 41(a)(1)(i).

The text of Rule 41(a)(1)(i) and the case law interpreting it lend no support to the Defendants. There is nothing the Court can do to rekindle this extinguished lawsuit.

## II.   Defendants Are Mistaken About Jurisdiction

But there is at least one other compelling reason why this meritless motion must be denied. Defendants' motion is based on the faulty premise that Plaintiffs have a pending appeal which is subject to Federal Rule of Appellate Procedure 42.

No appeal has yet been taken to the U.S. Court of Appeals for the Eighth Circuit. Plaintiffs have sought *permission* to appeal. Fed. R. App. P. 5(a)(1) ("To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition with the circuit clerk..."). Indeed, the relief sought in Plaintiffs' Petition to the Eight Circuit requested "an order *granting permission to appeal* the district court's denial of the motion to remand under 28 U.S.C. § 1292(b)." (ECF 72-1 at 14) (emphasis added). The Federal Rules of Appellate Procedure recognize that an appeal is only docketed once the circuit court grants permission to appeal. *See* Fed. R. App. P. 5(d) ("[T]he appellant must pay the district clerk all required fees...The district clerk must notify the circuit clerk once the petitioner has paid the fees. Upon receiving this notice, the circuit clerk must enter the appeal on the docket.").

Contrary to Defendant's position that Plaintiffs are estopped from claiming a pending appeal, no final order was issued when the Court denied their motion to

remand. Thus, dismissal was allowed. But the Court certified the issues in its order as immediately appealable under 28 U.S.C. § 1292(b). *Id.* at 10–11. If Defendants are correct about our procedural posture—that an appeal by Plaintiffs is pending—then it would have been unnecessary for the Court to make this certification because plaintiffs had the right to appeal the Court's denial of their motion to remand and to strike the additional plaintiffs in the amended complaint. This is simply incorrect. 28 U.S.C. § 1291 (appellate jurisdiction over final orders). "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999). The Court's order was not final. *See Owens v. Severin*, 293 F. App'x 425, 425 (8th Cir. 2008) (noting the court's lack of jurisdiction to entertain an interlocutory appeal on the denial of appellant's motion to amend his complaint).

The Defendants cite just two cases in support of their view that a dismissal cannot occur "while appellate proceedings are ongoing." (ECF 72 at 2). But the Defendants' authority involves substantially different circumstances.

In *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1104-05 (8th Cir. 1999), the court considered a complex dispute between the State of Missouri and an Indian tribe and its contractor over the tribe's Internet-based lottery. The procedural history was "tangled" as it involved two separate state lawsuits and claims of tribal immunity and federal preemption. *Id.* at 1105.

After the district court in *Coeur D'Alene* dismissed the State's claims against the tribe on trial immunity and federal preemption grounds, the State filed a notice of dismissal under Rule 41(a)(1)(i) for the contractor so that it could appeal as a matter of right the district court's rulings against the tribe. *Id.* The contractor had also moved to dismiss on the same grounds, but the district court denied it. *Id.* While the appeal of the now final order dismissing the case against the tribe was pending, the district court sought to frustrate the appeal by retroactively construing the

contractor's motion to dismiss as a motion for summary judgment because the motion "included matters outside the State's pleading…" *Id.* at 1106. "Long after it ruled on the motion, the district court concluded this automatically converted the motion to one for summary judgment, and it declared the State's voluntary dismissal untimely and invalid." *Id.* The tribe then claimed the Eighth Circuit had "no jurisdiction because the State's claims against [the contractor] are therefore still pending." *Id.*

The Eighth Circuit rejected this strategy which, relevant here, involved a filed notice of appeal. "The problem with this contention is that the district court took its action after the State filed its notice of appeal. Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." *Id.* This point has no application here. No notice of appeal has been filed. Plaintiffs have asked for permission to appeal, not sought one as a matter of right after a final judgment. Defendants' gloss on the procedural tangle in *Coeur D'Alene* as one where "appellate proceedings are ongoing" (ECF 72 at 2) does not capture the fundamental differences between asking for permission to appeal and a party's right to appeal a final order.

