IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD J. TRUMP,<br><br>        Plaintiff,<br>v.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>        Defendants. | No. 4:24-cv-00449-RGE-WPK<br><br>ORDER RE: DEFENDANTS' MOTION TO STRIKE |

On June 30, 2025, Plaintiff Donald J. Trump filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Pl.'s Notice Vol. Dismissal, ECF No. 71. The same day, Trump, Mariannette Miller-Meeks, and Bradley Zaun filed in the Iowa District Court for Polk County a petition in line with the Amended Complaint filed in this Court on January 31, 2025. *Compare* Pet., ECF No. 72-3 *with* Am. Compl., ECF No. 23. Defendants the Des Moines Register and Tribune Co. and Gannett Co., Inc. move to strike the voluntary dismissal and argue the Court should decline to terminate the case. The Register and Gannett's Mot. Strike, ECF No. 72. Defendants J. Ann Selzer and Selzer & Company join the motion to strike. Selzer and Selzer & Company's Notice of Joinder, ECF No. 74. The Court issued a text order requiring Trump to file a response to Defendants' motion to strike by June 2, 2025, at 12:00 p.m. ECF No. 73. Trump resists Defendants' motion to strike. Pl.'s Resist. Mot. Strike, ECF No. 77.

Previously, the Court denied Trump's motion to remand and vacated the Amended Complaint, ECF No. 23, as a nullity, ECF No. 65. The Court required Trump to file a newly amended complaint within seven days from the date the order was filed (i.e., by May 23, 2025) with certain stipulations. ECF No. 65 at 10–11. Due to the possibility of a substantial ground for

difference of opinion concerning 1) the propriety of snap removal and 2) the addition of a jurisdiction-defeating plaintiff after removal without leave of the court, the Court certified its order for immediate appeal under 28 U.S.C. § 1292(b). *Id.* Trump appealed and requested a stay of proceedings at the district court while his appeal with the Eighth Circuit was pending, and, in addition, Trump requested an extension of time to file the ordered amended complaint. Pl.'s Mot. Stay, ECF No. 66. The Court denied the stay without prejudice, but granted the extension, and provided Trump until July 18, 2025, to file a compliant amended complaint. Order Re. Mot. Stay, ECF No. 70.

On June 2, 2025, the circuit clerk of the Eighth Circuit notified counsel that a petition for permission to appeal was filed for this case. Notice U.S.C.A., ECF No. 69. The case number is 25-8003 and the case caption is "Donald J. Trump, et al v. J. Selzer et al." *Id.* at 1.

The Court strikes Trump's voluntary dismissal and declines to terminate the case. Because Trump's appeal confers jurisdiction to the Eighth Circuit over aspects of this case, Trump must first dismiss the appeal before voluntarily dismissing the district court case. *Cf. Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Federal Rule of Appellate Procedure 42 governs the steps an appellant must take to dismiss an appeal. If the appeal has not been docketed by the circuit clerk, "the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." Fed. R. App. P. 42(a). If the circuit clerk has docketed the appeal, jurisdiction to dismiss the appeal lies with the circuit court. *Id.* 42(b).

The parties dispute whether Trump's appeal has been docketed by the circuit clerk. *See* ECF No. 72 at 2; ECF No. 77 at 5. Regardless of whether the appeal has been docketed, Trump

did not file a motion to dismiss the appeal in the district court, *see* Fed. R. App. P. 42(a), nor in the circuit court, *see id.* 42(b). Because Trump has not filed such motion in either the district court or the circuit court, this Court can take no action that would affect the pending matter before the Eighth Circuit. Giving effect to a notice of voluntary dismissal, for all practical purposes, would result in a dismissal of Trump's appeal—which is procedurally improper. *Cf. Griggs*, 459 U.S. at 58; Fed. R. App. P. 42.

As such, the Court grants Defendants' motion to strike.

**IT IS ORDERED** that Defendants J. Ann Selzer, Selzer & Company, Des Moines Register and Tribune Company, and Gannett Co., Inc.'s Motion to Strike, ECF No. 72, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump's Notice of Voluntary Dismissal, ECF No. 71, is struck from the record.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2025.

Rebecca Goodgame Ebinger
UNITED STATES DISTRICT JUDGE

3