## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE SENATOR BRADLEY ZAUN, an individual, <br><br> *Plaintiffs*, <br><br> v. <br><br> J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC., <br><br> *Defendants*. | Civil Case No. 4:24-cv-449-RGE-WPK <br><br> **DEFENDANTS J. ANN SELZER AND SELZER & COMPANY'S AMENDED ANSWER TO PLAINTIFF'S PETITION** |

Defendants J. Ann Selzer and Selzer & Company (collectively the "Selzer Defendants"), by and through undersigned counsel, file this Amended Answer under Fed. R. Civ. P. 15(a)(1)(A) and respond to the Petition of Plaintiff President Donald J. Trump (ECF No. 1-1) as follows:

### PRELIMINARY STATEMENT

On May 23, 2025, this Court entered its Order denying Plaintiff's Motion for Remand. (*See* ECF No. 65; *see also* ECF No. 30.) The Order vacated President Trump's Amended Complaint. (*See* ECF No. 65 at 11; *see also* ECF No. 23.) It further acknowledged the Court's proper exercise of jurisdiction over this dispute and the Court's "virtually unflagging obligation to exercise it." (ECF No. 65 at 7, 10 (quoting *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) (cleaned up)).)

On June 30, 2025, despite a pending appeal and in violation of relevant caselaw and the Federal Rules of Appellate Procedure, President Trump filed both a Notice of Voluntary Dismissal in this Court and a Dismissal of Petition for Permission to Appeal in the Eighth Circuit. Hours

before filing either dismissal, President Trump also filed a new Petition in the Iowa District Court for Polk County (the "Second Iowa Petition"). The Second Iowa Petition is substantively identical to the Amended Complaint this Court has deemed a nullity.

The Court should strike President Trump's Notice of Voluntary Dismissal for the reasons stated in the Motion to Strike filed by Defendants Des Moines Register & Tribune Co. and Gannett Co., Inc. (collectively the "Press Defendants") and joined by the Selzer Defendants (ECF Nos. 72, 74). The filings made by Plaintiffs on June 30, 2025, in this Court, the Eighth Circuit, and the Iowa District Court for Polk County suggest they will continue to engage in improper and invalid procedural maneuvering to avoid this Court's jurisdiction as well as adverse actions by the federal courts. *Cf. Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum.").

On July 2, 2025, this Court granted the Defendants' motions to strike Plaintiffs' notice of voluntary dismissal. (ECF No. 78). On July 3, 2025, the Eighth Circuit denied Plaintiffs' petition for permission to appeal and issued a reconferring jurisdiction on this Court.

Because President Trump suggests that answers filed while the United States Court of Appeals for the Eighth Circuit had jurisdiction over this matter (ECF No. 77) were without effect, the Selzer Defendants file this Amended Answer out of an abundance of caution now that this Court has renewed jurisdiction.

The Selzer Defendants file this Amended Answer to further prohibit Plaintiffs from again seeking dismissal without leave of the Court following the conclusion of proceedings before the Eighth Circuit. The Selzer Defendants submit this Amended Answer to the presently operative pleading—*i.e.*, Plaintiff's original Petition. (*See* ECF No. 1-1; *see also* ECF No. 65 at 11 (deeming the Amended Complaint a "nullity").) By filing this Amended Answer, the Selzer Defendants do

not waive and expressly reserve all rights to pursue dismissal of the currently pending pleading or any future superseding pleading on the grounds stated in their pending Motion to Dismiss or any other grounds properly brought before the Court.

## NATURE OF THE ACTION

1.     This action, which arises under the Iowa Consumer Fraud Act, Iowa Code Chapter 714H, including § 714H.3(1) and related provisions, seeks accountability for brazen election interference committed by the Defendants in favor of now-defeated former Democrat candidate Kamala Harris ("Harris") through use of a leaked and manipulated Des Moines Register/Mediacom Iowa Poll conducted by Selzer and S&C, and published by DMR and Gannett in the Des Moines Register on November 2, 2024 (the "Harris Poll"). *See* Brianne Pfannenstiel, Iowa Poll: Kamala Harris leapfrogs Donald Trump to take lead near Election Day. Here's how. DES        MOINES        REGISTER        (Nov.        2,        2024), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2024/11/02/iowa-pollkamala-harris-leads-donald-trump-2024-presidential-race/75354033007/ (last visited Dec. 16, 2024) (the "Register Article").

**<u>ANSWER</u>**: The Selzer Defendants admit that Plaintiff purports to bring a claim for alleged violation of the Iowa Consumer Fraud Act. The Selzer Defendants state that the article referenced in Paragraph 1 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 1.

2.     Contrary to reality and defying credulity, Defendants' Harris Poll was published three days before Election Day and purported to show Harris leading President Trump in Iowa by three points (*see* Register Article); President Trump ultimately won Iowa by *over thirteen* points. *See Iowa President*, ASSOCIATED PRESS,    https://apnews.com/projects/election-results-

2024/iowa/?r=0 (last visited Dec. 16, 2024). Before this astonishing sixteen-point polling miss Selzer brazenly claimed: "It's hard for anybody to say they saw this coming . . . . Harris has clearly leaped into a leading position." (*See* Register Article). However, as Selzer well knew, there was a perfectly good reason nobody "saw this coming": because a three-point lead for Harris in deep-red Iowa was not reality, it was election-interfering fiction.

**ANSWER**: The Selzer Defendants state that the articles referred to in Paragraph 2 speak for themselves. The Selzer Defendants admit that J. Ann Selzer stated the words recited in the quotes ("It's hard for anybody to say they saw this coming . . . . Harris has clearly leaped into a leading position."). The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants deny the remaining allegations stated in Paragraph 2.

3.     Yet, Selzer—who had prided herself on a mainstream reputation for accuracy despite several far less publicized egregious polling misses in favor of Democrats—discussed *infra*—would have the public believe it was merely a coincidence that one of the worst polling misses of her career came just days before the most consequential election in memory, was leaked, *and* happened to go against the Republican candidate. The Harris Poll was no "miss" but rather an attempt to influence the outcome of the 2024 Presidential Election.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 3.

4.     President Trump's resounding victory was consistent with Iowa's recent electoral history: he won Iowa by over eight points and nearly ten points, respectively, in the 2020 and 2016 Presidential Elections. *See Iowa*, CNN, https://www.cnn.com/election/2016/results/states/iowa (last visited Dec. 16, 2024); *Iowa*, CNN, https://www.cnn.com/election/2020/results/state/iowa (last visited Dec. 16, 2024).

