**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>*Defendants*. | Civil Case No. 4:24-cv-449-RGE-WPK<br><br>**DEFENDANTS J. ANN SELZER AND SELZER & COMPANY'S RESISTANCE TO PLAINTIFF'S SECOND OR "RENEWED" MOTION TO STAY** |

This is the second time Plaintiff Donald Trump has defied an order from this Court directing him to file an amended complaint removing the allegations he added "to defeat the Court's jurisdiction over the case." (ECF Nos. 65 & 70.) The first time, after this Court denied Plaintiff's remand motion and ordered him to file an amended complaint within seven days (ECF No. 65), he instead filed a motion for stay. (ECF No. 66.) This Court promptly denied that motion and ordered Plaintiff to file his revised pleading on July 18th. (ECF No. 70.) He's now pulled the same stunt *again*. Despite the Court giving him nearly six additional weeks to file his amended complaint, Plaintiff waited until the close of business on the 18th only to "renew" his already-denied motion to stay. (ECF No. 83.) What is more, without bothering to tell this Court, on June 30th, Trump filed a clone action to this one in Iowa state court, asserting *identical* claims against *identical* defendants. So there's no question he had time to draft, prepare, and file the amended pleading this Court ordered. He just decided that compliance with this Court's orders is, to him, optional.

The Court should reject this open disregard for its Orders and the Rules. Plaintiff's "renewed" stay motion fails for the same reasons the first one did: it does not show a strong likelihood of success or the presence of irreparable harm. (ECF No. 70, p. 2.) This request is little more than a disguised motion for reconsideration, apparently filed with the belief Plaintiff won't have to meet the demanding standard for reconsideration if he calls his motion something else.

For a third time, this Court should order Plaintiff to refile his Amended Complaint, this time within 48 hours, or face sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. This Court denies Plaintiff's remand and stay motions and twice orders him to refile his amended complaint.

On May 23, 2025, this Court denied Plaintiffs' Motion to Remand, holding that the addition of two Iowa-based plaintiffs appeared to be an inappropriate attempt "to defeat the Court's jurisdiction over the case" and unsupported by any "legitimate rationale." (ECF No. 65, pp. 8–9.) The Court ordered the Plaintiff, by May 30th, to refile his Amended Complaint without the illegitimate co-plaintiffs and without adding "new parties, allegations, or claims in the refiled amended complaint." (ECF No. 65, p. 11.)

Rather than complying with the May 23 Order, Plaintiff filed a motion for a complete stay of the deadline pending his (later abandoned) petition for permission to appeal in the Eighth Circuit, which the Selzer Defendants opposed. (ECF Nos. 66, pp. 2–4; 67, pp. 1–2.) This Court denied the stay motion on June 6, citing the failure to show "a strong likelihood of success or the presence of irreparable harm." (ECF No. 70, p. 2.) The Court ordered Plaintiff to "file an amended complaint, as previously ordered by the Court, ECF No. 65, on or before July 18, 2025." (ECF No. 70, p. 2.)

**B. Plaintiff refiles his amended complaint in Iowa state court and asks the Eighth Circuit for extraordinary relief.**

The morning of June 30, the day before Iowa's anti-SLAPP statute became effective, Trump filed a *new lawsuit* in Iowa state court asserting the same claims against the same defendants as this action. (ECF No. 72-3.)[1] Later that afternoon—without waiting for a ruling from the Eighth Circuit on his petition for permission to appeal—Plaintiff attempted to unilaterally dismiss this action. (ECF No. 71; 8th Cir. Dkt. CM/ECF Entry ID 5532266.)[2] This Court granted the Defendants' motions to strike the notice of voluntary dismissal, noting that Plaintiff had failed first to dismiss his appeal. (ECF No. 78 at pp. 2–3.) The Defendants filed Answers (ECF Nos. 75 & 76), which they amended on July 3. (ECF Nos. 79 & 80.) The Defendants amended their Answers after the Eighth Circuit denied Trump's petition and denied as moot the purported "stipulation" of dismissal that Plaintiff filed in that court. Judgment, *Trump v. Selzer*, No. 25-8003 (8th Cir. July 3, 2025).

