IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>      Plaintiff,<br><br>v.<br><br>J. ANN SELZER, and individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>      Defendants. | Case No. 4:24-cv-00449-RGE-WPK<br><br><br>**DES MOINES REGISTER & TRIBUNE CO. AND GANNETT CO., INC.'S RESISTANCE TO PLAINTIFF'S RENEWED MOTION TO STAY** |

## I.    INTRODUCTION

Defendants Des Moines Register and Tribune Company and Gannett Co., Inc. (collectively, "Press Defendants") resist President Trump's Renewed Motion to Stay. President Trump has again refused to file a revised Amended Complaint and, instead, is asking this Court to reconsider its prior denial of a motion to stay. In doing so, President Trump is effectively giving himself the benefit of a stay in direct contravention of this Court's prior orders. Accordingly, Press Defendants respectfully request that the Court deny President Trump's Renewed Motion to Stay and order him to file a revised Amended Complaint immediately and without further delay.

## II.    BACKGROUND

This case has been pending in this Court for seven months. On December 16, 2024, President Trump filed this lawsuit in the Iowa District Court for Polk County. (ECF No. 1-1.) The next day, on December 17, 2024, Defendant Gannett Co., Inc. removed the lawsuit to this Court. (ECF No. 1-1.)

1

At that time, the parties agreed to brief Plaintiffs' motion to remand and Defendants' motions to dismiss simultaneously pursuant to a joint briefing schedule that they submitted to and that was accepted by this Court. (ECF Nos. 19, 20.) The Parties completed the briefing of those motions on April 17. (ECF Nos. 57, 60, 61.)

On May 23, 2025, the Court issued an order denying Plaintiffs' motion to remand. (ECF No. 65.) As part of that order, the Court vacated Plaintiffs' Amended Complaint as a nullity. (*Id.* at 11.) The Court specifically ordered that "Bradley Zaun and Mariannette Miller-Meeks are terminated as plaintiffs." (*Id.*) The Court further ordered that President Trump had "seven days from the date of this order to file a revised version of the Amended Complaint, ECF No. 23, omitting Bradley Zaun and Miller-Meeks as plaintiffs, and deleting any allegations included solely to support their claims." (*Id.*) No other changes were permitted by the Court. (*Id.*)

On May 30, 2025, the deadline for President Trump to file his revised Amended Complaint, President Trump instead filed a Motion for Stay of All Remaining Deadlines. (ECF No. 66 ¶ 8.) In that motion, President Trump sought a complete stay of all deadlines, including the Court-ordered deadline to file his revised Amended Complaint, until after the resolution of the not-yet-filed Petition for Permission to Appeal in the Eighth Circuit. (*Id.*) Plaintiffs then filed their Petition for Permission to Appeal on June 2, 2025. (*See* Ex. A: 8th Cir. Dkt., 6/2/25 Petition for Permission to Appeal.)

On June 6, 2025, the Court denied President Trump's Motion for Stay. (ECF No. 70 at 2.) The Court concluded that "the movant has not, as yet, shown a strong likelihood of success or the presence of irreparable harm." (*Id.*) However, the Court extended President Trump's deadline to file the revised Amended Complaint until July 18, 2025. (*Id.*) In other words, consistent with its

prior order setting a deadline of June 6, the Court required President Trump to file his revised Amended Complaint regardless of the Eighth Circuit's decision on the petition for appeal.

Then, on June 30, 2025, President Trump changed his course of action: he filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), (ECF No. 71); he filed a notice of withdrawal of his petition in the Eighth Circuit, (Ex. A: 8th Cir. Dkt., 6/30/25 Stipulation for Dismissal); and he refiled his lawsuit in state court. Press Defendants immediately moved to strike the notice of voluntary dismissal, (ECF No. 72), as well as the Eighth Circuit notice. (Ex. A: 8th Cir. Dkt., 6/30/25 Motion to Strike.)

On July 2, 2025, the Court granted Press Defendants' motion to strike. (ECF No. 78 at 3.) Specifically, the Court ruled: "Because Trump's appeal confers jurisdiction to the Eighth Circuit over aspects of this case, Trump must first dismiss the appeal before voluntarily dismissing the district court case." (*Id*. at 2.) Further, the Court noted the Parties disagreed over whether the appeal was "docketed" and ruled that, "[r]egardless of whether the appeal has been docketed, Trump did not file a motion to dismiss the appeal in the district court, *see* Fed. R. App. P. 42(a), nor in the circuit court, *see id*. 42(b)." (*Id*. at 2–3.)

