IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD J. TRUMP,<br><br>Plaintiff,<br>v.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>Defendants. | **No. 4:24-cv-00449-RGE-WPK**<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO STAY** |

On May 23, 2025, the Court denied Plaintiff Donald J. Trump and former Plaintiffs Bradley Zaun and Mariannette Miller-Meeks's motion to remand to state court. ECF No. 65. In the order, the Court granted permission to seek an interlocutory appeal and ordered Trump to file an amended complaint within seven days, removing former Plaintiffs Zaun and Miller-Meeks and eliminating claims exclusive to those Plaintiffs. *Id.* at 11. On the deadline for filing the amended complaint, Trump moved to stay proceedings and extend the deadline while he pursued an interlocutory appeal. ECF No. 66. The Court denied the motion to stay, but extended the deadline for Trump to file an amended complaint to July 18, 2025. ECF No. 70.

On June 30, 2025, Trump filed a notice of voluntary dismissal. ECF No. 71. Defendants moved to strike the notice of voluntary dismissal. ECF Nos. 72, 74. Trump resisted. ECF No. 77. On July 2, 2025, the Court granted the motion to strike because Trump's appeal conferred jurisdiction to the Eighth Circuit over aspects of the case, and Trump had not taken the appropriate steps to dismiss the appeal. ECF No. 78. On July 3, 2025, the Eighth Circuit denied Trump's petition for permission to appeal and issued a mandate. ECF Nos. 81–82. On July 8, 2025, Trump

moved to recall the mandate and requested the Eighth Circuit note that his petition for permission to appeal did not confer jurisdiction on the Eighth Circuit. *See* ECF No. 83 ¶ 8.

Again, on the final day Trump was permitted to file the previously ordered amended complaint, Trump moved for "the Court [to] stay the requirement to file an amended complaint for 30 days following the Eighth Circuit's disposition of the motion" described above. *Id.* ¶ 10. Defendants resist. ECF Nos. 84–85.

"A stay is not a matter of right, even if irreparable injury might otherwise result but instead is an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024) (cleaned up) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). The "sound legal principles" guiding judicial discretion in this context are similar to those governing the propriety of preliminary injunctions: "likel[ihood of] success"; the presence of "irreparable" injury; injury to "other parties interested in the proceeding"; and "where the public interest lies." *Id.* (quoting *Nken*, 556 U.S. at 434). "[T]he party moving for the stay pending appeal, 'bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 434).

Having considered all pertinent filings, including the filings surrounding the motion to recall the mandate before the Eighth Circuit Court of Appeals, the Court denies the renewed motion to stay. The Court concludes the movant has not shown a strong likelihood of success or the presence of irreparable harm.

The Court expects compliance with all court orders. Failure to comply with orders of the Court may result in sanctions. The parties must comport with all rules regulating this litigation, including the Local Rules and applicable deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff Donald J. Trump's Renewed Motion to Stay, ECF

No. 83, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump shall file an amended complaint, as previously ordered by the Court, ECF No. 65 at 11, no later than **5:00 p.m. Central Time on Friday, July 25, 2025.**

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE