**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>Defendants. | Case 4:24-cv-00449-RGE-WPK<br><br>**MOTION TO DISMISS WITHOUT PREJUDICE** |

Pursuant to Fed. R. Civ. Proc. Rule 41(a)(2), Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") respectfully requests that this Court issue an order for the dismissal without prejudice[1] of the above-entitled action.

In support thereof, Plaintiff states as follows:

1. On September 9, 2025, Defendants J. Ann Selzer and Selzer & Company (the "Selzer Defendants") served Plaintiff with a contemplated motion pursuant to, *inter alia*, Fed. R. Civ. Proc. Rule 11(c)(2).

2. "[T]he purpose of requiring service of a 'warning shot' motion more than 21 days before filing of a Rule 11 motion is to afford the opposing party 'the benefit of the twenty-one day "safe harbor" provision allowing [it] the opportunity to withdraw [its] allegedly frivolous

---

[1] This request is made in the alternative, and without prejudice, to President Trump's previously stated position that his prior notice filed pursuant to Fed. R. Civ. Proc. Rule 41(a)(1)(A)(i), *see* ECF No. 71, was properly filed and effected the voluntary dismissal of this action without prejudice.

1

pleading.'" *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 338 (N.D. Iowa 2007) (quoting *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003)) (alterations in original).

3.  Thus, the very service of a Rule 11 motion is an invitation from the prospective movant to have the opposing party withdraw the subject pleading.

4.  President Trump has made it unambiguously clear that he is prepared to accept that invitation by withdrawing his Revised Amended Complaint. Since the Selzer Defendants served their proposed Rule 11 motion, Plaintiff has twice offered to execute a stipulation pursuant to Rule 41(a)(1)(A)(ii) to withdraw his Revised Amended Complaint and, in fact, provided a partially executed stipulation to the Selzer Defendants on September 30, 2025.

5.  The Selzer Defendants have taken the position that they are disinclined to consent to any voluntary dismissal of President Trump's claims unless such dismissal is with prejudice.

6.  Multiple courts have recognized that any offer to withdraw the paper which is the subject of a proposed Rule 11 motion suffices to come within the ambit of Rule 11's safe harbor provision, regardless of whether such withdrawal is with prejudice. *See, e.g.*, *Browne v. Hearn*, 2023 U.S. Dist. LEXIS 67507 (N.D. Ind. Apr. 18, 2023) ("Hearn is displeased that Browne's dismissal of the lawsuit is without prejudice, but Rule 11 refers to the challenged item being 'withdrawn or appropriately corrected,' Fed. R. Civ. P. 11(c)(2). The Court sees no reason to find that the amended complaint being dismissed, albeit without prejudice, fails to meet this standard. Rule 11 does not empower the moving party to demand action beyond withdrawal or appropriate correction of the offending document within the relevant time period."); *Thomason v. First Pryority Bank*, 2010 U.S. Dist. LEXIS 95409 (N.D. Okla. Sep. 13, 2010) ("This Court agrees with the result and the reasoning of both *Nagle* and *Photocircuits* and concludes that a plaintiff who

seeks to voluntarily dismiss a claim without prejudice within the twenty-one day safe harbor period is entitled to the protection of that provision.").

7. Despite this settled state of the law being pointed out to them, the Selzer Defendants still take umbrage at the prospect of a withdrawal without prejudice. They have explicitly identified the existence of President Trump's, Representative Mariannette Miller-Meeks', and Former State Senator Bradley Zaun's pending action in Iowa state court against the Selzer Defendants as a basis for their refusal to accept such a dismissal without prejudice. They wrongly contend that such attempts to secure President Trump's preferred forum for litigation is improper.

8. But multiple circuit courts have recognized that "[i]t is not uncommon for plaintiffs to use voluntary dismissal to secure their preferred forum, such as when they seek to undo removal and return to state court." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016) (internal quotation marks omitted); *see also Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997) ("The voluntary dismissal of an action that has been removed to federal court does not constitute the sort of egregious forum shopping that federal courts have traditionally sought to discourage.").

9. Moreover, dismissal will conserve judicial resources because regardless of any decision of this Court with respect to President Trump, the Iowa state court action will not be subject to dismissal. In that case there are two other plaintiffs in addition to President Trump, Representative Mariannette Miller-Meeks and Former State Senator Bradley Zaun, over whom this Court refused to assert jurisdiction. Rather than encourage piecemeal litigation, dismissal of this action will permit three plaintiffs with similar claims to be able to pursue those claims jointly in one action, benefiting from pooled resources, and not subjecting Defendants to duplicative discovery obligations or motion practice.

10. This is particularly appropriate where the claims at issue are Iowa state law claims, implicating *Pullman* abstention. "*Pullman* requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Burris v. Cobb*, 808 F.3d 386, 388 (8th Cir. 2015).

11. In the instant action, both sets of Defendants purport to identify numerous foundational issues of Iowa state law, such as those related to the Iowa Consumer Fraud Act, an infrequently litigated statute. *See generally* ECF Nos. 94, 95.

12. Thus, it would be particularly appropriate for this Court to dismiss the instant action so that the Iowa state court can address the novel issues of Iowa state law that are raised by this action. Those issues are best addressed in that forum, which is well-situated to adjudicate matters of Iowa law.

13. The Selzer Defendants have extended an invitation to President Trump to dismiss the instant action. This is all President Trump has tried to do for the last several months in this action. The Selzer Defendants having not responded to his offered stipulation to voluntarily dismiss this action, President Trump has now filed this motion to accept the Selzer Defendants' demand to withdraw this action in line with Rule 11(c)(2). For the reasons outlined above, this Court should grant this motion and issue an order dismissing this action without prejudice.

Date:  September 30, 2025                    Respectfully submitted,

                               **ALAN R. OSTERGREN, PC**

                               /s/ Alan R. Ostergren
                               ALAN R. OSTERGREN
                               500 East Court Avenue
                               Suite 420
                               Des Moines, Iowa 50309
                               (515) 297-0134
                               alan.ostergren@ostergrenlaw.com

                               **TAYLOR DYKEMA PLLC**

                               /s/ Edward Andrew Paltzik
                               EDWARD ANDREW PALTZIK
                               Taylor Dykema PLLC
                               925 E. 25th St.
                               Houston, TX 77009
                               (516) 526-0341
                               edward@taylordykema.com
                               *(admitted **pro hac vice**)*


                               *Counsel for Plaintiff*
                               *President Donald J. Trump*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the **MOTION TO DISMISS WITHOUT PREJUDICE** was served upon all parties through the courts CM/ECF electronic filing system on September 30, 2025.

    /s/Alan R. Ostergren