# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

PRESIDENT DONALD J. TRUMP, an
individual,

        *Plaintiff*,

    v.

J. ANN SELZER, SELZER & COMPANY,
DES MOINES REGISTER AND TRIBUNE
COMPANY, and GANNETT CO., INC.,

        *Defendants*.

Civil Case No. 4:24-cv-449-RGE-WPK

**DEFENDANTS J. ANN SELZER
AND SELZER & COMPANY'S
MEMORANDUM OF LAW IN
RESPONSE TO PLAINTIFF'S MOTION
TO DISMISS UNDER FED. R. CIV. P.
41(a)(2)**

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 3

I.     This Court Should Dismiss Plaintiff's Claims With Prejudice ............................. 3

     A.     Plaintiff Offers No Valid Justification for Dismissal Without Prejudice ............... 3

     B.     Plaintiff's Motion Meets None of the *Hamm* Factors for Voluntary Dismissal ..... 4

          1.     Plaintiff offers no valid explanation for dismissal. ...................................... 4

               a.     The instant motion is about the terms of dismissal, not sanctions ............ 5

               b.     Plaintiff admits his purpose is forum shopping ............................. 6

               c.     There is no plausible argument dismissal would preserve judicial resources. ........ 8

               d.     The *Pullman* doctrine does not support dismissal without prejudice. ........ 9

          2.     Dismissal without prejudice would waste judicial time and effort. .......... 10

          3.     Dismissal without prejudice would harm the Defendants. ....................... 12

     C.     Dismissal With Prejudice is Required in These Circumstances ............................ 14

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Iowa*,
    2019 WL 12294352 (S.D. Iowa 2019) ........................................................................10, 12, 13

*Adams v. USAA Cas. Ins. Co.*,
    863 F.3d 1069 (8th Cir. 2017) ............................................................................................7, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................13

*Bechuck v. Home Depot U.S.A., Inc.*,
    814 F.3d 287 (5th Cir. 2016) ....................................................................................................7

*Bergman v. De Smet Jesuit High School, Inc.*,
    2025 WL 1475408 (E.D. Mo. 2025) .........................................................................................4

*Blaes v. Johnson & Johnson*,
    858 F.3d 508 (8th Cir. 2017) ..................................................................................................11

*Browne v. Hearn*,
    2023 WL 2986194 (N.D. Ind. Apr. 18, 2023) ...........................................................................5

*Burris v. Cobb*,
    808 F.3d 386 (8th Cir. 2015) ..................................................................................................10

*Caranchini v. Nationstar Mortgage, LLC*,
    97 F.4th 1099 (8th Cir. 2024) ............................................................................................2, 14

*City of Houston v. Hill*,
    482 U.S. 451 (1987) ................................................................................................................10

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990) ..................................................................................................................2

*Cross v. City of Chillicothe*,
    2022 WL 14678791 (W.D. Mo. 2022) ...............................................................................11, 13

*Donner v. Alcoa, Inc.*,
    709 F.3d 694 (8th Cir. 2013) ............................................................................................6, 7, 9

*E-Shops Corp v. U.S. Bank Nat'l Ass'n*,
    678 F.3d 659 (8th Cir. 2012) ..................................................................................................13

*Gordon v. Unifund CCR Partners*,
    345 F.3d 1028 (8th Cir. 2003) ..................................................................................................5

*Graham v. Mentor Worldwide LLC*,
    998 F.3d 800 (8th Cir. 2021) ...................................................................................passim

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*,
    187 F.3d 941 (8th Cir. 1999) ...................................................................................passim

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
    243 F.R.D. 322 (N.D. Iowa 2007) .....................................................................................5

*In re President Donald J. Trump*,
    No. 25-2603 (8th Cir. Aug. 13, 2025) .............................................................................11

*International Shoe Co. v. Cool*,
    154 F.2d 778 (8th Cir. 1946) ..............................................................................................4

*Jaramillo v. Burkhart*,
    59 F.3d 78 (8th Cir. 1995) ............................................................................................4, 15

*Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace Co.*,
    999 F.2d 1257 (8th Cir. 1993) ..........................................................................................12

*Morrow v. United States*,
    2021 WL 4347682 (N.D. Iowa) ........................................................................................15

*Morrow v. United States*,
    47 F.4th 700 (8th Cir. 2022) .............................................................................................15

*Murphy v. Aurora Loan Servs., LLC*,
    859 F. Supp. 2d 1016 (D. Minn. 2012) ...............................................................................2

*Nagle Industries, Inc. v. Ford Motor Co.*,
    173 F.R.D. 448 (E.D. Mich. 1997) ............................................................................5, 6, 11

*Nat'l City Lines, Inc. v. LLC Corp.*,
    687 F.2d 1122 (8th Cir. 1982) ..........................................................................................10

