IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, <br><br> Plaintiff, <br><br> v. <br><br> J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC., <br><br> Defendants. | Case No. 4:24-cv-00449 <br><br> **PRESS DEFENDANTS DES MOINES REGISTER AND TRIBUNE COMPANY AND GANNETT CO., INC.'S RESISTANCE TO PLAINTIFF'S MOTION TO DISMISS** |

## I.    INTRODUCTION

Ever since Plaintiff President Trump first initiated this lawsuit in December 2024, Defendants Des Moines Register and Tribune Company and Gannett Co., Inc. (collectively, "Press Defendants") have been focused on two objectives: (1) defending Gannett's rightful removal of the case to this Court, and (2) seeking this Court's ruling on the merits of the pleaded claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In contrast, President Trump freely admits that "all [he] has tried to do for the last several months in this action" is get this lawsuit dismissed from this Court, allowing him to evade this Court's review and pursue identical claims in his preferred forum: Iowa's state courts. (ECF No. 113 ¶ 13.) President Trump's present Motion to Dismiss Without Prejudice (the "Motion") brought under Rule 41(a)(2) is one more tactic in service of that goal.

In this current iteration of President Trump's serial attempts to improperly evade this Court's jurisdiction, he offers a new purported justification: to seek safe harbor from a hypothetical sanctions motion threatened by Defendants J. Ann Selzer and Selzer & Company (collectively,

"Selzer Defendants"). But President Trump's open intent to immediately proceed to litigate identical claims against Press Defendants in state court makes clear that the true purpose of this Motion is to evade this Court's jurisdiction, not to nullify potential sanctions.

Notably, Press Defendants have not threatened any motion for sanctions. Therefore, to the extent President Trump's Motion is predicated upon the threat of sanctions, the Court should construe the Motion as a request to dismiss the claims stated against Selzer Defendants only. To hold otherwise would allow President Trump to leverage a separate dispute with *Selzer Defendants* to escape this Court's review of his claims against *Press Defendants*. To the extent the Court construes the Motion as a request to dismiss the claims against Press Defendants, the Court should analyze it under the usual Rule 41(a)(2) standard and deny the Motion.

## II.    ARGUMENT

Under Rule 41(a)(2), President Trump's request to dismiss his claims against Press Defendants should be denied outright. He presents no proper purpose for dismissal of the claims against Press Defendants. To the contrary, President Trump has been entirely open about his desire to dismiss for the purpose of evading this Court's rightful jurisdiction, which is a *per se* impermissible purpose. A dismissal of the claims against Press Defendants at this stage would waste judicial resources and substantially prejudice Press Defendants. Further, President Trump's invocation of the inapplicable *Pullman* abstention doctrine neither rescues his Motion nor supports his requested relief.

### A.    The Rule 41(a)(2) Factors Weigh Against Dismissal Without Prejudice

Rule 41(a)(2) provides that "[a]fter 'the opposing party serves either an answer or a motion for summary judgment . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (quoting Fed. R. Civ. P. 41(a)(1), (2)). The Eighth Circuit has clearly and

concisely articulated "[t]he factors a district court should consider when deciding whether to allow a voluntary dismissal" pursuant to Rule 41(a)(2). *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). Those factors are:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Id.* (quoting *Thatcher*, 659 F.3d at 1213–14); *see Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) ("[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."); *see also Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857 n.1 (8th Cir. 1975); *Int'l Shoe Co. v. Cool*, 154 F.2d 778, 780 (8th Cir. 1946). Put simply, district courts must balance the reason for a plaintiff's desired dismissal against both the prejudice it will cause the defendant and the inconvenience it will cause the court. In this case, a balancing of these factors weighs heavily against the requested dismissal and dispositively in favor of denying President Trump's Motion.

