IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>Defendants. | Case 4:24-cv-00449-RGE-WPK<br><br>**REPLY TO RESISTANCES TO MOTION TO DISMISS** |

Plaintiff, President Donald J. Trump, submits this reply to the resistances (ECF 114 and 115) to his motion to dismiss. ECF 113.

President Trump filed state-law claims in state court because that is where they belong. After Defendants improperly took advantage of the loophole of "snap removal" to balkanize the litigation and box this case into federal court, President Trump has tried in earnest to return the case where it belongs: to Iowa state court together with identical state-law claims by Iowa citizens. The President's motion to voluntarily dismiss should be granted.

Defendants oppose, but none of their arguments move the dial, and their preferred approach would only further amplify the manifest risk of inconsistent judgments across the two cases. Defendants' path makes a mockery of judicial restraint: They demand that this Court hawkishly guard its jurisdiction, so that it can be the first to decide a weighty First Amendment question—all before the state court has even had an opportunity to opine on the scope of the consumer protection law at issue and in direct contravention of *Pullman* abstention. *R.R. Com. of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). They attempt to accuse the President of gamesmanship, even though they are

1

the ones who snap-removed this state law case, and they are the ones who have done everything to trap the plaintiff in the forum of their choosing.

But Defendants' own hyper-aggressive tactics have defeated them. Having exploited every procedural loophole to keep the case in federal court, they pressed so hard that they unraveled their own strategy. By serving a Rule 11 warning letter on President Trump's counsel, they have finally acquiesced through their litigation conduct to a dismissal without prejudice. It is past time to return this case to where it began – in state court. Bedrock principles of procedural fairness and judicial restraint demand no less.

Defendants act surprised that the threat of sanctions have resulted in the filing of a motion to dismiss this federal court litigation. Defendants J. Ann Selzer and Selzer & Company demanded that Plaintiff withdraw his lawsuit, or they would file a motion under Rule 11. Yet Rule 11(c)(2) contemplates exactly what has happened here. The Rule allows a party to defend the Rule 11 motion by withdrawing the claim for which sanctions are sought. Defendants cannot complain that Plaintiff seeks to do the very thing the rule they cited allows for.[1]

Both sets of Defendants take aim at President Trump's supposedly impermissible forum shopping as a reason to deny the instant motion. *See, e.g.*, ECF Nos. 114 at 10 ("[T]he transparency of [President Trump's] efforts to avoid an adverse decision and to forum shop counsels against granting the motion."), 115 at 4 ("President Trump's open forum shopping is impermissible under black letter Eighth Circuit law."). Defendants rely on *Hamm* v. *Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941 (8th Cir. 1999) for the proposition that dismissal is not permitted to "escape an adverse decision nor to seek a more favorable forum." ECF 114 at 2. Yet *Hamm* does not sweep to this extent. As later explained in *Tillman* v. *BNSF Railway Co.*, 33 F.4th 1024, 1029 (8th Cir. 2022),

---

[1] The Press Defendants argue that this Court should consider permitting voluntary dismissal without prejudice only as to the Selzer Defendants, claiming that such a result is available on a motion pursuant to Rule 41(a)(2). ECF No. 115 at 7. However, the cases they cite for that proposition are entirely inapposite, as in those cases the plaintiff affirmatively sought dismissal with respect to claims against specific defendants. *See, e.g.*, *Env't Dynamics, Inc. v. Robert Tyer & Assocs., Inc.*, 929 F. Supp. 1212, 1226 (N.D. Iowa 1996). They cite to no authority that a court should essentially bifurcate its decision based on which party threatened Rule 11 sanctions.

the Eighth Circuit "decline[d] to adopt a theory that would effectively preclude every motion to dismiss without prejudice."

While the motive for a voluntary dismissal must be accompanied by a "proper explanation," *Tillman* teaches that using the term "forum shopping" as a pejorative "is deceptive at best." *Id.* "Tillman began the suit in state court rather than federal court, exercising a plaintiff's time-honored right to choose when more than one forum has jurisdiction over his claims." *Id.* The defendants then removed the case to federal court, "exercising a limited statutory right of 'forum shopping' first granted in § 12 of the Judiciary Act of 1789." *Id.* After additional state court lawsuits involving the same car/train fatal accident were filed, Tillman sought "to return the case to his original chosen forum in a form that will avoid removal. So who is the forum shopper?[2] This issue should be decided on the merits, not by name-calling." *Id.*

Just so. President Trump, like Tillman, simply must "give a reason other than merely to seek a more favorable forum." *Id.* That analysis takes place within the context of a court's consideration of the Hamm factors, namely (1) "whether the party has presented a proper explanation for its desire to dismiss," (2) whether the dismissal "would result in a waste of judicial time and effort," and (3) "whether a dismissal will prejudice the defendants," *Hamm*, 187 F.3d at 950. All these factors are present and were addressed in President Trump's moving brief. The *Tillman* Court approved of the plaintiff's desire to pursue the litigation with all parties in state court "to avoid multiplicitous litigation and the risk of inconsistent verdicts—consistent with an important *Hamm* factor—whether dismissal 'would result in a waste of judicial time and effort.'" *Tillman*, 33 F.4th at 1028. If a plaintiff can explain his desire for dismissal as more than simply a desire to continue his case in a more favorable forum, *Tillman* permits the plaintiff's choice. Here, litigation will continue against these Defendants in state court regardless, and there is a real risk