Undaunted, Defendants claim the rule explained in *Coeur D'Alene* also applies to interlocutory appeals. (ECF 72 at 3). They quote the case as observing "if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue." *Id.* (citing *Coeur D'Alene*, 164 F.3d at 1106-07.) This quote comes after the court acknowledged the danger that a party might try "using frivolous appeals to delay or interrupt proceedings in the district court," and thus the district court "does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *Coeur D'Alene*, 164 F.3d at 1106-07. But no doubt that if the Eighth Circuit were to have granted the petition for permission to appeal, it would have had jurisdiction to hear the case. 28 U.S.C. 1292(b).

7

Again, the Defendants gloss over vital details. Plaintiffs did not file a notice of appeal in response to the Court's refusal to remand and denial of the amended petition. They, at the Court's invitation, asked for permission to take an interlocutory appeal. Nothing in *Coeur D'Alene* suggests that the district court lost jurisdiction because of that request to the Eighth Circuit. The case simply does not hold the meaning that Defendants claim. *Coeur D'Alene* is explicit that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." 164 F.3d at 1106. The Federal Rules of Appellate Procedure give clear direction on what the analogue to a notice of appeal is in a case where a petition is filed seeking leave to appeal in instituting that "[a] notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules." Fed. R. App. P. 5(d)(2). Until the order granting permission to appeal has been entered, an appeal is not pending.

Defendants cite one additional case for their misplaced jurisdiction argument, *Ahlberg v. Chrylser Corp.*, 481 F.3d 630, 638 (8th Cir. 2007). There, the plaintiffs appealed the clerk's award of costs to the defendant. *Id.* After the notice of appeal, a magistrate judge independently entered an order awarding the defendants a lower amount. *Id.* The court held it could not review the magistrate judge's order because, "the filing of a notice of appeal…confers jurisdiction on the court of appeals and divests the district of its control over those aspects of the case involved in the appeal." *Id. Ahlberg* lends defendants no help here. It says nothing about a loss of district court jurisdiction when a petition for permission to appeal is pending in the circuit court.

Defendants claim the plaintiffs could not dismiss their petition for permission to appeal. (ECF 72 at 3). It is unclear what the Defendants think this Court can or should do with this argument. Do they believe the district court should give orders to the circuit court? In any event, their argument is wrong. They cite Fed. R. App. P.

8

42(b)(1) and (2), claiming that plaintiffs could only dismiss with a stipulation about how costs and court fees are paid or by approval of a motion by the appellate court. But Rule 42(b) applies to "docketed appeal[s]." No appeal will be docketed in the Eighth Circuit until that court would grant the petition for permission to appeal, and the required fees are paid to the district court clerk. Fed. R. App. P. 5(d)(3). Only when those steps have occurred will the circuit clerk "enter the appeal on the docket." *Id.* A "docketed appeal" is a term of art as defined by the appellate rules. The petition that was pending in the Eighth Circuit may have had a case number, but it was not a "docketed appeal."

A final point about the jurisdiction of the district court. Hours after filing their motion to strike, defendants Des Moines Register and Tribune Company and Gannett Co., Inc. filed an answer (ECF 75). Defendants J. Ann Selzer and Selzer and Company followed suit the next day (ECF 76). If Defendants believed the district court lacks jurisdiction while the petition for permission to appeal is before the Eighth Circuit, these filings are inconsistent with their position. If they mean anything, these filings by Defendants are a tacit admission that Plaintiffs were within their rights to file the notice of dismissal when they did. In any event, answers filed in a dismissed case accomplish nothing.

The Defendants' motion must be denied.

Respectfully submitted,

Dated: July 2, 2025

/s/ *Edward Andrew Paltzik*
Edward Andrew Paltzik
**TAYLOR DYKEMA PLLC**
925 E. 25th Street
Houston, TX 77009
(516) 526-0341
*edward@taylordykema.com*

/s/ *Alan R. Ostergren*
Alan R. Ostergren
**ALAN R. OSTERGREN PC**
500 East Court Avenue Suite 420
Des Moines, Iowa 50309
(515) 297-0134
*alan.ostergren@ostergrenlaw.com*

*Attorneys for Plaintiffs President Donald J. Trump, Representative Mariannette Miller-Meeks, and Former State Senator Bradley Zaun*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document was served upon all parties of record through the court's CM/ECF electronic filing system on July 2, 2025.

/s/ Alan R. Ostergren