**ANSWER**:  The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants state that the articles referenced in Paragraph 4 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 4.

5.      Defendants and their cohorts in the Democrat Party hoped that the Harris Poll would create a false narrative of inevitability for Harris in the final week of the 2024 Presidential Election. Instead, the November 5 Election was a monumental victory for President Trump in both the Electoral College and the Popular Vote, an overwhelming mandate for his America First principles, and the consignment of the radical socialist agenda to the dustbin of history.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 5.

6.      Selzer, after over 35 years in the industry, retired in disgrace from polling less than two weeks after this embarrassing rout. *See* Ben Brasch, *Ann Selzer to step away from Iowa Poll with the Des Moines Register*, WASHINGTON POST (Nov. 17, 2024), https://www.washingtonpost.com/politics/2024/11/17/selzer-poll-iowa-election/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 6 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 6.

7.      As Iowa Republican Party Chairman Jeff Kaufman observed: "Not only did [Selzer] disrespect Iowa and our voters, but she caused Iowa to be laughed at by the entire country." *See* Jeff Kaufman, *Trump wins, Ann Selzer loses*, WASHINGTON EXAMINER (Nov. 13, 2024), https://www.washingtonexaminer.com/opinion/3227498/trump-wins-ann-selzer-loses/#google_vignette (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 7 speaks for

itself. The Selzer Defendants deny any remaining allegations stated in Paragraph 7.

8.      For too long, left-wing pollsters have attempted to influence electoral outcomes through manipulated polls that have unacceptable error rates and are not grounded in widely accepted polling methodologies. While Selzer is not the only pollster to engage in this corrupt practice, she had a huge platform and following and, thus, a significant and impactful opportunity to deceive voters. As Selzer knows, this type of manipulation creates a narrative of inevitability for Democrat candidates, increases enthusiasm among Democrats, compels Republicans to divert campaign time and money to areas in which they are ahead, and deceives the public into believing that Democrat candidates are performing better than they really are.

        **ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 8.

9.      The Democrat need for fake polling was even more acute than usual in the 2024 Election, given Harris's many fatal weaknesses as a candidate and lack of appeal to critical swaths of the traditional Democrat base. Her incessant use of "word salads"—*i.e.*, jumbles of exceptionally incoherent speech—only underscored the urgency for left-wing pollsters to try and rescue Harris's candidacy. *See, e.g.*, Hanna Panreck, *CNN panel critical of Kamala Harris' town hall performance: 'World salad city'*, CNN (Oct. 24, 2024) https://www.foxnews.com/media/cnn-panel-critical-kamala-harris-town-hall-performance-word-salad-city (last visited Dec. 16, 2024); Ian Hanchett, *Van Jones: Harris Had Needless 'Evasions' During CNN Town Hall, 'Word Salad Stuff' Is Annoying*, BREITBART (Oct. 24, 2024), https://www.breitbart.com/clips/2024/10/24/van-jones-harris-had-needless-evasions-during-cnn-town-hall-word-salad-stuff-is-annoying/ (last visited Dec. 16, 2024); Ian Hanchett, *Axelrod: Harris Gives a 'Kind of' 'Word Salad' 'When She Doesn't Want to Answer a Question' Like on Israel*, BREITBART (Oct. 24, 2024), https://www.breitbart.com/clips/2024/10/24/axelrod-harris-gives-a-

kind-of-word-salad-when-she-doesnt-want-to-answer-a-question-like-on-israel/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 9 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 9.

10.    Millions of Americans, including Plaintiff, residents of Iowa, and Iowans who contributed to President Trump's Campaign and its affiliated entities (the "Trump 2024 Campaign"), were deceived by the doctored Harris Poll. President Trump has made impactful, widely read statements on the matter, writing on Truth Social, *inter alia*, that Selzer's misconduct caused "great distrust and uncertainty at a very critical time." *See* President Donald J. Trump, Truth Social (Dec. 9, 2024); *see also Harris Now Leads Trump*, DES MOINES REGISTER (Nov. 3, 2024), at 1, 6A (excerpt shown below).

**ANSWER**: The Selzer Defendants state the Truth Social post and article referred to in Paragraph 10 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 10.

11.    Selzer's polling "miss" was not an astonishing coincidence—it was intentional. As President Trump observed: "She knew exactly what she was doing." *Id.*

**ANSWER**: The Selzer Defendants state the Truth Social post referred to in Paragraph 11 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 11.

12.    Defendants' conduct violated Iowa Code § 714H.3(1), pursuant to which "a person shall not engage in a practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact, with intent that others rely upon [same] . . . ."

**ANSWER**: The Selzer Defendants state the Iowa Code speaks for itself. The Selzer

Defendants deny the remaining allegations stated in Paragraph 12.

13.    Accordingly, President Trump brings this action to redress the immense harm caused to himself, to the Trump 2024 Campaign, and to millions of citizens in Iowa and across America by the Harris Poll and the Defendants.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 13.

14.    Further, this action is necessary to deter Defendants and their fellow radicals from continuing to act with corrupt intent in releasing polls manufactured for the purpose of skewing election results in favor of Democrats.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 14.

## PARTIES

15.    President Trump is a citizen of the United States, a resident of the State of Florida, the 45th President of the United States of America, and, as the landslide winner of the 2024 Presidential Election, the President-elect and incoming 47th President of the United States.

**ANSWER**: The Selzer Defendants deny that President Trump won the 2024 Presidential Election in a "landslide." The Selzer Defendants deny that President Trump is the "President-elect and incoming 47th President of the United States" and affirmatively state that President Trump is currently serving as the 47th President of the United States. The Selzer Defendants admit the remaining allegations stated in Paragraph 15.

16.    Defendant Selzer is a natural person, a citizen of Iowa, and is the founder and president of S&C. Selzer worked as the pollster for the *Des Moines Register* for many years, overseeing all the *Register's* polls from 1987 to 2024. She has also conducted polls for *The Detroit Free Press*, *Bloomberg News*, and the *Indianapolis Star*.