**C. Plaintiff fails to comply with this Court's May 23 and June 6 Orders, instead filing this "renewed" stay motion.**

Plaintiff did not file an amended complaint as twice ordered. Instead, he waited until 4:24 p.m. on the day of his second deadline—56 days after the May 23 Order, 42 days after the June 6 Order, and ten days after asking the Eighth Circuit to reconsider its decision—to file a "renewed" motion to stay, asserting the same failed arguments as his prior request. (*See* ECF No. 83.)

---

[1] Plaintiff's counsel has informed Defendants' counsel that Trump does not intend to proceed with this federal action and will instead pursue his claims in Iowa state court. (Exhibit A.) The Selzer Defendants will file a motion to stay the second Trump state lawsuit pending resolution of this federal case.

[2] The complete Eighth Circuit docket in *Trump v. Selzer*, No. 25-8003 is attached as Exhibit B for ease of reference.

## ARGUMENT

This Court should deny Plaintiff's "renewed" motion for stay. It rehashes the same rejected arguments as his prior attempt, so the Court should deny it for the same reasons. (ECF No. 70.) A motion seeking a different answer on the same question has a name: a motion for reconsideration. And Plaintiff has not come close to demonstrating "manifest errors of law or fact or … newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (setting out standard for motion for reconsideration).

Plaintiff's motion is a transparently improper attempt to evade compliance with this Court's orders requiring him to file a revised amended complaint. The Court should promptly deny it and order him to file his revised amended complaint within 48 hours. To ensure compliance, the Court should make clear that if the Plaintiff disregards an order to file a revised amended complaint a third time, sanctions will be appropriate.[3]

Here, Plaintiff did not only disregard the Court's order to file a revised amended complaint, he also filed an identical lawsuit in Iowa state court (and to date has yet to inform this Court about the duplicate action). In other words, Plaintiff opted to *grant himself* the relief he failed to get in his motion to remand. By making clear that sanctions would be appropriate for Plaintiff's third violation of this Court's orders, this Court would preserve its jurisdiction and make clear that compliance with its orders is not optional. *See* 28 U.S.C. § 1927 (authorizing courts to impose sanctions against those "who so multipl[y] the proceedings in any case unreasonably and

[3] The court's power to preserve its authority by requiring Plaintiff to refile his amended complaint is a subset of its broader authority, which includes the ability to enjoin a party from prosecuting his duplicative action in the state court. *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1069-71 (8th Cir. 1996); *see also Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 251 (4th Cir. 2013) (copycat actions). It is unlikely, however, that this Court will be asked to exercise its injunctive authority, as Selzer will shortly move the Iowa state court to stay that action pending the outcome of this action.

vexatiously"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (affirming courts' inherent authority to impose sanctions).

**CONCLUSION**

"[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). But after this Court denied the Plaintiff a stay of its order requiring him to file a revised amended complaint, he decided to grant himself one. This Court should deny his "renewed" motion, order that he finally file the required amended complaint within 48 hours, and warn him that failure to do so will result in sanctions.

Dated: July 21, 2025

Respectfully Submitted,

/s/ *Robert Corn-Revere*
Robert Corn-Revere*†
(DC Bar No. 375415)
Conor T. Fitzpatrick*
(Mich. Bar No. P78981)
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, D.C. 20003
(215) 717-3473
bob.corn-revere@thefire.org
conor.fitzpatrick@thefire.org

Greg H. Greubel
(Iowa Bar No. AT0015474)
Adam Steinbaugh*
(Cal. Bar No. 304829)
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
510 Walnut St., Suite 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org
adam@thefire.org

Matthew A. McGuire
(Iowa Bar No. AT0011932)
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Defendants J. Ann Selzer and Selzer & Company*

* *Admitted pro hac vice.*
† *Lead counsel*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system, with copies sent to the below-named individuals by electronic mail on July 21, 2025.

/s/ *Robert Corn-Revere*

Copy to:

EDWARD ANDREW PALTZIK
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law

ALAN R. OSTERGREN
Attorney at Law
Alan R. Ostergren, PC
500 East Court Avenue Suite 420
Des Moines, Iowa 50309
(515) 297-0134
alan.ostergren@ostergrenlaw.com

*Attorneys for Plaintiffs*