On July 3, 2025, the Eighth Circuit issued a Judgment: "The petition for permission to appeal pursuant to 28 U.S.C. Section 1292(b) is denied. The stipulation for dismissal and motion to strike are denied as moot." (Ex. A: 8th Cir. Dkt., 7/3/25 Judgment.) On that same day, the Eighth Circuit also issued a Mandate: "In accordance with the judgment of July 3, 2025, and pursuant to the provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above-styled matter." (Ex. A: 8th Cir. Dkt., 7/3/25 Mandate.)

On July 8, 2025, Plaintiffs filed a Motion to Recall Mandate and Modify Opinion in the Eighth Circuit. (Motion to Recall Mandate at 1.) On July 18, 2025, Press Defendants filed their

opposition to that motion and the Selzer Defendants joined it. (Ex. A: 8th Cir. Dkt., 7/18/25 Response in Opposition to Motion to Recall Mandate.)

At 4:24 p.m. CST on July 18, 2025, President Trump filed a Renewed Motion to Stay. (ECF No. 83.) Again, President Trump did this on the deadline the Court gave him to file his revised Amended Complaint. And, again, President Trump defied this Court's order requiring him to file his revised Amended Complaint.

## III.    ARGUMENT

### A.    President Trump's Renewed Motion to Stay is Meritless

President Trump's Renewed Motion to Stay is effectively a motion to reconsider the Court's prior ruling and is even more meritless than his initial motion to stay. This Court previously set forth the standard on a motion to stay:

> "A stay is not a matter of right, even if irreparable injury might otherwise result but instead is an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up)). The "sound legal principles" guiding judicial discretion in this context are similar to those governing the propriety of preliminary injunctions: "likelihood of success"; the presence of "irreparable" injury; injury "to other parties interested in the proceeding"; and "where the public interest lies." *Id.* (quoting *Nken*, 556 U.S. at 434). "[T]he party moving for the stay pending appeal, 'bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 434).

(ECF No. 70 at 7.)

*First*, President Trump's Renewed Motion to Stay is based on the same set of circumstances as his previous motion to stay—the Eighth Circuit proceedings. The Court has already considered and denied a motion to stay on that basis. Moreover, as the Selzer Defendants point out, (*see* ECF No. 84 at 4), because this motion is based on the same circumstances it is effectively a motion to reconsider, and President Trump has not even attempted to demonstrate

4

"manifest errors of law or fact or . . . newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

*Second*, Plaintiffs' likelihood of success in the Eighth Circuit is now even lower. Press Defendants have filed a resistance to Plaintiffs' Eighth Circuit motion and set forth the numerous reasons why it is meritless. (Ex. A: 8th Cir. Dkt., 7/18/25 Response in Opposition to Motion to Recall Mandate.) This Court was correct in its ruling that the Eighth Circuit held jurisdiction over aspects of this case. (ECF No. 78 at 2.) Further, as this Court noted, President Trump was required to file a motion under Appellate Rule 42 regardless of whether any appeal was docketed. (ECF No. 78 at 2–3.) President Trump has failed to explain why he believed he did not need to comply with that requirement. Indeed, even if Plaintiffs' motion before the Eighth Circuit was unexpectedly granted, it would still not matter because President Trump did not file a motion in this Court under Appellate Rule 42(a). In other words, President Trump's likelihood of success hinges on the Eighth Circuit granting a motion that the Eighth Circuit itself has stated it will only grant in "extraordinary circumstances," *Thompson v. Nixon*, 272 F.3d 1098, 1100 (8th Cir. 2001), and, further, on his ability to convince the Court that such an order would provide a basis for this Court to reconsider its Order on Press Defendants' motion to strike. Neither is likely.

*Third*, President Trump cannot demonstrate any irreparable injury or other such considerations in favor of a stay. President Trump did not submit a brief in support of his Renewed Motion to Stay, and the motion itself is sparse. (ECF No. 83.) Nowhere in his motion does President Trump identify the legal standard for a motion to stay or provide any analysis of the factors that would support a stay. (*Id*. at 1–3.)

Accordingly, President Trump's Motion for Renewed Stay should be denied.