*Paulucci v. City of Duluth*,
    826 F.2d 780 (8th Cir. 1987) .........................................................................................3, 7

*Phillips v. Illinois Cent. Gulf R.R.*,
    874 F.2d 984 (5th Cir. 1989) ............................................................................................12

*Railroad Commission of Texas v. Pullman Co.*,
    312 U.S. 496 (1941) ..........................................................................................................10

*Rees v. City of Shenandoah*,
    682 N.W.2d 77 (Iowa 2004) ..............................................................................................13

*Ruiz v. Rosendin Electric, Inc.*,
   2024 WL 580879 (S.D. Tex. 2024) ...........................................................................7

*Sorenson v. State*,
   2024 WL 986928 (D. Minn. 2024) ............................................................11, 12, 15

*Thatcher v. Hanover Ins. Grp., Inc.*,
   659 F.3d 1212 (8th Cir. 2011) ....................................................................passim

*Thomason v. First Pryority Bank*,
   2010 WL 3607543 (N.D. Okla. Sept. 13, 2010) ...........................................................5

*Tillman v. BNSF Railway Co.*,
   33 F.4th 1024 (8th Cir. 2022) ...............................................................................4, 6

*U.S. Bank v. Barbour*,
   770 N.W.2d 350 (Iowa 2009) ............................................................................13

*Wilson v. City of San Jose*,
   111 F.3d 688 (9th Cir. 1997) ..............................................................................7

*Young v. Southern Pacific Co.*,
   25 F.2d 630 (2d Cir. 1928) ...............................................................................12

**Statutes**

28 U.S.C. § 1927 ...................................................................................................2

**Rules**

Fed. R. Civ. P. 11(b)(2) ..........................................................................................14

Fed. R. Civ. P. 41(a)(2) ...........................................................................................3

Iowa R. Civ. P. 1421(1)(f) .........................................................................................13

**INTRODUCTION**

Everyone involved with this case agrees that Plaintiff's claims must be dismissed, and the only question is on what terms. After engaging in extensive efforts to avoid federal jurisdiction over the past ten months, Plaintiff has now filed a motion to voluntarily dismiss his claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Pl.'s Mot. Dismiss, ECF No. 113. The question now before the Court is whether Plaintiff has satisfied the standard for dismissal without prejudice as provided by the rule and applicable precedent. As explained below, he has not.

Before this motion, Plaintiff sought to remand the case to state court, and when that failed, Order Den. Pl.'s Mot. Remand, ECF 65, attempted unilaterally to withdraw the case by "notice" without following the procedures set forth in the Rules, which this Court appropriately rejected. Order Granting Defs.' Mot. Strike, ECF No. 78. Simultaneously with his attempted withdrawal, Plaintiff refiled a duplicate complaint in state court that was strategically timed to avoid operation of the Uniform Public Expression Protection Act, Iowa's new anti-SLAPP law. *See* Defs.' Mot. Strike, ECF No. 72 at 4, Ex. C. Plaintiff initially sought to appeal the denial of remand, Pls.' Pet. Appeal, ECF No. 69, then withdrew it, Pls.' Notice Dismissal, ECF No. 71, and is seeking to overturn the denial via a Petition for Writ of Mandamus. Pl.'s Pet. Writ Mandamus 13, ECF No. 99-1 (describing this Court as a "hostile forum"). The instant motion to dismiss appears to be another attempt at a self-help remand that this Court has already once denied.

Although Plaintiff could have filed this Rule 41(a)(2) motion at any time, he discloses that he filed it in response to a draft motion for sanctions served by the Selzer Defendants to take advantage of the "safe harbor" provided by Fed. R. Civ. P. 11(c)(2). *See* Pl.'s Mot. Dismiss ¶¶ 1–6, ECF No. 113. Plaintiff correctly notes that the Selzer defendants served his counsel with a draft sanctions motion on September 9, 2025, but does not describe the basis of that motion. The draft

sanctions motion has not yet been filed with the Court, and the issues it raises (including whether Plaintiff can benefit from Rule 11's "safe harbor") are not yet ripe for consideration.[1]

The question now before the Court is whether the test for dismissal without prejudice has been met. Plaintiff seeks dismissal so that he may pursue the same frivolous claims in state court. However, Plaintiff fails even to cite controlling Eighth Circuit precedent for dismissal under Rule 41(a)(2), and nothing in his motion justifies dismissal without prejudice. He frankly acknowledges his driving motivation is to secure his "preferred forum for litigation," Mot. ¶ 7, ECF No. 113, despite the law of this circuit that "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). Plaintiff has failed to provide any legitimate rationale for dismissal without prejudice, and granting his motion would squander judicial time and effort and would impose substantial hardship on the Defendants. The Court should instead decide Defendants' pending substantive motions to dismiss under Rule 12(b)(6).