### 1.    President Trump Seeks a More Favorable Forum to Avoid an Anticipated Adverse Ruling on Press Defendants' Motion to Dismiss

The record substantiates President Trump's admission that his only goal since this lawsuit was properly removed to this Court has been to get it remanded or dismissed so he can instead proceed in Iowa state court. (*See* ECF No. 113 ¶ 13.) Key events throughout the procedural history of this case[1] demonstrate President Trump's true motive: to prevent or delay this Court's consideration of the merits of his pleading. President Trump challenged Gannett's removal of this

---

[1] Press Defendants provided a detailed recounting of the procedural history of this case in their Brief in Support of their Motion to Dismiss Revised Amended Complaint. (*See* ECF No. 92-1 at 8–13.) The only procedural developments since that time are President Trump's Petition for Writ of Mandamus filed in the Eight Circuit Court of Appeals on August 13, 2025—yet another attempt to extricate himself from this Court—and Defendants' Response thereto, filed on August 29, 2025. (*See In re Trump*, No. 25-2603 (8th Cir. 2025).) That Petition remains pending.

lawsuit following a failed attempt to add two non-diverse plaintiffs to evade this Court's diversity jurisdiction (ECF Nos. 23, 30, 65); he filed an improper Rule 41(a)(1)(A)(i) notice of dismissal that was stricken (ECF Nos. 71, 78); he filed two successive motions to stay in lieu of Court-ordered submissions, to avoid the presentation of an operative pleading to the Court (ECF Nos. 66, 83); and he has baselessly protested to the Eighth Circuit this Court's rulings in service of maintaining its rightful jurisdiction over this case, going so far as to accuse this Court of being a "hostile forum" (*see In re Trump*, No. 25-2603, Pet. for Writ of Mandamus at 13 (8th Cir. Aug. 13, 2025); *see also Trump v. Selzer*, No. 25-8003, Pet. for Permission to Appeal (8th Cir. June 2, 2025); *Trump*, No. 25-8003, Mot. to Recall Mandate and Modify Opinion).

The persistence with which President Trump has sought to undermine this Court's jurisdiction throughout these past nine months is consistent with a motivation to avoid at all costs what he expects will be an adverse ruling by this Court on Press Defendants' Motion to Dismiss.

President Trump's open forum shopping is impermissible under black letter Eighth Circuit law. *See e.g.*, *Donner*, 709 F.3d at 696–97. President Trump's claims to the contrary—including that he should be permitted to dismiss because "[i]t is not uncommon for plaintiffs to use voluntary dismissal to secure their preferred forum, such as when they seek to undo removal and return to state court"—are misplaced. (ECF No. 113 ¶ 8 (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016)).) The two cases upon which President Trump relies for his proposition—neither of which was decided in the Eighth Circuit—are inapplicable here because both cases concern voluntary dismissals under Rule 41(a)(1)(A)(i), which is not at issue in this Motion. *Cf. Bechuck*, 814 F.3d at 293 (discussing whether forum shopping is appropriate in the context of Rule 41(a)(1)); *Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997) (same). Neither case concerns Rule 41(a)(2), which *is* at issue in this Motion. President Trump has cited

no authority, from the Eighth Circuit or anywhere else, that even suggests let alone holds that forum shopping is a proper reason to seek a voluntary dismissal under Rule 41(a)(2).

President Trump's desire to evade this Court's rightful jurisdiction is the paradigmatic improper purpose for voluntary dismissal. *Hamm v*, 187 F.3d at 950; *Holmgren*, 516 F.2d at 857 n.1; *Int'l Shoe Co.*, 154 F.2d at 780. This alone weighs so heavily against dismissal as to warrant the denial of President Trump's Motion in full. The remaining factors only further underscore this conclusion.

### 2.    A Dismissal Without Prejudice Will Not Conserve Judicial Resources

President Trump claims that dismissal without prejudice would conserve judicial resources because litigation would be "piecemeal" if he proceeds in this Court while an Iowa state court considers the claims of Representative Miller-Meeks and Mr. Zaun, whom he tried—and failed—to add as plaintiffs in this case for the purpose of destroying this Court's diversity jurisdiction. (*See* ECF No. 113 ¶ 9; *see also* ECF Nos. 23, 30, 65.)