---

[2] Of course, snap removal, the mechanic by which Defendant Gannett Co., Inc. removed this action to this Court, has been identified by its critics as a mechanism by which a defendant engages in forum shopping. *See, e.g.*, *Spreitzer Props., LLC v. Travelers Corp.*, 599 F. Supp. 3d 774, 782–83 (N.D. Iowa 2022) ("Those courts finding snap removal improper point out that the technique smacks of forum shopping by a defendant, or gamesmanship by defendants.") (quotation marks, citations, and brackets omitted).

of inconsistent verdicts and rulings on identical issues of law if President Trump is not permitted to litigate alongside Representative Mariannette Miller-Meeks and Former State Senator Bradley Zaun. *Tillman* teaches that it is a proper reason to seek voluntary dismissal to allow all the relevant plaintiffs to pursue litigation in state court. That is what is sought here.

Defendants also misrepresent the Eighth Circuit's exhortation not to allow a plaintiff to "dismiss merely to escape an adverse decision." *Hamm*, 187 F.3d at 950. Defendants argue that the instant motion runs afoul of this rule because this motion is supposedly intended "to avoid at all costs what [Plaintiff] expects will be an adverse ruling by this Court." ECF No. 115 at 4. But the two cases *Hamm* cites for that proposition, *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856 (8th Cir. 1975), and *International Shoe Co. v. Cool*, 154 F.2d 778 (8th Cir.), *cert. denied*, 329 U.S. 726 (1946), make clear that *Hamm*'s concern was with a plaintiff seeking to avoid an already issued adverse decision which governs as law of the case. In *Holmgren* the plaintiff sought to avoid an adverse decision regarding the unavailability of a strict liability standard in the jurisdiction being litigated in. *Holmgren*, 516 F.2d at 857 n.1. In *International Shoe,* the Court already announced it would be entering a directed verdict for the defendant after the plaintiff rested at trial. 154 F.2d at 780. In contrast, there is no adverse decision for President Trump to avoid in this case because there have been no substantive decisions regarding the merits of this action.

Finally, *Pullman* abstention is warranted and applies here. *Pullman Co.*, 312 U.S. 496. Defendants argue there is no ambiguity regarding state law that must be considered by the Iowa state courts, ECF No. 114 at 15, 115 at 8–9, but no less than the Office of the Iowa Attorney General disagrees. As this Court recognized, there has been "filed a state court action in the Iowa District Court on behalf of a putative class of subscribers to the Des Moines Register with the same nucleus of operative facts of this case regarding the Selzer poll." ECF No. 62 at 1. Importantly, Iowa Code § 714H.7 requires the Office of the Attorney General of Iowa to approve all consumer fraud class actions. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 599 (E.D. Mich. 2018) ("Iowa imposes a gate-keeping requirement on the certification of consumer class actions and requires a certification by the state's attorney general that the case is not frivolous.").

Thus, as a condition precedent to that class action's existence, the Office of the Attorney General of Iowa confirmed that the theory pursued in that action was not frivolous. Thus, whether the Iowa Consumer Fraud Act can cover the conduct at issue related to the Selzer Poll is a "potentially controlling issue of state law," *Burris v. Cobb*, 808 F.3d 386, 388 (8th Cir. 2015), which "must be resolved before a substantial federal constitutional question can be decided," *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984).

Defendants essentially concede the applicability of *Pullman* abstention in noting "if any such 'ambiguity' existed in Iowa consumer fraud law that would allow its application to publishing an election poll, it would only highlight the constitutional issue that must be resolved, not avoided." ECF No. 114 at 15. This analysis is backwards; *Pullman* abstention is warranted where the determination of state law can negate the need for an unnecessary constitutional ruling. To invite this Court to make just such an unnecessary ruling is the very scenario which *Pullman* abstention is meant to avoid.

Defendants' opposition to the motion to dismiss without prejudice is without merit. The motion should be granted.

Date: October 21, 2025                                                          Respectfully submitted,

                                                                                **TAYLOR DYKEMA, PLLC**

                                                                                /s/ Edward Andrew Paltzik
                                                                                EDWARD ANDREW PALTZIK
                                                                                925 E. 25th St.
                                                                                Houston, TX 77009 (516) 526-0341
                                                                                edward@taylordykema.com *(admitted pro hac vice)*

**ALAN R. OSTERGREN, PC**

/s/ Alan R. Ostergren
ALAN R. OSTERGREN
500 East Court Avenue
Suite 420
Des Moines, Iowa 50309  (515) 297-0134
alan.ostergren@ostergrenlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the **REPLY TO RESISTANCES TO MOTION TO DISMISS** was served upon all parties through the court's CM/ECF electronic filing system on October 21, 2025.

/s/ Alan R. Ostergren