**ANSWER**: The Selzer Defendants admit that Defendant J. Ann Selzer is a natural person,

a citizen of Iowa, and the founder and president of Selzer & Company. The Selzer Defendants deny that Defendant J. Ann Selzer was the only pollster for the *Des Moines Register* and deny that J. Ann Selzer oversaw all the *Register*'s polls from 1987 to 2024. The Selzer Defendants deny that J. Ann Selzer and/or Selzer & Company had a continuous relationship with the *Register* between 1987 and 2024. The Selzer Defendants state that Defendant J. Ann Selzer was an employee of the *Register* during the years 1987 to 1992, and Selzer & Company was contracted by the *Register* between 1997 and 2024. The Selzer Defendants admit that Defendant J. Ann Selzer, through Selzer & Company, also conducted polls for *The Detroit Free Press*, *Bloomberg News*, and the *Indianapolis Star*. The Selzer Defendants deny the remaining allegations stated in Paragraph 16.

17.    Defendant S&C is an Iowa domestic corporation that does business in Iowa generally, and in Polk County specifically. Selzer has published and released her polls to the public by and through S&C.

**ANSWER**: The Selzer Defendants deny that S&C's polls are Defendant J. Ann Selzer's polls as opposed to S&C's polls. The Selzer Defendants also deny that they publish polls. The Selzer Defendants admit the remaining allegations stated in Paragraph 17.

18.    Defendant DMR is an Iowa domestic corporation that does business in Iowa generally and in Polk County specifically. DMR owns and publishes the *Des Moines Register*.

**ANSWER**: The allegations in Paragraph 18 are directed to another Defendant, so no response is required. To the extent a response is required, the Selzer Defendants state that they lack sufficient knowledge or information to form a current belief as to the truth of the allegations stated in Paragraph 18 and, therefore, deny the allegations.

19.    Defendant Gannett is a Delaware corporation headquartered in Virginia that does business in Iowa generally, and in Polk County specifically. Gannett owns DMR and myriad other

publications, including the widely read and nationally distributed *USA Today*, and participates in the operations of the *Des Moines Register*, as evidenced by its investigation of the leak of the Harris Poll, discussed *infra*.

**ANSWER**: The allegations in Paragraph 19 are directed to another Defendant, so no response is required. To the extent a response is required, the Selzer Defendants state that they lack sufficient knowledge or information to form a current belief as to the truth of the allegations stated in Paragraph 19 and, therefore, deny the allegations.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction over this action under Iowa Code § 714.16(7). The amount in controversy exceeds the jurisdictional amount for a small claims action. Polk County is a proper venue because this is a "county where the transaction or any substantial portion of the transaction occurred" and where Defendants are "doing business." Iowa Code § 714.16(10).

**ANSWER**: The Selzer Defendants state the allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the Selzer Defendants deny the  allegations stated in Paragraph 20 and state that jurisdiction over this matter rests in the Southern District of Iowa.

21.    Defendants reside in Iowa or are incorporated in Iowa, engage in substantial business in Iowa, and target Iowa consumers in the conduct of their business.

**ANSWER**: The Selzer Defendants state that whether they "target Iowa consumers in the conduct of their business" is a legal conclusion to which no response is required. To the extent a response is required, the Selzer Defendants deny that allegation. The Selzer Defendants admit that Defendant J. Ann Selzer resides in Iowa. The Selzer Defendants admit that Selzer & Company is incorporated in Iowa. The Selzer Defendants admit that Selzer & Company engages in business

in Iowa. The Selzer Defendants deny that they sell products to consumers. To the extent the allegations in Paragraph 21 are directed to another Defendant, no response is required. To the extent a response is required as to the allegations directed to another Defendant, the Selzer Defendants state they lack sufficient knowledge or information to form a belief as to the truth of the allegations stated in Paragraph 21 and, therefore, deny the allegations. The Selzer Defendants deny the remaining allegations stated in Paragraph 21.

## FACTUAL ALLEGATIONS

### *Selzer's Misleading Reputation for Objectivity*

22.     Selzer has long enjoyed a celebrated mainstream reputation for accurate polling. For example, in 2016, Clare Malone of *FiveThirtyEight* described Selzer as "the best pollster in politics." *See* Clare Malone, *Ann Selzer Is The Best Pollster In Politics*, FIVETHIRTYEIGHT (Jan. 27, 2016), https://fivethirtyeight.com/features/selzer/ (last visited Dec. 16, 2024). In a June 2024 rating of 25 pollsters, Nate Silver rated Selzer first with an A+ score. *See* Nate Silver, *Pollster ratings*, *Silver Bulletin style*, SILVER BULLETIN (June 12, 2024), https://www.natesilver.net/p/pollster-ratings-silver-bulletin (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 22 speak for themselves. The Selzer Defendants deny any remaining allegations stated in Paragraph 22.

23.     However, underneath the surface, Selzer has quietly used her polls to try and influence recent races in favor of Democrats, receiving ample cover from the legacy media and thus lacking accountability. As Chairman Kaufman observed after President Trump's commanding victory: "For too long, we have let Ann Selzer use her polls to influence races. She is fully aware that her polls can influence voters." *See* Kaufman, *Trump wins, Ann Selzer loses*, *supra*.

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 23 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 23.

24.    In 2022, Selzer attempted to influence the outcome of the Iowa Attorney General Election between current Republican Attorney General Brenna Bird and then-Democrat incumbent Tom Miller (who had served in that capacity for a cumulative total of 40 years). To do so, Selzer released a poll that missed the mark by an even more astonishing amount than the Harris Poll—*eighteen* points. *See* Stephen Gruber-Miller, *Iowa Poll: Tom Miller leads Brenna Bird by 16 percentage points in attorney general race*, DES MOINES REGISTER (Oct. 25, 2022), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2022/10/25/iowa-poll-attorney-general-election-tom-miller-brenna-bird-2022/69563197007/ (last visited Dec. 16, 2024) ("The poll was conducted Oct. 9-12 by Selzer & Co."). Yet, two weeks after Selzer declared that Bird trailed Miller by sixteen points, Bird defeated Miller by two points. *See* Stephen Gruber- Miller, *Republican Brenna Bird defeats Tom Miller in Iowa attorney general race*, DES MOINES REGISTER                    (Nov.                    9,                    2022), https://www.desmoinesregister.com/story/news/politics/elections/2022/11/09/brenna-bird-topples-incumbent-tom-miller-in-iowa-attorney-general-race/69610291007/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 24 speak for themselves. The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants deny the remaining allegations stated in Paragraph 24.