### B. President Trump Continues to Violate This Court's Orders

*First*, President Trump has ignored this Court's Order dismissing co-Plaintiffs Mariannette Miller-Meeks and Bradley Zaun from the case. Despite the Court's May 23 Order dismissing them from this case and removing them from the caption, President Trump continues to include them as parties both in his captions of the case and in the body of his arguments. Per the Court's Order, Press Defendants simply refer to "President Trump" as the sole plaintiff in this action.

*Second*, the Court already ruled on the basis for President Trump's motion to stay. As explained above, this motion is duplicative of President Trump's previous motion that was denied.

*Third*, President Trump has twice refused to comply with the Court's deadline to file a revised Amended Complaint. Both times, President Trump simply filed a motion to stay at the last minute instead of in advance of the deadline, effectively helping himself to extensions. For example, President Trump did not file his Renewed Motion to Stay when he filed his Eighth Circuit motion (10 days before his deadline to file his revised Amended Complaint) and did not confer with Defendants on the second request for a stay until the day before he filed it.

Accordingly, the Court should not further permit President Trump to continue to grant himself a stay of these proceedings.

### C. President Trump Should Not Be Permitted to Delay this Case Any Further

*First*, President Trump should be ordered to file his revised Amended Complaint immediately and without further delay. The Court provided President Trump with directions on what the revised Amended Complaint could and could not include, and there is no excuse for President Trump's failure to complete this straightforward and largely administrative task in the more than six weeks he has had to do it. President Trump has not ever argued that it would be burdensome to comply with the Court's Orders—nor could he. Given these circumstances,

President Trump's failure to file a revised Amended Complaint is tantamount to a refusal to do so. As such, a period of 48 hours to complete this filing, as suggested by the Selzer Defendants, would be sufficient. (ECF No. 84 at 5.)

*Second*, timely filing of the revised Amended Complaint is important, because Press Defendants will be seeking to have their motion to dismiss resubmitted as soon as possible thereafter to enable this Court to address the merits of this case without needless delay. President Trump cannot file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).[1] President Trump likewise would not be successful in filing a motion for dismissal under Rule 41(a)(2). "The decision to grant a voluntary dismissal is left to the discretion of the court . . . based on its evaluation of factors such as the reasons for seeking the dismissal, whether the result would be a waste of judicial time and effort, and whether the dismissal will prejudice the defendants." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) (citation omitted). The Eighth Circuit has made clear that "[a] party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Id.* (quoting *Hamm v. Rhone-Poulenc Rorer Pharms.*, 187 F.3d 941, 950 (8th Cir. 1999)). President Trump's Renewed Motion to Stay is a transparent attempt to do just that by evading a ruling on Press Defendants' fully briefed motion to dismiss and moving the lawsuit to state court. Nor will President Trump's recently refiled state court lawsuit delay these proceedings, because Press Defendants intend to file a motion to stay the state court proceedings. Again, this case has been pending in federal court for over seven months now, with motions to dismiss that were fully submitted more than three months ago.

---

[1] Defendants filed answers after President Trump demonstrated his intent to try to avoid an adverse ruling on the motions to dismiss and move to what he views as a more favorable forum. (ECF Nos. 75, 76, 79, 80.)

7

Accordingly, the Court should proceed to address the merits of President Trump's lawsuit as soon as possible.

## IV.    CONCLUSION

Press Defendants respectfully request that the Court deny President Trump's Renewed Motion to Stay and order him to file the Amended Complaint immediately and without further delay.


Dated July 23, 2025                    **FAEGRE DRINKER BIDDLE & REATH LLP**

                                       */s/ Nick Klinefeldt*
                                       Nicholas A. Klinefeldt, AT0008771
                                       David Yoshimura, AT0012422
                                       801 Grand Avenue, 33rd Floor
                                       Des Moines, IA, 50309
                                       Telephone: (515) 248-9000
                                       Fax: (515) 248-9010
                                       Email: *nick.klinefeldt@faegredrinker.com*
                                              *david.yoshimura@faegredrinker.com*

                                       **ATTORNEYS FOR DEFENDANTS DES MOINES REGISTER AND TRIBUNE COMPANY AND GANNETT CO., INC.**


## CERTIFICATE OF SERVICE

I certify that on July 23, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all parties participating in the Court's electronic filing system.


                                       */s/ Paulette Ohnemus*