---

[1] In substance, the motion posits that Plaintiff's unsupported "fake news" theories are entirely frivolous and were filed without adequate investigation into the facts and applicable law before filing suit; that through multiple rounds of pleadings Plaintiff has been unable to cite a single case supporting his novel claims; that despite repeated warnings about the rules against filing baseless litigation, Plaintiff has been unable to demonstrate how the claims are warranted under existing law and has made no non-frivolous argument for extending, modifying, or reversing the law as it stands; that Plaintiff has made no serious effort to satisfy the elements of his statutory and common law claims; and that the case is a clear abuse of the judicial process by using the courts to pursue political grievances rather than to advance valid legal claims. The motion, if filed with the Court, would seek sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority to control its docket. *See Caranchini v. Nationstar Mortgage, LLC*, 97 F.4th 1099, 1103 (8th Cir. 2024) (even if sanctions are not available under Rule 11 they may be imposed under other sources of authority). A voluntary dismissal does not eliminate the possibility of sanctions because a "[b]aseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). District courts "retain jurisdiction to impose sanctions designed to enforce their own rules, even if they no longer have jurisdiction over the substance of a case." *Murphy v. Aurora Loan Servs., LLC*, 859 F. Supp. 2d 1016, 1019 (D. Minn. 2012), *aff'd and remanded,* 518 F. App'x 511 (8th Cir. 2013).

**ARGUMENT**

**I.    This Court Should Dismiss Plaintiff's Claims With Prejudice**

Plaintiff's Rule 41(a)(2) motion neither identifies nor addresses the relevant standard for a court-ordered dismissal after answers have been filed. Most of the motion discusses Plaintiff's desire to avoid sanctions under Fed. R. Civ. P. 11, *see* Mot. ¶¶ 1–6, ECF No. 113, and not the standard for dismissal under Rule 41(a)(2). Plaintiff asserts that his motion should be granted to secure President Trump's "preferred forum," Mot. ¶ 7–8, to "conserve judicial resources," Mot. ¶ 9, and to allow the state court to address "novel issues of Iowa state law." Mot. ¶¶ 10–12. None of these assertions support either granting Plaintiff's motion, much less doing so without prejudice.

**A.    Plaintiff Offers No Valid Justification for Dismissal Without Prejudice**

Because this Court previously struck Plaintiff's effort to dismiss his complaint by stipulation, Order Granting Defs.' Mot. Strike, ECF No. 78, and Defendants have filed answers Defs.' Answers, ECF Nos. 75, 76, dismissal is now available "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). *See also Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 804 (8th Cir. 2021) (same). Dismissal under these circumstances is not a matter of right. To justify dismissal under Rule 41(a)(2), the Plaintiff must present a proper explanation for his request to dismiss the case. A plaintiff's desire to avoid a federal forum is not a proper explanation. *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (reversing dismissal order and remanding for greater justification than amending complaint "in order to avoid federal jurisdiction"); *Hamm*, 187 F.3d at 950.

The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side," *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987), and the Eighth Circuit applies several non-exclusive factors that must be considered: (1) "whether the party has

presented a proper explanation for its desire to dismiss," (2) whether the dismissal "would result in a waste of judicial time and effort," and (3) "whether a dismissal will prejudice the defendants." *Hamm*, 187 F.3d at 950; *see also Graham*, 998 F.3d 804–05; *Tillman v. BNSF Railway Co.*, 33 F.4th 1024, 1027–28 (8th Cir. 2022) (reiterating the "*Hamm* factors"). Upon considering these factors, the Court has discretion about whether to grant the motion to dismiss, and if so, under what conditions. *Bergman v. De Smet Jesuit High School, Inc.*, 2025 WL 1475408 *1 (E.D. Mo. 2025). This includes the power "to dismiss an action with prejudice in response to plaintiff's motion for dismissal without prejudice." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995); *International Shoe Co. v. Cool*, 154 F.2d 778, 780 (8th Cir. 1946).

### B.    Plaintiff's Motion Meets None of the *Hamm* Factors for Voluntary Dismissal

Plaintiff's motion must be viewed in the overall context of this litigation. *See Tillman*, 33 F.4th at 1029 ("Using a Rule 41(a)(2) motion to dismiss without prejudice to avoid federal jurisdiction is a recurring tactic. As usual, context matters."). Starting with the initial complaints and amended complaints, Pet., ECF No 1-1, Am. Compl., ECF No. 23, Revised Am. Compl., ECF No. 88-1, and continuing with his oppositions to motions to dismiss, Pls.' Mems. Opp'n Mot. Dismiss, ECF Nos. 51, 52, 105, 107, Plaintiff remains unable to cite a single case to suggest that his novel "fake news" theory would be permitted by the First Amendment. Because the substantive issues have been fully briefed (multiple times) and Defendants' Rule 12(b)(6) motions await this Court's decision, Defs.' Brs. Supp. Mot. Dismiss, ECF Nos. 94, 95, Defs.' Brs. Reply Supp. Mot. Dismiss, ECF Nos. 109, 112, Plaintiff seeks to forestall or avoid entirely a judgment by this Court.