To the contrary, however, "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Courts will only elect to refrain from hearing a case properly before it in consideration of a parallel case pending in state court where there are "exceptional circumstances" and based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 813, 817. The avoidance of piecemeal litigation can rise to that level only in circumstances that "will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1333 (11th Cir. 2004); *see also Edge Inv., LLC v. Dist. of Columbia*, 927 F.3d 549, 556 (D.C. Cir. 2019) (same); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st

Cir. 1990) ("Duplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction.").

Nothing about this case suggests a risk of "abnormally excessive or deleterious" piecemeal litigation, nor does President Trump identify any such circumstance. The opposite is true: this Court's timely resolution of the case before it, including the substantial issues of federal constitutional law, are likely to inform the expedited resolution of any other collateral or copycat litigations, including the presently pending state court action of Rep. Miller-Meeks and Zaun. Conversely, if this Court were to allow President Trump to dismiss this case now, all the work that Press Defendants, this Court, and the Eighth Circuit have done to date will be wasted and reduced to mere surplusage. In contrast, if this Court denies President Trump's Motion and reaches the merits of Press Defendants' Motion to Dismiss, the Order on that motion may be referenced as instructive authority by the state court. This Court's retention of the case, therefore, is the most efficient and expeditious path, particularly in light of the ripeness of Press Defendants' currently pending Motion to Dismiss.

Accordingly, Plaintiff's assertion that the Court should dismiss the case to "conserve judicial resources" rings hollow, and the Court should reject Plaintiff's attempt to dismiss the case simply because a parallel state proceeding—that he himself filed in an attempt to undermine this Court's jurisdiction—is pending. (*See* ECF No. 113 ¶ 9.)

### 3. Press Defendants Will Be Substantially, Unfairly, and Irremediably Prejudiced If This Lawsuit Is Dismissed Without Prejudice

Press Defendants have expended significant time and resources developing the submission of this case to this Court, including Gannett's exercise of its right to remove the matter and Press Defendants' substantive motions submitted for this Court's consideration, *e.g.*, their currently pending Motion to Dismiss pursuant to Rule 12(b)(6). (*See e.g.*, ECF Nos. 91, 95, 112.) Press

Defendants have staunchly defended the rightful removal of this matter against attacks in this Court and before the Eighth Circuit and diligently maintained that this Court is the proper forum to hear this case under the law. (*See* ECF Nos. 48, 72; *Trump*, No. 25-8003, Mot. to Strike; *Trump*, No. 25-2603, Resp. to Pet. for Writ of Mandamus.)

On the other hand, Press Defendants have *not* been engaged in the referenced discussions between President Trump and Selzer Defendants regarding any hypothetical sanctions motion ostensibly giving rise to the present Motion. Accordingly, Press Defendants would unfairly suffer extreme prejudice through no fault of their own if President Trump were permitted to dismiss his claims against them without prejudice, which would simply allow him to proceed with the same claims against them in state court. Such a result would be entirely contrary to the balancing of the factors under Rule 41(a)(2).

President Trump's Motion should be denied in full. However, in recognition of the unique prejudice that would otherwise befall them if the Motion were granted, Press Defendants note that Rule 41(a)(2) permits dismissal of claims as to one party while reserving the claims of another. *See, e.g.*, *Env't Dynamics, Inc. v. Robert Tyer & Assocs., Inc.*, 929 F. Supp. 1212, 1226 (N.D. Iowa 1996); *Jackson v. Reid*, Civ. No. 16-2405, 2017 WL 9274891, at \*5 (D. Minn. Nov. 7, 2017*), report and recommendation adopted,* 2018 WL 550797 (D. Minn. Jan. 25, 2018), *aff'd*, 731 Fed. App'x 567 (8th Cir. 2018) (per curiam). Press Defendants have not threatened a sanctions motion, and there is therefore no reason to construe the present Motion to apply to the claims against Press Defendants nor to permit dismissal of those claims in service of a safe harbor against possible sanctions.