25.    In the 2018 Iowa governor's race between Democrat Fred Hubbell and Republican Kim Reynolds, Selzer showed Hubbell up by two points in the final November poll. *See* Brianne Pfannestiel, *Just days before election, Iowa poll shows Fred Hubbell with 2-point lead over Kim*

*Reynolds*, DES MOINES REGISTER (Nov. 3, 2018), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2018/11/03/iowa-poll-governor-race-kim-reynolds-fred-hubbell-jake-porter-selzer-iowa-election-2018-medicaid/1871874002/ (last visited Dec. 16, 2024). Reynolds won by three points. *See Iowa Governor Election Results 2018,* POLITICO (Dec. 9, 2018), https://www.politico.com/election-results/2018/iowa/governor/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 25 speak for themselves. The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants deny any remaining allegations stated in Paragraph 25.

26.    In the 2020 U.S. Senate race, Selzer showed Republican Joni Ernst behind Democrat Theresa Greenfield by three points in June and three points in September. *See* Brianne Pfannestiel, *Iowa Poll: Theresa Greenfield narrowly leads Joni Ernst in hyper-competitive Senate race*, DES MOINES REGISTER (Sept. 19, 2020), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2020/09/19/iowa-poll-theresa-greenfield-narrowly-leads-joni-ernst-senate-race/3486994001/ (last visited Dec. 16, 2024). Selzer then belatedly put Ernst ahead by four points a little over a month later in the final poll. *See* Brianne Pfannestiel, *Iowa Poll: Republican Joni Ernst pulls ahead of Democrat Theresa Greenfield in closing days of U.S. Senate Race*, DES MOINES REGISTER (Oct. 31, 2020), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2020/10/31/election-2020-iowa-poll-greenfield-ernst-us-senate-race-voters/6055545002/ (last visited Dec. 16, 2024).

Notwithstanding Selzer's efforts to create suspense where there was none, Ernst won the race by a very comfortable seven points. *See Iowa U.S. Senate Results 2020,* POLITICO (Jan. 6,

2021), https://www.politico.com/2020-election/results/iowa/senate/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 26 speak for themselves. The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants deny the remaining allegations stated in Paragraph 26.

27.     These races were not a matter of being wrong in the end—they exposed that Selzer and the rest of the Defendants were manufacturing fake support for Democrat candidates.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 27.

### *The Harris Poll*

28.     On the evening of November 2, 2024, when the Harris Poll was unveiled in the Register Article, President Trump led Harris in Iowa by any objective, reasonable, and reliable measure.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 28.

29.     Notably, up until Defendants released the Harris Poll, Selzer's previous 2024 Presidential Election polls published in the *Des Moines Register* showed President Trump leading. *See* Brianne Pfannestiel, *Trump's Iowa lead shrinks significantly as Kamala Harris replaced Biden, Iowa Poll shows*, DES MOINES REGISTER (Sept. 15, 2024), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2024/09/15/iowa-poll-donald-trump-iowa-lead-shrinks-as-kamala-harris-replaces-joe-biden/75180245007/ (last visited Dec. 16, 2024). Although Selzer was trying to generate fake enthusiasm and momentum for Harris—she characterized Harris's supposed four-point deficit as a "dramatic turnaround from Joe Biden's double-digit deficit"—this September poll still had President Trump up by four points. *Id*.

**ANSWER**: The Selzer Defendants state the poll results and article referred to in Paragraph

29 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 29.

30.    The premise of Selzer's poll—that Harris had somehow turned Joe Biden's eighteen-point deficit into a mere four-point deficit—was so implausible that no objective pollster could have honestly advanced it. "'I wouldn't say 4 points is comfortable' for Trump, said pollster J. Ann Selzer, president of Selzer & Co. 'The race has tightened significantly.'" *Id.*

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 30 speaks for itself. The Selzer Defendants admit that Defendant J. Ann Selzer stated the words "I wouldn't say 4 points is comfortable" and "The race has tightened significantly." The Selzer Defendants deny the remaining allegations stated in Paragraph 30.

31.    This poll—purporting to show that President Trump's commanding lead all but vanished upon Harris's entry into the race—was indicative of Defendants' intent, even as early as September, to paint an incorrect and cynical picture of the downward trajectory for President Trump in the face of a supposedly turbocharged Harris Campaign. In truth, Harris's hollow message of "joy" was missing badly with voters across all demographics and regions, who craved actual policy changes that only President Trump can and will deliver. *See* Herald readers, *Message of 'joy' at Democratic Convention hides Kamala Harris' poor track record*, MIAMI HERALD (Aug. 27, 2024), https://www.miamiherald.com/opinion/article291479270.html (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 31 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 31.

32.    Meanwhile*, every other* mainstream Iowa poll also showed President Trump comfortably ahead by significantly more than Selzer presented. A poll conducted September 2728,

15

2024 by Cygnal showed President Trump ahead by seven points; a poll conducted November 1-2, 2024 by Emerson College showed President Trump ahead by nine points; a poll conducted November 2-3, 2024 by InsiderAdvantage showed President Trump ahead by seven points; a poll conducted November 2-3, 2024 by SoCal Strategies showed President Trump ahead by seven points; and a second poll conducted November 2-3, 2024 by SoCal Strategies showed President Trump ahead by eight points. *See Iowa Latest Polls*, FIVETHIRTYEIGHT, https://projects.fivethirtyeight.com/polls/iowa/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the poll results and website referred to in Paragraph 32 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 32.

33.    In sharp contrast, the Harris Poll then falsely showed Harris leading President Trump in Iowa with just three days to go, which suggested major, in reality nonexistent, momentum for Harris nationwide. In truth, the Harris Poll, was just a piece of political theater concocted by an individual—Selzer—who, as a supposedly legendary pollster with the power to shape public perception of elections, should have known better than to poison the electorate with a poll that was nothing more than a work of fantasy. *See* Shelby Talcott, *Gannett probes possible leak of bombshell Iowa poll*, SEMAFOR (Nov. 10, 2024), https://www.semafor.com/article/11/10/2024/gannett-probes-possible-leak-of-bombshell-iowa-poll (last visited Dec. 16, 2024) ("The Des Moines Register is legendarily careful with Selzer's polls, which shape perceptions of crucial early caucuses in both parties . . . .").

**ANSWER**: The Selzer Defendants deny that they conducted any poll known as the "Harris Poll." The Harris Poll is a separate company unaffiliated with S&C. The Selzer Defendants admit that the Iowa Poll published three days before the election showed Vice-

President Kamala Harris leading President Trump in Iowa. The Selzer Defendants state the poll results and article referred to in Paragraph 33 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 33.