### 1.    Plaintiff offers no valid explanation for dismissal

Plaintiff's motion provides no valid explanation or justification for dismissal without prejudice.

a.      **The instant motion is about the terms of dismissal, not sanctions**

The instant motion presents only the question of what terms under which dismissal may be granted, and the issue of sanctions is not yet before the Court. Nevertheless, much of the motion is focused on Rule 11 standards, and the authorities cited in the motion say nothing about the conditions for granting dismissal under Rule 41(a)(2). For example, *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029–30 (8th Cir. 2003) held only that serving a motion is necessary to trigger the 21-day requirement, while *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 338 (N.D. Iowa 2007), merely noted the existence of the safe harbor requirement before granting sanctions.[2] That question is not at issue here. Mot. ¶ 1, ECF No. 113.

Plaintiff cites two out-of-circuit, unpublished district court decisions for the proposition that an offer to withdraw a complaint without prejudice can satisfy the Rule 11 "safe harbor" requirement, *id.* at ¶ 6, but neither case says anything about the standard for dismissal under Rule 41(a)(2). *See Browne v. Hearn*, 2023 WL 2986194 (N.D. Ind. Apr. 18, 2023); *Thomason v. First Pryority Bank*, 2010 WL 3607543 (N.D. Okla. Sept. 13, 2010). However, the language Plaintiff quotes from *Thomason* makes reference to another case, *Nagle Industries, Inc. v. Ford Motor Co.*, 173 F.R.D. 448 (E.D. Mich. 1997). Plaintiff does not actually cite *Nagle*, and this reticence is understandable: While the court denied a motion for sanctions on one claim because it failed to satisfy Rule 11's "safe harbor" requirement (the part Plaintiff references indirectly), it also denied a Rule 41(a)(2) motion for voluntary dismissal without prejudice for another claim (which Plaintiff does not mention). *Id.* at 450. The court cited the factors required for dismissal under Rule 41(a)(2), rejected the plaintiff's argument that dismissal was supported by "interests of judicial economy,

---

[2] The court in *Ideal Instruments* awarded sanctions where counsel's conduct in the case "gives rise to an inference of intent to delay and complicate the proceedings." 243 F.R.D. at 346.

fairness and convenience," and denied the motion for voluntary dismissal "when a dispositive motion is pending before the Court." *Id.* at 450–51. This is the only aspect of Plaintiff's authorities that relates *at all* to the instant motion, and it contradicts his position.

### b. Plaintiff admits his purpose is forum shopping

Plaintiff's repeated admissions that voluntary dismissal is being sought "to secure President Trump's preferred forum for litigation" further undermine the motion. Mot. ¶¶ 7, ECF No. 113. Plaintiff's transparent position directly ignores settled Eighth Circuit law denying voluntary dismissal under Rule 41(a)(2) "in order to avoid federal jurisdiction" and to "return to the more favorable state forum." *Thatcher*, 659 F.3d at 1214. *See also Hamm*, 187 F.3d at 950 ("[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."); *Graham*, 998 F.3d at 805 ("Our prior cases have repeatedly noted the importance of inquiring 'into whether a party has a proper explanation for its desire to dismiss' and whether 'a party's motive in requesting a voluntary dismissal is to seek a more favorable forum.'") (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 699 (8th Cir. 2013)); *Tillman*, 33 F.4th at 1029 ("Our settled rule is that a plaintiff seeking voluntary dismissal without prejudice must give a reason other than 'merely to seek a more favorable forum.'"). [3]

Plaintiff fails to cite any Eighth Circuit law governing voluntary dismissal under Rule 41(a)(2). Instead, he asserts "multiple circuit courts have recognized that '[i]t is not uncommon for plaintiffs to use voluntary dismissal to secure their preferred forum," Mot. ¶ 8, ECF No. 113, citing

---

[3] Although the court in *Tillman* found that the desire for a different forum, standing alone, might not be sufficient to defeat a Rule 41(a)(2) motion, it nevertheless stressed that "[w]hen the federal case has progressed to the point where a decision adverse to a plaintiff is imminent … 'a party is not permitted to dismiss merely to escape an adverse decision.'" 33 F.4th at 1029 (quoting *Hamm*, 187 F.3d at 950 and citing *Graham*, 998 F.3d at 805). It identified as another improper purpose, seeking dismissal in order to add a non-diverse party where there is no legally viable claim. *Id.* (citing *Donner*, 709 F.3d at 697).

*Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016) and *Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997). But this argument suffers from two fatal flaws. First, Eighth Circuit law is not so forgiving of forum shopping, as the Fifth Circuit acknowledged in *Bechuck*, where it cites Eighth Circuit's *Thatcher* decision for the proposition that "it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Bechuck*, 814 F.3d at 299 n.25 (quoting *Thatcher*, 659 F.3d at 1214); *see also Ruiz v. Rosendin Electric, Inc.*, 2024 WL 580879 *2 (S.D. Tex. 2024) (contrasting *Bechuck*, 814 F.3d at 287 with Eighth Circuit standard governing Rule 41(a)(2) dismissals as set forth in *Graham*, 998 F.3d at 805, and *Donner*, 709 F.3d at 699). As the Eighth Circuit explained in *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017), "[i]n contrast to Rule 41(a)(1) dismissals, Rule 41(a)(2) dismissals are contested dismissals that *do* require a district court's approval and a court order. … Rule 41(a)(2)'s purpose 'is primarily to prevent voluntary dismissals which unfairly affect the other side.'" (quoting *Paulucci*, 826 F.2d at 782)).

Second, and even more damning, neither *Bechuck* nor *Wilson are even about* dismissal pursuant to Rule 41(a)(2). In both cases, the quoted language regarding the "common practice" of forum shopping refers to dismissal under **Rule 41(a)(1)**, where dismissal may be accomplished by stipulation before an answer is filed. *Bechuck*, 814 F.3d at 293; *Wilson*, 111 F.3d at 692. And both courts acknowledge that the rule is entirely different once an answer has been filed—as in this case—which then requires leave of court for dismissal with appropriate conditions. *See Bechuck*, 814 F.3d at 296, 298 ("[G]ranting a Rule 41(a)(2) dismissal is discretionary and … courts may be hesitant to dismiss if the defendant will be prejudiced. … "By its very language 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.'") (citation omitted); *Wilson*, 111 F.3d at 692 ("Once the defendant

serves an answer or a motion for summary judgment, however, the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1), but must file for voluntary dismissal under Rule 41(a)(2). … Unlike a Rule 41(a)(1) notice of dismissal, a Rule 41(a)(2) motion requires court approval."). Plaintiff's remaining justifications for dismissal are decidedly make-weight.

### c.      There is no plausible argument dismissal would preserve judicial resources

Plaintiff's claim that it would "conserve judicial resources" to dismiss this case so that President Trump can proceed in state court with the two plaintiffs "over whom this Court refused to assert jurisdiction," Mot. at ¶ 9 (ECF No. 113), gets things exactly backwards. It would do far more to streamline the litigation for this Court to rule on the pending Rule 12(b)(6) motions and dismiss President Trump's claims with prejudice, at which point Representative Miller-Meeks and former Iowa Senator Zaun could decide if they still want to pursue their case in state court. This Court refused to assert jurisdiction over Zaun and Miller-Meeks because it found "no legitimate rationale for Zaun and Miller-Meeks to join a federal lawsuit" and that "the only apparent reason" was an attempt "to destroy diversity jurisdiction." Order Re: Motions to Remand and for Attorneys' Fees, ECF No. 65, at 9. This Court observed that Zaun and Miller-Meeks "could have sued Defendants in state court without fear of removal," *id*., just as they can try to pursue a case in state court even if Trump's case is dismissed with prejudice.[4] In short, the existence of their claims is simply irrelevant to this pending motion to dismiss, which pertains only to Trump.

---

[4] In denying remand, this Court noted the "risk of parallel lawsuits between state and federal court" but did not foresee any adverse impact, deeming it "unlikely any relief for Trump would be precluded by the absence of Zaun and Miller-Meeks." Remand Order, ECF No. 65, at 10. And the same is true for Zaun and Miller-Meeks—Trump's absence would not impair their ability to proceed in state court if they think they have a case.

The Eighth Circuit addressed and rejected a similar argument in *Donner*, 709 F.3d at 697–98, when it reversed the grant of dismissal under Rule 41(a)(2). It held that the plaintiff had failed to present a proper explanation to support its motion to dismiss where it sought to add a non-diverse defendant so that it could proceed in state court. *Id*. at 699. The court explained that some cases "necessarily require the district court to examine the merits of a plaintiff's proposed claims against a diversity-destroying defendant, because an attempt to advance a nonviable claim strongly suggests a party's motive in requesting a voluntary dismissal is merely to seek a more favorable forum." *Id*. *See also id.* at 697 ("Our own consideration of Donner's stated basis for the voluntary dismissal leads us to conclude the claim against Western Forms has no reasonable basis in law.").