Under no circumstances, therefore, should this Motion be granted as against Press Defendants. Otherwise, President Trump would have misused Selzer Defendant's threat of a sanctions motion to achieve an otherwise impermissible dismissal against Press Defendants.

### B.    The *Pullman* Abstention Doctrine Has No Application to This Case

Finally, in his Motion, President Trump nominally asserts that the *Pullman* abstention doctrine *requires* this Court to decline to exercise jurisdiction because of the "novel issues of Iowa state law that are raised by this action." (ECF No. 113 ¶¶ 10–12.) But President Trump makes no attempt to articulate what those novel issues are. He instead relies on a generic and non-specific reference to the Iowa Consumer Fraud Act ("ICFA"). (*See id.* ¶ 11.) *Pullman* abstention simply does not apply here. There are no predicate novel questions of Iowa state law raised by this case.

"*Pullman* abstention is a limited exception to the virtually unflagging obligation that federal courts have to exercise their jurisdiction in proper cases." *Hunter v. Page Cnty.*, 102 F.4th 853, 873 (8th Cir. 2024). The doctrine applies only where there are "difficult and unsettled questions of state law [that] must be resolved before a substantial federal constitutional question can be decided." *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984). "The mere fact that state courts have not addressed a certain issue does not make an issue of state law unsettled" for purposes of *Pullman* abstention. *Heights Apartments, LLC v. Walz*, 510 F. Supp. 3d 789, 805 (D. Minn. 2020), *rev'd in part on other grounds*, 30 F.4th 720 (8th Cir. 2022); *see also Wisconsin v. Constantineau*, 400 U.S. 433, 439 (1971) ("[A]bstention should not be ordered merely to await an attempt to vindicate the claim in a state court.").

By pointing to ICFA's status as "an infrequently litigated statute," (*see* ECF No. 113 ¶ 11), Plaintiff appears to insinuate—but stops short of asserting—that *Pullman* abstention should apply merely because courts have not issued some undefined number of rulings on the statute or because there may be some provisions of the Act that courts have not yet had occasion to address. That is

a far cry from identifying a specific and "potentially controlling issue of state law," *see Burris v. Cobb*, 808 F.3d 386, 388 (8th Cir. 2015), much less one that is both unsettled and "must be resolved before a substantial federal constitutional question can be decided." *See Midkiff*, 467 U.S. at 236; *see also BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 (5th Cir. 1977) ("[M]ere absence of judicial interpretation does not necessarily render [a state law's] meaning unsettled or uncertain."). Unlike *Pullman* and its progeny, this case does not involve a constitutional challenge to a state statute that may be mooted or altered by a definitive state court ruling interpretating the law.

Even where a constitutional challenge to a state statute *has* been asserted, federal district courts hesitate to apply *Pullman* abstention where, as here, First Amendment rights are at stake because the guarantee of free expression is always an area of acute federal concern. *City of Houston v. Hill*, 482 U.S. 451, 467–48 (1987); *see also Sisney v. Kaemingk*, 15 F.4th 1181, 1189 n. 2 (8th Cir. 2021). Indeed, "in many cases, the delay that comes from abstention may itself chill the First Amendment rights at issue." *Porter v. Jones*, 319 F.3d 483, 492–93 (9th Cir. 2003). The *Pullman* abstention doctrine does not require this Court to decline jurisdiction over this case.

## III.   CONCLUSION

For the reasons stated herein, President Trump's Motion is merely an attempt to take advantage of Selzer Defendants' hypothetical future sanctions motion to gain an improper advantage that is otherwise antithetical to the factors and principles of Rule 41(a)(2). This Court should deny the Motion in full. In the alternative, this Court should deny the Motion as to the claims stated against Press Defendants, who are entirely uninvolved in the present sanctions dispute between President Trump and Selzer Defendants.

Dated: October 14, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
        *david.yoshimura@faegredrinker.com*

**ATTORNEYS FOR PRESS DEFENDANTS DES MOINES REGISTER AND TRIBUTE COMPANY AND GANNETT CO., INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 14, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all parties participating in the Court's electronic filing system.

*/s/ Paulette Ohnemus*