34. The Harris Poll wasn't irregular just because it was wrong by an appalling sixteen points—indeed, not coincidentally, the circumstances under which the Harris Poll became public also broke DMR's longstanding policy of secrecy with Selzer's polls, giving rise to a clear inference that the Harris Poll was intended to aid Harris and harm President Trump.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 34.

35. The Harris Poll, a bombshell "making nationwide news and giving Democrats what would turn out to be false hope," was leaked by Defendants to Democrat operatives earlier in the day on November 2, many hours before the Register Article appeared. *Id.* ("But roughly 45 minutes prior to the poll's public release, a stray tweet predicted the poll's findings. Its author said that Illinois Governor JB Pritzker, a Duke University alumnus, had mentioned the not-yet-released poll during a Duke Democrats meeting that day."). This breach resulted in Gannett, DMR's parent company, investigating "how Pritzker and possibly other political actors could have learned of the poll early, and is reviewing employees' emails . . . ." *See* Talcott, *Gannett probes possible leak of bombshell Iowa poll*, *supra*; Yael Halon, *Company behind Selzer poll launches probe into potential leak after results published on X prior to publishing*, FOX NEWS (Nov. 11, 2024), https://www.foxnews.com/media/company-behind-seltzer-poll-launches-probe-potential-leak-after-results-posted-x-prior-publishing (last visited Dec. 16, 2024) ("The company behind the Des Moines Register, which published Ann Selzer's poorly-aged Iowa poll, has launched an investigation after the poll's findings were allegedly leaked on X prior to publishing . . . .").

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 35 speaks

for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 35.

36.     The "stray tweet" referenced in the *Semafor* article was posted by "Ryan@IllinoisLib" at 6:15 p.m. EST on November 2, 2024, and has now been viewed over 1,000,000 times, stating: *See* https://x.com/IllinoisLib/status/1852837036597948760 (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the tweet referenced in Paragraph 36 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 36.

37.     It is clear that the Harris Poll, unlike Defendants' other polls, was leaked because the Harris Poll was created by Selzer and published by DMR for maximum "shock and awe" political impact rather than accuracy or reliability. It is indeed no coincidence that Defendants' most significant polling "miss" also happened to be the one that would be leaked to cause as much harm to the electoral process as possible—and one that induced the legacy media to go "all in" and treat the Harris Poll as a "canary in the coal mine" for President Trump. *See* Montage, *Media goes all in on Iowa poll showing Harris lead, sees 'canary in the coal mine' for Trump,* FOX NEWS (Nov. 4, 2024), https://www.foxnews.com/video/6364191963112 (last visited Dec. 16, 2024) ("MSNBC, CNN and the hosts of 'The View' went all in on the results of a new Des Moines Register poll that found Vice President Kamala Harris leading Donald Trump by three points in Iowa.").

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 37 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 37.

38.     Indeed, as intended by Defendants, the Harris Poll grabbed national and international headlines. *See, e.g.,* Dan Mangan, *Shock poll shows Harris leading Trump in Iowa,* CNBC (Nov. 2, 2024), https://www.nbcbayarea.com/news/business/money-report/shock-poll-

shows-harris-leading-tump-in-iowa/3697783/?os=io...&reapp (last visited Dec. 16. 2024);

Chidanand Rajghatta, *Ayya va! Shock poll in non-battleground state shows Kamala winning,*

TIMES OF INDIA (Nov. 3, 2024), https://timesofindia.indiatimes.com/world/us/ayya-va-shock-

poll-in-non-battleground-state-shows-kamala-winning/articleshow/114914960.cms (last visited

Dec. 16, 2024); Nate Silver, *What 'Shocking New Iowa Poll Means' for Kampala Harris'*

*Chances,* NEWSWEEK (Nov. 2, 2024) https://www.newsweek.com/what-shocking-new-iowa-

poll-means-kamala-harris-chances-nate-silver-1979244 (last visited Dec. 16, 2024); Brie Stimson,

*Shock Poll has Harris leading Trump in Iowa with 3-point shift toward vice president in red state,*

FOX NEWS (Nov. 2, 2024) https://www.foxnews.com/politics/shock-poll-harris-leading-trump-

iowa-3-point-shift-toward-vice-president-red-state.amp (last visited Dec. 16, 2024); Jennifer

Agiesta, *Trump no longer leads in a state he carried twice, according to new Iowa Poll,* CNN

POLITICS (Nov. 2, 2024), https://www.cnn.com/2024/11/02/politicthowa-poll-harris-

tiump/index.html (last visited Dec. 16 2024); Sara Dorn, *Why Outler Poll Showing Harris*

*Winning Iowa Could Spell Trouble For Trump,* FORBES (Nov. 3, 2024)

https://www.forbes.com/sites/saradorn/2024/11/03/why-outlier-poll-showing-harris-winning-

iowa-could-spell-trouble-for-trump/ (last visited Dec. 16, 2024).

    **ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 38 speak

for themselves. The Selzer Defendants deny any remaining allegations stated in Paragraph 38.

    39.    After President Trump's historic victory, Selzer, aided and abetted by DMR and

Gannett, attempted to sidestep her disastrous and deceitful Harris Poll with vacuous platitudes and

discussion about her next career moves. *See* J. Ann Selzer, *Pollster Ann Selzer ending election*

*polling*, *moving 'to other ventures and opportunities,'* DES MOINES REGISTER (Nov. 17, 2024),

https://www.desmoinesregister.com/story/opinion/columnists/2024/11/17/ann-selzer-conducts-

iowa-poll-ending-election-polling-moving-to-other-opportunities/76334909007/ (last visited Dec. 16, 2024). In reality, Selzer quit the polling industry in disgrace after an attempt at election interference.

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 39 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 39.

40.    Further, lacking any sensible or innocent explanation for the Harris Poll, the *Des Moines Register* could only weakly offer that "[t]o date, no likely single culprit has emerged to explain the wide disparity." *See* Carol Hunter, *An update from the editor: What a review of the pre-election Iowa Poll has found,* DES MOINES REGISTER (Nov. 17, 2024), https://www.desmoinesregister.com/story/opinion/columnists/from-the-editor/2024/11/17/editors-update-what-a-review-of-the-pre-election-iowa-poll-has-found/76300644007/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 40 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 40.