The same logic applies here: Zaun's and Miller-Meeks' pending state claims provide no support for Trump's motion to dismiss without prejudice where those claims suffer from the same defects as in the federal case. *Id*. ("[T]he district court abused its discretion when it failed to consider whether Donner's purported claims against Western Forms had a reasonable basis in fact and law."). Just as the addition of Zaun's and Miller-Meeks' flimsy claims were insufficient to support remand, they cannot justify granting Trump's motion to dismiss without prejudice.

### d.   The *Pullman* doctrine does not support dismissal without prejudice

Finally, Plaintiff's argument for dismissal to allow the state court to resolve "novel issues of Iowa state law" provides no support for this Rule 41(a)(2) motion. Mot. at ¶¶ 10–12 (ECF No. 113). No doubt, President Trump's claims are "novel"—so much so that there is no law to support them, as Defendants repeatedly have shown. However, no amount of state court litigation can resolve the fundamental First Amendment question at the heart of this case.

Accordingly, Plaintiff cannot invoke the *Pullman* abstention doctrine in support of dismissal, as confirmed by the one case cited in the motion, *Burris v. Cobb*, 808 F.3d 386 (8th Cir.

2015) (citing *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941)). The court there *rejected* abstention because "there was no ambiguity and thus no unsettled question of state law. *Id.* at 388. The same is true here, but if any such "ambiguity" existed in Iowa consumer fraud law that would allow its application to publishing an election poll, it would only highlight the constitutional issue that must be resolved, not avoided. *See City of Houston v. Hill*, 482 U.S. 451, 467–68 (1987) (rejecting *Pullman* abstention); *Nat'l City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1126 (8th Cir. 1982) (same).

Ultimately, Plaintiff offers no plausible explanation to support voluntary dismissal without prejudice, and the transparency of his efforts to avoid an adverse decision and to forum shop counsels against granting the motion. *See*, *e.g.*, *Ackerman v. Iowa*, 2019 WL 12294352 *9–12 (S.D. Iowa 2019) (denying Rule 41(a)(2) motion). Contextual analysis requires the Court to consider whether Plaintiff's "stated purposes are even her true purposes." *Id.* at *11. And voluntary dismissal without prejudice should be denied where, as here, the asserted reasons "sail perilously close to—if not across—the line to admission that the purpose is simply the improper one of returning to a preferred state forum." *Id.*

### 2.    Dismissal without prejudice would waste judicial time and effort

Voluntary dismissal without prejudice also should be denied because it would squander the Court's time and effort. Plaintiff's suggestion to the contrary, that dismissal would somehow "conserve judicial resources," Mot. at ¶ 9 (ECF No. 113), is puzzling, to say the least. This case has been in active litigation for the better part of a year, and this docket contains well over a hundred entries. The merits (or lack thereof) of Plaintiff's claims have been briefed multiple times (*see* ECF Nos. 33, 35, 51, 52, 57, 61, 94, 95, 105, 107, 109, 112), and dispositive motions have been fully briefed. During this time, Plaintiff has engaged in repeated efforts to avoid or put off

any final judgment by an unsuccessful motion for remand, (ECF Nos. 30, 65), duplicative motions for a stay (ECF Nos. 66, 70, 83, 86), a failed effort to withdraw the amended complaint, (ECF Nos. 71, 78), an aborted appeal (ECF No. 81), a vain attempt to recall the mandate dismissing the appeal (ECF No. 87), and, most recently, a petition for writ of mandamus. Petition for Writ of Mandamus, *In re President Donald J. Trump*, No. 25-2603 (8th Cir. Aug. 13, 2025). This Court's disinclination to acquiesce in these tactics led Plaintiff to brand it a "hostile forum." *Id*. at 13.

At a minimum, this behavior lays bare Plaintiff's improper motive in seeking dismissal to avoid an adverse decision and to secure a preferred forum. *See Sorenson v. State*, 2024 WL 986928 *4 (D. Minn. 2024) (noting that "the caselaw provides that voluntary dismissal without prejudice should be denied where it appears to be undertaken for the purpose of avoiding an unfavorable decision") (applying *Thatcher*, 659 F.3d at 1214–15 and *Graham*, 998 F.3d at 805). The tortured litigation history of this case, along with the substantial work it has required of the advocates and this Court, strongly mitigates against dismissal without prejudice. "The time and effort invested by the parties, and the stage to which the case had progressed are the most important factors to consider when the court decides to grant a dismissal with conditions." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 516 (8th Cir. 2017) (citation omitted). "Granting Plaintiff's motion under the circumstances of this case would allow [him] to escape the consequences of [his] own litigation conduct." *Sorenson*, 2024 WL 986928 at *4.[5] More significantly, dismissing the case without prejudice when the case is ready for a decision on the merits "would lead to a waste of judicial resources." *See Cross v. City of Chillicothe*, 2022 WL 14678791 *2 (W.D. Mo. 2022); *Nagle Industries*, 173 F.R.D. at 450–51 (denying motion for voluntary dismissal based on claim of