41.    Selzer, aware that there is no innocent explanation for the Harris Poll, continues to try and talk her way out of the disastrous fiction she unleashed on the public. *See* Hanna Panreck, *Former pollster Ann Selzer hits back at criticisms over Iowa poll: 'They are accusing me of a crime,'* FOX NEWS (Dec. 15, 2024), https://www.foxnews.com/media/former-pollster-ann-selzer-hits-back-criticisms-over-iowa-poll-they-accusing-me-crime (last visited Dec. 16, 2024). Appearing on the *Iowa Press*, Selzer remarked: "Well, I'm not here to break any news. If you were hoping that I had landed one exactly why things went wrong, I have not." *See J. Ann Selzer,* IOWA PRESS (Dec. 13, 2024), https://www.iowapbs.org/shows/iowapress/iowa-press/episode/11885/j-ann-selzer (last visited Dec. 16, 2024). Later, Selzer inadvertently revealed the root of the problem,

that the Harris Poll was bought and paid for: "And the polling industry is predicated on getting people to pay money for their products." *Id*.

**ANSWER**: The Selzer Defendants state the articles referred to in Paragraph 41 speak for themselves. The Selzer Defendants deny that Defendant J. Ann Selzer stated the words as quoted in Paragraph 41. The Selzer Defendants admit that Defendant J. Ann Selzer remarked: "Well, I'm not here to break any news. If you were hoping that I had landed on exactly why things went wrong, I have not." The Selzer Defendants admit that Defendant J. Ann Selzer stated: "And the polling industry is predicated on getting people to pay money for their products." The Selzer Defendants deny Paragraph 41's characterization of Selzer's remarks. The Selzer Defendants deny the remaining allegations stated in Paragraph 41.

42.     The truth is that there is no sensible or innocent explanation for the Harris Poll since, as Manhattan Institute senior fellow James Piereson wrote, Selzer's "miss" was *beyond* extreme:

The Selzer Poll, with a margin of error of 3.4, missed the real outcome by 16 points, or by as many as five standard deviations from the true result as revealed on election day. What are the odds of drawing such a sample by legitimate means? Answer: roughly one time in 3.5 million trials. In other words, given these odds, the results in the Iowa poll likely did not come about by "honest error." *See* James Piereson, *Statistical questions about the Iowa poll,* THE NEW CRITERION (Nov. 12, 2024), https://newcriterion.com/dispatch/statistical-questions-about-the-iowa-poll/ (last  visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 42 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 42.

43.     Selzer's deceptive "miss" caused extensive harm:

It is more likely that someone deliberately manipulated the sample so that it included too many Democrats, or simply made up the numbers as they came in for the purpose of giving confidence to Harris voters and worry for Trump supporters, or to bring national attention to a poll taken in a state not regarded as competitive. The poll did receive national attention and was widely discussed. Selzer appeared on television interviews to talk about the poll and its implications. If the goal was to promote the poll, then the gambit succeeded—at least until election day, when it was revealed to be ridiculously far off the mark.

*Id.*

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 43 speaks for itself. The Selzer Defendants deny the remaining allegations stated in Paragraph 43.

44.    Indeed, Selzer *did* appear on television interviews, where she shamelessly promoted her Harris Poll to drum up Democrat fervor while feigning shock at her own findings, most notably on MSNBC with left-wing extremist Rachel Maddow. As Selzer had intended, a giddy Maddow—like other Democrat-aligned commentators who reported on the Harris Poll — spread manufactured enthusiasm and hope to MSNBC's overwhelmingly Democrat viewers. "And the reason this is *consequential* to our psyche is that if this is accurate—and if anybody is accurate it is likely to be Ann Selzer in the Iowa poll—if this is accurate—this implies that Harris might be winning Iowa." *See* Rachel Maddow, *'Shock result': Maddow on bombshell Iowa poll with Harris leading Trump,* MSNBC (Nov. 3, 2024), https://www.msnbc.com/msnbc/watch/-shock-result-maddow-on-bombshell-iowa-poll-with-harris-leading-trump-223450181755 (last visited Dec. 16, 2024). (Emphasis added).

**ANSWER**: The Selzer Defendants state the video and article referred to in Paragraph 44

speak for themselves. The Selzer Defendants admit that Defendant J. Ann Selzer has appeared on television shows. The Selzer Defendants admit that Defendant J. Ann Selzer has appeared on the Rachel Maddow program on MSNBC. The Selzer Defendants deny the remaining allegations stated in Paragraph 44.

45.     Maddow was perceptive about one thing: the Harris Poll *was* consequential, but for all the wrong reasons. Selzer, who Maddow breathlessly called a "living bullseye," carried more than enough weight to shift public perception about the race. *Id.*

**ANSWER**: The Selzer Defendants state the article and video referred to in Paragraph 45 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 45.

46.     Ironically, as Maddow attempted to put the magnitude of the Harris Poll in perspective for her suddenly rejuvenated audience, she only underscored why the Harris Poll was a partisan fiction. "Iowa is a State where neither campaign has spent any time or resources since the primaries. They don't have a ground game up there. They don't have ads up there. Trump won Iowa by eight points last time and nine points the time before that. Nobody thinks of it as a swing state . . . . but here she is with a lead?" *Id.*

**ANSWER**: The Selzer Defendants state the article and video referred to in Paragraph 46 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 46.

47.     Maddow then welcomed Selzer to the program, with the pollster immediately complimenting Maddow's perspective on the Harris Poll as "picture perfect." *Id.* Selzer added: "I don't see how anybody would look at those numbers and the history in Iowa in the past eight to twelve years and think that these numbers could have been foretold." *Id.* Of course, the numbers

could not have been foretold because they weren't possible, they were fake.

**ANSWER**: The Selzer Defendants state the article and video referred to in Paragraph 47 speak for themselves. The Selzer Defendants admit that Selzer stated: "I don't see how anybody would look at those numbers and the history in Iowa in the past eight, twelve years and think that these numbers could have been foretold." The Selzer Defendants deny the remaining allegations stated in Paragraph 47.

48.    Nor can Selzer hide behind feeble excuses about the purported difficulty of polling in races involving President Trump—the Harris Poll wasn't Selzer's only inexplicable, flagrant "miss" in favor of a Democrat candidate in the 2024 election cycle. The Harris Poll was one of *three* massive "misses" favoring Democrats this cycle.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 48.

49.    In the race for Iowa's 1st Congressional District between incumbent Republican Mariannette Miller-Meeks and Democrat challenger Christina Bohannan, Selzer projected Bohannan with a sixteen-point lead over Miller-Meeks, according to a poll published by the Des Moines Register on November 3, 2024. *See* Stephen Gruber-Miller, *Iowa poll: Democrats are preferred over Republicans in 2 of 4 congressional districts,* DES MOINES REGISTER (Nov. 3, 2024), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2024/11/03/iowa-poll-democrats-preferred-over-republicans-congress-nunn-baccam-miller-meeks-bohannan-hinson/75988058007/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the poll results and article referred to in Paragraph 49 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 49.