---

[5] *See also Blaes*, 858 F.3d at 515; *Graham*, 998 F.3d at 805 (Plaintiff "could have sought certification for an interlocutory appeal of the remand denial but chose not to do so.").

judicial economy "when a dispositive motion is pending before the court"). *See also Sorenson*, 2024 WL 986928 *3 ("allowing a future suit over the same claims would waste the Court's resources and likely result in extensive motion practice"); *Hamm*, 187 F.3d at 951 (affirming district court's conclusion that "voluntary dismissal would waste the substantial efforts expended by the magistrate judge and the district court").

Plaintiff's bald assertion that discarding all the prior work on this case and forcing a state court judge to start from scratch would "conserve judicial resources," Mot. at ¶ 9, simply defies logic. Plaintiff cannot evade the consequences of his own litigation behavior, nor can he get a "do over" in another forum simply because he is disappointed with this Court's decisions thus far and would like to avoid an adverse decision. The *Hamm* factor requiring the Court to consider the impact on judicial resources strongly weighs against dismissal without prejudice. *Ackerman*, 2019 WL 12294352 at *12.

### 3.    Dismissal without prejudice would harm the Defendants

"Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal." *Adams*, 863 F.3d at 1079 (quoting *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993)). While the prospect of a second lawsuit on the same facts, standing alone, may not prejudice a defendant who is opposing voluntary dismissal, "the situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice." *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2d Cir. 1928) (Hand, J., concurring). *See also e.g.*, *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (denying motion to dismiss without prejudice where suit in new forum would deny statute of limitation defense).

Courts often deny Rule 41(a)(2) motions on this basis. *See*, *e.g.*, *Ackerman*, 2019 WL 12294352 at *12 (prejudice found based on plaintiff's "improper purpose in seeking dismissal to return to more favorable state forum"); *Cross*, 2022 WL 14678791 at *2 ("dismissal here would be prejudicial because it would rob Defendants of the purpose behind qualified immunity").

Dismissal of Plaintiff's complaint without prejudice would harm Defendants as a legal matter because it would forestall a decision on Defendants' motions to dismiss which have been fully briefed and are poised for a decision. It is no response to suggest that corresponding motions could simply be refiled in state court. Not only would this undo the substantial efforts already expended by the parties and this Court and add to delay which already has been substantial (largely because of Plaintiff's maneuvering), it would force an evaluation of any such motions under a different legal standard. The pending motions to dismiss would be evaluated under federal standards, which require dismissal if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and where Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for statutory fraud claims. *E-Shops Corp v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012). *See* ECF No. 90 at 4–5.

By contrast, motions to dismiss in state court would proceed under Iowa R. Civ. P. 1421(1)(f), under which "[n]early every case will survive a motion to dismiss under notice pleading." *U.S. Bank v. Barbour*, 770 N.W.2d 350, 353–54 (Iowa 2009) (citing *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) ("Under notice pleading, nearly every case will survive a motion to dismiss.")). Plaintiff has actively sought to ensure he obtains review under this more forgiving standard by filing his duplicate complaint in state court strategically timed to avoid operation of the Uniform Public Expression Protection Act, Iowa's new anti-SLAPP law, which

the Iowa legislature passed to require early dismissal of frivolous cases like this one. *See* ECF No. 72 at 4 & Exhibit C.[6] Granting Plaintiff's Rule 41(a)(2) motion without prejudice would reward such behavior and would harm Defendants. In these circumstances, the motion must be denied. *Graham*, 998 F.3d at 805 ("The only relief [plaintiff] seeks on appeal (other than remand) is the grant of voluntary dismissal without prejudice, reinforcing the inference that her motive is to avoid an adverse judgment in an unfavorable forum.").

### C.    Dismissal With Prejudice is Required in These Circumstances

Plaintiff was free to attempt to dismiss his claims at any point after the Defendants filed their answers, and certainly might have done so before the pending Rule 12(b)(6) motions were fully briefed. He chose not to do so, and instead filed the instant Rule 41(a)(2) motion only after being served with a potential motion for sanctions. Mot. at ¶ 1 (ECF No. 113). Plaintiff's characterization of the draft sanctions motion as an "invitation to President Trump to dismiss the instant action," *id*. at ¶ 13, ignores that the Selzer Defendants have warned him that his claims are frivolous and violate Rule 11 since **February 21**, *see* ECF Nos. 33, 35, and have repeated that caution at regular intervals throughout this case. *See e.g.,* ECF No. 57 at 7 (quoting Fed. R. Civ. P. 11(b)(2)); ECF Nos. 109 at 5–7; 112 at 5–6. His refusal to heed those warnings left Selzer Defendants no choice but to serve a draft Rule 11 motion. *See Caranchini*, 97 F.4th at 1103 ("Done any other way, the recipient would be left guessing the opponent's seriousness.") (cleaned up) (citation omitted). Service of that motion can hardly be characterized as an "invitation" to engage in forum shopping. The only invitation the Selzer Defendants have extended to the Plaintiff is to