50.    Following a recount in what proved to be a historically tight race, Miller-Meeks

prevailed by 0.2%. *See* Marissa Payne, *Recount affirms Mariannette Miller-Meeks' win over Christina Bohannan in 1st District,* DES MOINES REGISTER (Nov. 27, 2024), https://www.desmoinesregister.com/story/news/politics/elections/2024/11/27/iowa-election-results-mariannette-miller-meeks-wins-congressional-1st-district-recount/76595052007/ (last visited Dec. 16, 2024). This outcome meant that Selzer's poll had been off by a whopping sixteen points—the same amount of the "miss" in the Harris Poll, also favoring the Democrat.

**ANSWER**: The Selzer Defendants state the article referred to in Paragraph 50 speaks for itself. The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants deny the remaining allegations stated in Paragraph 50.

51.    But that was not all. In the race for Iowa's 3rd Congressional District between incumbent Republican Zach Nunn and Democrat challenger Lanon Baccam, Selzer projected Baccam with a seven-point lead over Nunn, according to another poll published by the Des Moines Register on November 3, 2024. *See* Stephen Gruber-Miller, *Iowa poll: Democrats are preferred over Republicans in 2 of 4 congressional districts,* DES MOINES REGISTER (Nov. 3, 2024), https://www.desmoinesregister.com/story/news/politics/iowa-poll/2024/11/03/iowa-poll-democrats-preferred-over-republicans-congress-nunn-baccam-miller-meeks-bohannan-hinson/75988058007/ (last visited Dec. 16, 2024).

**ANSWER**: The Selzer Defendants state the poll results and article referred to in Paragraph 51 speak for themselves. The Selzer Defendants deny the remaining allegations stated in Paragraph 51.

52.    Notwithstanding Selzer's poll, Nunn prevailed by four points. *See* Stephen Gruber-Miller and Courtney Crowder, *Republican Zach Nunn defeats Lanon Baccam, wins reelection bid*

*in Iowa's 3rd District,* DES MOINES REGISTER (Nov. 6, 2024), https://www.desmoinesregister.com/story/news/politics/elections/2024/11/05/zach-nunn-lanon-baccam-face-off-in-iowas-3rd-congressional-district/75777485007/ (last visited Dec. 16, 2024).

This outcome meant Selzer's poll had been off by a disastrous eleven points—again in favor of the Democrat. The odds of a pollster with the experience and track record of Selzer innocently missing the presidential race, the 1st District race, and the 3rd District race by sixteen points, sixteen points, and eleven points, respectively, and favoring the Democrat candidates with all three "misses," are outside any reasonable range of error. *See* Pierson, *Statistical questions about the Iowa poll, supra.* This is proof of intentional wrongdoing.

**ANSWER**: The Selzer Defendants state the article and poll results referred to in Paragraph 52 speak for themselves. The Selzer Defendants defer to government records subject to judicial notice regarding the exact results of elections for public office. The Selzer Defendants deny the remaining allegations stated in Paragraph 52.

### CLAIMS FOR RELIEF

### COUNT I

*Violation of Iowa Consumer Fraud Act*
*Iowa Code Chapter 714H*
(All Defendants)

53.    Plaintiff realleges his allegations contained in paragraphs 1 through 52 as if set fully forth herein.

**ANSWER**: The Selzer Defendants re-allege their responses to Paragraphs 1 through 52 as if fully set forth.

54.    This action is brought pursuant to Iowa Code Chapter 714H and its relevant provisions.

**ANSWER**: The Selzer Defendants admit that Plaintiff purports to bring a claim for

alleged violation of the Iowa Consumer Fraud Act, Iowa Code Chapter 714H. The Selzer

Defendants deny that they have violated the Iowa Consumer Fraud Act ("ICFA"), Iowa Code

Chapter 714H.

55.    Iowa Code § 714H.3(1) provides:

A person shall not engage in a practice or act the person knows or reasonably should

know is an unfair practice, deception, fraud, false pretense, or false promise, or the

misrepresentation, concealment, suppression, or omission of a material fact, with

intent that others rely upon the unfair practice, deception, fraud, false pretense, false

promise, misrepresentation, concealment, suppression, or omission in connection

with the advertisement, sale, or lease of consumer merchandise . . . .

**ANSWER**: The Selzer Defendants state that the Iowa Code speaks for itself. The

Selzer Defendants deny that they have violated the ICFA.

56.    Iowa Code § 714H.2(3) defines a consumer as "a natural person or the person's

legal representative."

**ANSWER**: The Selzer Defendants state that the Iowa Code speaks for itself. The

Selzer Defendants deny that they have violated the ICFA.

57.    Iowa Code § 714H.2(5) defines "deception" as "an act or practice that is likely to

mislead a substantial number of consumers as to a material fact or facts."

**ANSWER**: The Selzer Defendants state that the Iowa Code speaks for itself. The

Selzer Defendants deny they have committed any act of deception as defined by Iowa Code

§ 714H.2(5).

58.    Iowa Code § 714H.2(6) defines "merchandise" the same as the definition contained

in Iowa Code § 714.16, under which the term includes "any objects, wares, goods, commodities,

intangibles, securities, bonds, debentures, stocks, real estate or *services*." (Emphasis added).

**ANSWER**: The Selzer Defendants state that the Iowa Code speaks for itself. The Selzer Defendants deny they have violated the ICFA.

59.    Iowa Code § 714H.2(9) defines "unfair practice" the same as the definition contained in Iowa Code § 714.16, under which the term "means an act or practice which causes substantial, unavoidable injury to consumers that is not outweighed by any consumer or competitive benefits which the practice produces."

**ANSWER**: The Selzer Defendants state that the Iowa Code speaks for itself. The Selzer Defendants deny they have engaged in any unfair practice as defined by Iowa Code § 714H.2(9).

60.    Iowa Code § 714H.5 provides for a private right of action for consumers damaged by violations of § 714H.3(1):

1.    A consumer who suffers a sustainable loss of money or property as the result of a prohibited practice or act in violation of this chapter may bring an action at law to recover actual damages. The court may order such equitable relief as it deems necessary to protect the public from further violations, including temporary and permanent injunctive relief.