---

[6] To be clear, Plaintiff's claims are barred by the First Amendment and therefore defective under any pleading standard.

dismiss his claims **with** prejudice. As the Selzer Defendants have repeatedly stated, these claims should never have been filed in the first place.

Rule 41(a)(2) "implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice." *Morrow v. United States*, 47 F.4th 700, 703–04 (8th Cir. 2022) (quoting *Graham*, 998 F.3d at 805 and *Jaramillo*, 59 F.3d at 79). A dismissal with prejudice "operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." *Jaramillo*, 59 F.3d at 79. And in a case like this, where the Plaintiff has satisfied none of the *Hamm* factors, dismissal must be with prejudice. *See Graham*, 998 F.3d at 805; *Hamm*, 187 F.3d at 950–51. *Cf. Thatcher*, 659 F.3d at 1215. However, there are various ways for the Court to achieve this result.

Defendants' dispositive Rule 12(b)(6) motions are pending and ready to be resolved. This Court should grant those motions and explain the legal basis for its ruling. A ruling on the merits would make Plaintiff's Rule 41(a)(2) motion superfluous. Accordingly, the Court could grant the Rule 12(b)(6) motions and either deny Plaintiff's motion as moot or because it lacks merit on its own. *See Morrow v. United States,* 2021 WL 4347682 *3–6 (N.D. Iowa) (granting defendant's motion for summary judgment while denying plaintiff's Rule 41(a)(2) motion), *aff'd*, *Morrow*, 47 F.4th at 704–05; *Sorenson*, 2024 WL 986928 *3–6 (same). Alternatively, the Court could grant Defendants' dispositive motions and also grant Plaintiff's motion on the condition that the dismissal is with prejudice. Any of these options would dispose of this case.

## CONCLUSION

For the foregoing reasons, this Court should rule on the pending Rule 12(b)(6) motions to dismiss this case and deny Plaintiff's Rule 41(a)(2) motion to dismiss. In the alternative, the Court should grant Plaintiff's Rule 41(a)(2) motion on the condition that dismissal is with prejudice.

Dated: October 14, 2025                    Respectfully Submitted,

                                           /s/ *Robert Corn-Revere*
                                           Robert Corn-Revere*†
                                              (D.C. Bar No. 375415)
                                           Conor T. Fitzpatrick*
                                              (Mich. Bar No. P78981)
                                           FOUNDATION FOR INDIVIDUAL
                                              RIGHTS AND EXPRESSION (FIRE)
                                           700 Pennsylvania Ave. SE, Suite 340
                                           Washington, DC 20003
                                           (215) 717-3473
                                           bob.corn-revere@thefire.org
                                           conor.fitzpatrick@thefire.org

                                           Greg Greubel
                                              (Iowa Bar No. AT0015474)
                                           Adam Steinbaugh*
                                              (Cal. Bar No. 304829)
                                           FOUNDATION FOR INDIVIDUAL
                                              RIGHTS AND EXPRESSION (FIRE)
                                           510 Walnut St., Suite 900
                                           Philadelphia, PA 19106
                                           (215) 717-3473
                                           greg.greubel@thefire.org
                                           adam@thefire.org

                                           Matthew A. McGuire
                                              (Iowa Bar No. AT0011932)
                                           NYEMASTER GOODE, P.C.
                                           700 Walnut St., Suite 1300
                                           Des Moines, IA 50309
                                           (515) 283-8014
                                           mmcguire@nyemaster.com

                                           *Attorneys for Defendants J. Ann Selzer and*
                                           *Selzer & Company*

                                           * *Admitted pro hac vice.*
                                           † *Lead counsel*

16

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system, with copies sent to the below-named individuals by electronic mail on October 14, 2025.

/s/ *Robert Corn-Revere*

Copy to:

EDWARD ANDREW PALTZIK
TAYLOR DYKEMA PLLC
914 E. 25th Street
Houston, TX 77009
edward@taylordykema.com

ALAN R. OSTERGREN
Attorney at Law
Alan R. Ostergren, PC
500 East Court Avenue Suite 420
Des Moines, Iowa 50309
(515) 297-0134
alan.ostergren@ostergrenlaw.com

*Attorneys for Plaintiff*