2.    If the court finds that a person has violated this chapter and the consumer is awarded actual damages, the court shall award to the consumer the costs of the action and the consumer's attorney reasonable fees.

**ANSWER**: The Selzer Defendants state that the Iowa Code speaks for itself. The Selzer Defendants deny that Plaintiff has a viable cause of action pursuant to Iowa Code § 714H.5.

61.    As to the nature of the conduct that constitutes an "unfair practice," the "Iowa

Consumer Fraud Act 'is not a codification of common law fraud principles.'" *Moeller v. Samsung Electronics America, Inc*., 623 F.Supp.3d 978, 985 (2002) (quoting *State ex rel. Miller v. Pace*, 677 N.W. 2d 761, 770 (Iowa 2004). "It permits relief upon a lesser showing that the defendant made a misrepresentation or omitted a material fact 'with the intent that others rely upon the . . . omission.'" *Id*. (quoting § 714.16(2)(a)). "A course of conduct contrary to what an ordinary consumer would anticipate contributes to a finding of an unfair practice. *State ex rel. Miller v. Vertrue, Inc*., 834 N.W.2d 12, 37 (Iowa 2023).

**ANSWER**: The Selzer Defendants state that the case *Moeller v. Samsung Elecs. Am., Inc.* speaks for itself. The Selzer Defendants deny they have engaged in any unfair practice.

62.    President Trump, together with all Iowa and American voters, is a "consumer" within the meaning of the statute.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 62.

63.    Defendants furnished "merchandise" to consumers within the broad meaning of the statute since they provided a service: physical newspapers, online newspapers, and other content that contained the Harris Poll.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 63.

64.    Defendants engaged in "deception" because the Harris Poll was "likely to mislead a substantial number of consumers as to a material fact or facts," to wit: the actual position of the respective candidates in the Iowa Presidential race.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 64.

65.    Defendants engaged in an "unfair act or practice" because the publication and release of the Harris Poll "cause[d] substantial, unavoidable injury to consumers that [was] not outweighed by any consumer or competitive benefits which the practice produced," to wit:

consumers, including Plaintiff, were badly deceived and misled as to the actual position of the respective candidates in the Iowa Presidential race. Moreover, President Trump, the Trump 2024 Campaign, and other Republicans were forced to divert enormous campaign and financial resources to Iowa based on the deceptive Harris Poll. Consumers within Iowa who paid for subscriptions to the *Des Moines Register* or who otherwise purchased the publication were also badly deceived. Additionally, Iowans who contributed to the Trump 2024 Campaign were similarly deceived.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 65.

66.    The Harris Poll was deceptive and misleading, unfair, and the result of concealment, suppression, and omission of material facts about the true respective positions of President Trump and Harris in the Presidential race, all of which were known to Defendants and should have been disclosed to the public.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 66.

67.    Moreover, as demonstrated by the leak of the Harris Poll before publication in the Register Article, Defendants created, published, and released the Harris Poll for the improper purpose of deceptively influencing the outcome of the 2024 Presidential Election.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 67.

68.    Pollsters such as Selzer, polling companies such as S&C, and news organizations such as DMR and Gannett, are responsible for accurately representing the truth of events, not distorting polls to try and falsely make their preferred candidate appear to be in the lead. Due to Defendants' actions, the public could not discern who was truly leading in the Iowa Presidential race and, as a result, were, or could have been, badly deceived into thinking that Harris was leading the race.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 68.

69.     Defendants' misconduct here gives rise to liability under the Iowa Consumer Fraud Act because the Harris Poll was deceptive and misleading and involved concealment, suppression, and omission of material facts. Defendants engaged in this misconduct to improperly influence the outcome of the 2024 Presidential Election.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 69.

70.     Because of Defendants' false, misleading, and deceptive conduct, President Trump has sustained actual damages due to the need to expend extensive time and resources, including direct federal campaign expenditures, to mitigate and counteract the harms of the Defendants' conduct. Because the Defendants' conduct was willful and wanton, President Trump is also entitled to statutory damages three times the actual damages suffered.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 70.

71.     Additionally, because the Iowa Consumer Fraud Act is equitable in nature, President Trump is entitled to injunctive relief, including an order enjoining Defendants and their associates from publishing or releasing any further deceptive polls designed to influence the outcome of an election and requiring Defendants to disclose all data and information upon which they relied in creating, publishing, and releasing the Harris Poll.

**ANSWER**: The Selzer Defendants deny the allegations stated in Paragraph 71.

## AFFIRMATIVE AND OTHER DEFENSES

For their affirmative and other defenses, and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, the Selzer Defendants state the following:

A.     Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver and/or ratification.

B.      Plaintiff's claim is barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

C.      Plaintiff's claim is barred, in whole or in part, by an assumption of risk he undertook when he became a candidate for public office.

D.      Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

E.      Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

F.      Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

G.      Plaintiff's claim is barred, in whole or in part, by a failure or absence of consideration.

H.      Plaintiff's claim is barred due to the Plaintiff's failure to join an indispensable party.

The Selzer Defendants also expressly reserve and assert all affirmative defenses available under any applicable law. The Selzer Defendants reserve their right to supplement their Answer and to assert additional defenses in the event that discovery or other means indicate that additional defenses would be applicable.

**WHEREFORE**, the Selzer Defendants respectfully request that the Court:

A.      Dismiss Plaintiff's claim against the Selzer Defendants with prejudice and on the merits;

B.      Award the Selzer Defendants all costs, disbursements, and reasonable attorneys' fees allowed by law; and

C.      Grant the Selzer Defendants such other further relief the Court deems just and appropriate.

D.      The Selzer Defendants demand a trial by jury on all issues so triable.

Dated: July 3, 2025                                        Respectfully Submitted,

/s/ *Robert Corn-Revere* .
Robert Corn-Revere*†
   (DC Bar No. 375415)
Conor T. Fitzpatrick*
   (Mich. Bar No. P78981)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@thefire.org
conor.fitzpatrick@thefire.org

Greg Greubel
   (Iowa Bar No. AT0015474)
Adam Steinbaugh*
   (Cal. Bar No. 304829)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION (FIRE)
510 Walnut St., Suite 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org
adam@thefire.org

Matthew A. McGuire
   (Iowa Bar No. AT0011932)
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Defendants J. Ann Selzer and Selzer & Company*

*\* Admitted pro hac vice.*
*† Lead counsel*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system, with copies sent to the below-named individuals by electronic mail on July 3, 2025.

/s/ *Robert Corn-Revere*